1   Enu Mainigi (*Pro Hac Vice*)
    Luba Shur (*Pro Hac Vice*)
2   Grant A. Geyerman (*Pro Hac Vice*)
    WILLIAMS & CONNOLLY LLP
3   725 Twelfth Street, N.W.
    Washington, DC 20005
4   Telephone: (202) 434-5000
    Facsimile: (202) 434-5029
5
    Edward W. Swanson (State Bar No. 159859)
6   August Gugelmann (State Bar No. 240544)
    SWANSON & McNAMARA LLP
7   300 Montgomery Street, Suite 1100
    San Francisco, CA 94104
8   Telephone: (415) 477-3800
    Facsimile: (415) 477-9010
9
    Attorneys for CVS Health Corporation
10

11

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                            OAKLAND DIVISION

15

16   CHRISTOPHER CORCORAN, et al.,            No. 15-CV-03504-YGR

17                           Plaintiffs,      CLASS ACTION

18             v.                             **DEFENDANT CVS HEALTH
                                              CORPORATION'S NOTICE OF MOTION
19   CVS HEALTH CORPORATION and               AND MOTION TO DISMISS;
     CVS PHARMACY, INC.,                      MEMORANDUM OF POINTS AND
20                                            AUTHORITIES IN SUPPORT THEREOF**
                             Defendants.
21                                            Date: March 1, 2016
                                              Time: 2:00pm
22                                            Courtroom: 1
                                              Judge: Honorable Yvonne Gonzalez Rogers
23

24

25

26

27

28

1 <u>**NOTICE OF MOTION AND MOTION**</u>

2 **TO:     THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

3 PLEASE TAKE NOTICE that on March 1, 2016, at 2:00 p.m., or as soon thereafter as

4 this matter may be heard, in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street,

5 Oakland, California, Defendant CVS Health Corporation ("CVS Health") will and hereby does

6 move the Court for an order dismissing Plaintiffs' Second Amended Complaint ("SAC") and

7 each claim therein without leave to amend.

8 This Motion is made pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1),

9 12(b)(2), and (12)(b)(6) on the grounds that:

10 (a)     the Court lacks personal jurisdiction over CVS Health, a holding company,

11 because (1) CVS Health does not have the continuous and systematic contacts with California

12 that would create general jurisdiction, (2) CVS Health did not "purposefully avail" itself of the

13 privilege of conducting business in California because it played no part in Plaintiffs' prescription

14 purchases that allegedly occurred in California, and (3) CVS Health's alleged relationship with

15 CVS Pharmacy, Inc. does not create personal jurisdiction.

16 (b)     the SAC fails to state a claim against CVS Health because (1) CVS Health had no

17 involvement in any of the conduct alleged in the SAC; (2) the SAC fails to plead Plaintiffs'

18 claims with the particularity required by Federal Rule of Civil Procedure 9(b); (3) the SAC fails

19 to state a plausible claim for relief under Federal Rule of Civil Procedure 8; (4) Plaintiffs' fraud,

20 constructive fraud, and negligent misrepresentation claims are barred by legal principles

21 distinguishing between contract claims and torts, including the Economic Loss Doctrine; (5) the

22 SAC fails to state a claim for fraud or negligent misrepresentation because CVS Health did not

23 communicate its usual and customary prices to Plaintiffs;  (6) the SAC fails to state a claim for

24 constructive fraud because CVS Health had no fiduciary, confidential, or special relationship

25 with Plaintiffs; (7) the SAC's unjust enrichment claim is duplicative; and (8) the SAC fails to

26 state a claim under any of the cited consumer protection statutes.

27 CVS Health's Motion is based upon this Notice, the accompanying Memorandum of

28 Points and Authorities, the Request for Judicial Notice, the Declaration of Thomas S. Moffatt,

1   any reply memorandum, the pleadings and files in this action, and such other matters as may be

2   presented at or before the hearing.

3   Dated: December 4, 2015          Respectfully submitted,

4                           By: s/ Grant A. Geyerman
                              Enu Mainigi (*Pro Hac Vice*)

5                           Luba Shur (*Pro Hac Vice*)

6                           Grant A. Geyerman (*Pro Hac Vice*)
                           WILLIAMS & CONNOLLY LLP

7

8                           Edward W. Swanson (State Bar No. 159859)
                           August Gugelmann (State Bar No. 240544)

9                           SWANSON & McNAMARA LLP

10                         Attorneys for CVS Health Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2
TABLE OF AUTHORITIES ........................................................................................ iv

3
STATEMENT OF ISSUES TO BE DECIDED ........................................................ vi

4
ARGUMENT .................................................................................................................. 1

5
I.      THE COURT LACKS PERSONAL JURISDICTION OVER CVS HEALTH.................. 1
        A.      CVS Health Is Not Subject To General Jurisdiction In California. ........................ 3
6
        B.      CVS Health Is Not Subject To Specific Jurisdiction In California. ....................... 5
        C.      CVS Health's Alleged Relationship With CVS Pharmacy Does Not Create
7               Personal Jurisdiction Over CVS Health .................................................................. 5

8
II.     THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM
        AGAINST CVS HEALTH. ................................................................................................. 8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CVS HEALTH CORPORATION'S NOT. OF MOT.
AND MOT. TO DISMISS; MEM. IN SUPPORT
15-CV-03504-YGR

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................................8

*Callum v. CVS Health Corp.*, --- F. Supp. 3d ---, 2015 WL 5782077 (D.S.C. Sept. 29, 2015) ......................................................................................................................4, 5

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ..........................................................3, 4, 7

*Gingras v. County of Sacramento*, 2013 WL 2285188 (N.D. Cal. May 23, 2013) (Gonzalez Rogers, J.) ........................................................................................................2, 3

*Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945) .....................................................................................................................2

*Ivy Bridge Univ., LLC v. Higher Learning Comm'n*, 2015 WL 6555428 (N.D. Cal. Oct. 28, 2015) ........................................................................................................2, 5

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, 2015 WL 4755335 (N.D. Cal. Aug. 11, 2015) ..................................................................................................7

*Marsh v. Zaazoom Sols., LLC*, 2012 WL 952226 (N.D. Cal. Mar. 20, 2012) (Gonzalez Rogers, J.) ...........................................................................................................6

*Mitsui Sumitomo Ins. USA, Inc. v. Kyocera Mita Corp.*, 2015 WL 5842324 (C.D. Cal. Oct. 6, 2015) .......................................................................................................6

*NobelBiz, Inc. v. Veracity Networks, LLC*, 2013 WL 5425101 (N.D. Cal. Sept. 27, 2013) (Gonzalez Rogers, J.) ................................................................................................2

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) ...............................................................3, 5

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ....................................................2, 5, 7

*Sams v. Yahoo! Inc.*, 713 F.3d 1175 (9th Cir. 2013) ..........................................................4

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ....................3, 5

*Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938 (N.D. Cal. 2015) .........2, 3

*United States v. Bestfoods*, 524 U.S. 51 (1998) ...............................................................8

## RULES AND CODE PROVISION

Federal Rules of Civil Procedure 8 ..................................................................................1, 8

Federal Rules of Civil Procedure 9(b) .............................................................................1, 8

Federal Rules of Civil Procedure 12(b)(1).......................................................................1, 8

Federal Rule of Civil Procedure 12(b)(2) ........................................................................1, 2

Federal Rules of Civil Procedure 12(b)(6).......................................................................1, 8

1

Cal. Civ. Proc. Code § 410.10 ......................................................................................2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CVS HEALTH CORPORATION'S NOT. OF MOT.
AND MOT. TO DISMISS; MEM. IN SUPPORT
15-CV-03504-YGR

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      1.  Does the Court have personal jurisdiction over CVS Health Corporation ("CVS Health")?

3      2.  Does the SAC fail to state a claim against CVS Health because CVS Health had no direct

4          involvement in any of the conduct alleged in the SAC?

5      3.  Have Plaintiffs failed to allege with particularity CVS Health's alleged fraudulent

6          misrepresentations and how those misrepresentations supposedly caused Plaintiffs'

7          injuries, as required by Federal Rule of Civil Procedure 9(b)?

8      4.  Have Plaintiffs failed to plausibly allege that:

9          **a.**  CVS Health intended to deceive Plaintiffs or their third-party payors;

10         **b.**  the HSP program itself was deceptive; or

11         **c.**  CVS Health's alleged misrepresentation was material to Plaintiffs' purchasing

12             decisions?

13     5.  Are Plaintiffs' allegations of fraud, constructive fraud, and negligent misrepresentation

14         actually disguised breach of contract claims, such that they are barred by principles

15         distinguishing contract violations from torts?

16     6.  Does the SAC fail to state a claim for fraud or negligent misrepresentation because CVS

17         Health did not communicate its alleged misrepresentations to Plaintiffs?

18     7.  Does the SAC fail to state a claim for negligent misrepresentation because Plaintiffs are

19         not within the "limited group of persons" who received the allegedly false usual and

20         customary ("U&C") prices?

21     8.  Did CVS Health have a fiduciary, confidential, or special relationship with Plaintiffs, as

22         required to state a claim for constructive fraud?

23     9.  Does the SAC fail to state a claim for unjust enrichment because it is duplicative of

24         Plaintiffs' other claims?

25     10. Do Plaintiffs lack standing under Article III of the Constitution to bring a claim under the

26         Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1 *et seq.*?

27     11. Does the SAC fail to state a claim under the California Legal Remedies Act, Cal. Civ.

28         Code § 1750 *et seq.*, because Plaintiffs fail to allege that CVS Health committed one of

the 26 unlawful practices enumerated in the statute?

12. Does the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-399, permit Plaintiffs to bring a class action against CVS Health?

13. Does Plaintiff Carolyn Caine fail to state a claim under the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390 *et seq.* because she failed to (1) comply with the statutory notice requirements, or (2) allege she exercised due diligence to discover the alleged falsity of CVS Health's U&C prices?

14. Does the SAC fail to state a claim under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et seq.*, because Plaintiffs fail to allege that CVS Health committed any of the practices "specifically enumerated" in Tex. Bus. & Com. Code § 17.46(b) or any "unconscionable action or course of action," *id.* § 17.50(a)(1)?

15. Does the SAC fail to state a class action claim under the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01 *et seq.*, because Plaintiffs fail to allege CVS Health was on notice that its conduct was deceptive or unconscionable at the time it committed the alleged acts?

16. Does the SAC fail to allege "deceptive" or "unfair" conduct by CVS Health, as required to state a claim under the Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. § 44-1521 *et seq.*; California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. §28-3901 *et seq.*; Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 *et seq.*; Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann., ch. 93A; New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8 *et seq.*; New York Consumer Protection Law, N.Y. Gen. Bus. Law § 349 *et seq.*; Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01 et seq.; Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq.*; and Rhode Island Deceptive Trade Practices Act, 6 R.I. Gen. Laws § 13.1-1 *et seq.*?

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant CVS Health Corporation ("CVS Health"), a holding company and the parent of Defendant CVS Pharmacy, Inc. ("CVS Pharmacy"), moves separately to dismiss with prejudice all claims against it under (1) Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over CVS Health in California and (2) Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6) because Plaintiffs have failed to allege facts sufficient to state a claim against CVS Health.

The Second Amended Complaint ("SAC") pleads no independent conduct by CVS Health, which is merely a holding company with limited business operations.  Plaintiffs seek to mask this deficiency by lumping together CVS Health and CVS Pharmacy as though they were a single entity, conclusorily claiming that "CVS" defrauded them by not reporting to their health insurers CVS Pharmacy's Health Savings Plan ("HSP") price as its usual and customary ("U&C") price, which allegedly resulted in Plaintiffs paying higher copayments on certain medicines. SAC ¶¶ 52–81 (Nov. 3, 2015) [Dkt. No. 49].[1]  As a result, the SAC fails to plead any facts showing a connection between CVS Health and California that would allow this Court to exercise personal jurisdiction over CVS Health; this is with good reason, since there is no such connection.  The SAC should be dismissed with prejudice for that reason.  The SAC should also be dismissed with prejudice for failure to state a claim.

## ARGUMENT

## I.   THE COURT LACKS PERSONAL JURISDICTION OVER CVS HEALTH.

The Court should dismiss all claims against CVS Health under Rule 12(b)(2) because CVS Health has no connection to California.  CVS Health is not incorporated or headquartered in California; it has no operations there; it has no assets, income, employees, offices, or facilities there; it did not engage in any of the conduct Plaintiffs allege occurred in California; and it does not direct, manage, or supervise its subsidiaries' (alleged) conduct there.  *See generally*

---

[1] A more detailed factual discussion appears in CVS Pharmacy's memorandum of points and authorities in support of its motion to dismiss, which CVS Health incorporates herein.

Declaration of Thomas S. Moffatt ("Moffatt Decl.") ¶ 5 (attached as Ex. 1).[2]  Plaintiffs do not allege any facts that would show otherwise:  Other than conclusory allegations of inter-corporate "agency," the SAC resorts to conflating CVS Health and CVS Pharmacy into one entity, "CVS." *See* SAC ¶¶ 37, 38.  For example, Plaintiffs allege, in group-pleading fashion, that the "Court has jurisdiction over *CVS* because *CVS* intentionally avails itself of the California consumer market through the promotion, sale, marketing, and distribution of their products to California residents. . . .  Moreover, *CVS*'s wrongful conduct, as described herein, foreseeably affects consumers in California and nationwide." *Id.* ¶ 41 (emphases added).  These allegations do not distinguish between CVS Health and CVS Pharmacy, and as to CVS Health, they are untrue.  They do not come close to meeting Plaintiffs' burden to show personal jurisdiction.

On a personal jurisdiction motion, the court resolves disputed facts in favor of the plaintiff, but "the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 949 (N.D. Cal. 2015).  The plaintiff's burden is to establish that the defendant had a threshold level of "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quotations omitted); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).[3]  To make this showing, Plaintiffs must demonstrate that CVS Health is subject to either general or specific jurisdiction in California. *See NobelBiz, Inc. v. Veracity Networks, LLC*, 2013 WL 5425101, at *1 (N.D. Cal. Sept. 27,

---

[2] The Court may consider Mr. Moffatt's declaration in connection with CVS Health's request for dismissal pursuant to Rule 12(b)(2).  *See, e.g.*, *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 949 (N.D. Cal. 2015).

[3] Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the Court sits applies.  *See Ivy Bridge Univ., LLC v. Higher Learning Comm'n*, 2015 WL 6555428, at *2 (N.D. Cal. Oct. 28, 2015).  California's long-arm statute, Cal. Civ. Proc. Code § 410.10, has been interpreted to reach as broadly as the Due Process Clause allows. *See, e.g.*, *Gingras v. County of Sacramento*, 2013 WL 2285188, at *1 n.3 (N.D. Cal. May 23, 2013) (Gonzalez Rogers, J.).  Thus, the inquiry here is whether the exercise of personal jurisdiction over CVS Health is consistent with federal constitutional constraints.  *Id.*

CVS HEALTH CORPORATION'S NOT. OF MOT.
AND MOT. TO DISMISS; MEM. IN SUPPORT
15-CV-03504-YGR

2013) (Gonzalez Rogers, J.).  General jurisdiction exists when a defendant's contacts with the forum are "continuous and systematic" such that the defendant is "essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quotations omitted).  Specific jurisdiction exists when:

> (1) The non-resident defendant . . . purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim . . . ar[o]se[] out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction . . . comport[s] with fair play and substantial justice, i.e.[,] it . . . [is] reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quotations omitted); *accord Picot v. Weston*, 780 F.3d 1206, 1211–12 (9th Cir. 2015).  Plaintiffs bear the burden of establishing the first two criteria and, if they do so, the burden shifts to the defendant to make a compelling showing that the exercise of jurisdiction would be unreasonable. *Schwarzenegger,* 374 F.3d at 802.[4]

The SAC does not specify whether Plaintiffs seek to establish personal jurisdiction over CVS Health based on general or specific jurisdiction.  Neither jurisdictional basis applies.

### A.    CVS Health Is Not Subject To General Jurisdiction In California.

CVS Health does not have "continuous and systematic" contacts with California that would justify asserting general jurisdiction.  CVS Health is organized under the laws of Delaware and has its principal place of business in Rhode Island.  SAC ¶ 37; *see* Moffatt Decl. ¶ 5.  CVS Health is merely a holding company that issues stock and files reports with the

---

[4] A court may rule on the issue of personal jurisdiction by relying on declarations and other evidence without holding an evidentiary hearing.  *Stewart*, 81 F. Supp. 2d at 949.  Where the court decides the matter without an evidentiary hearing, the plaintiff must only establish a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss, *id.*, but the plaintiff may not simply rest on the "bare allegations of [the] complaint," *Schwarzenegger*, 374 F.3d at 800 (quotations omitted).

Securities and Exchange Commission ("SEC"); it has no operations unrelated to its functions as a holding company. Moffatt Decl. ¶ 4.[5] CVS Health has no assets, income, employees, facilities, or offices in California, and none of its limited business functions occur there. Moffatt Decl. ¶¶ 5–6. CVS Health is not authorized to do business in California, does not have a registered agent for service of process there, and is not regulated by any California state agency. Moffatt Decl. ¶ 5.

Considering these same facts about CVS Health, a district court in South Carolina (citing *Daimler AG*) held in September 2015 that CVS Health is not subject to general jurisdiction in that State. *See Callum v. CVS Health Corp.*, --- F. Supp. 3d ---, 2015 WL 5782077, at *9 (D.S.C. Sept. 29, 2015) ("[Mr.] Moffatt's affidavit establishes CVS Health is a holding company incorporated in Delaware with its principal place of business in Rhode Island. Plaintiff has not offered sufficient evidence showing CVS Health has an enduring relationship with South Carolina, as indicated by contacts that are substantial, continuous and systematic, so as to render it essentially at home in this forum [as required to establish general jurisdiction]."). The South Carolina court's ruling is unimpeachable as an application of settled law to these facts. *See Daimler AG*, 134 S. Ct. at 760–61 (holding that a corporation's "place of incorporation and principal place of business are paradigm bases for general jurisdiction," and corporation must be "essentially at home in the forum State" for general jurisdiction to apply (alterations and

---

[5] Quoting an Investor Report in an attempt to bolster their claims against CVS Health, Plaintiffs allege that "CVS describes itself as a 'pharmacy innovation company' with 'an unmatched suite of capabilities and . . . expertise,' and 'the only integrated pharmacy health care company with the ability to impact consumers, payors, and providers with innovative, channel-agnostic solutions.'" SAC ¶ 37. The Investor Report specifically defines "CVS Health" to include "CVS Health Corporation, together with its subsidiaries." CVS Health, 2014 Annual Report at 22, http://investors.cvshealth.com/~/media/Files/C/CVS-IR-v3/reports/cvs-ar-2014.pdf. Thus, the language on which Plaintiffs rely cannot be used to describe the acts of *CVS Health*, the entity sued here. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (appropriate to consider contents of documents cited in pleadings on motion to dismiss). CVS asks the Court to take judicial notice of the Investor Report attached as Exhibit 1 to the accompanying Declaration of Grant A. Geyerman, an attachment to the Request for Judicial Notice CVS Health and CVS Pharmacy are filing. *See* Fed. R. Evid. 201; *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014).

1   quotations omitted)); *accord Ranza*, 793 F.3d at 1069–70 (no general jurisdiction over company

2   incorporated and headquartered outside of forum; "[o]nly in an 'exceptional case' will general

3   jurisdiction be available anywhere else" (citations and quotations omitted)); *Ivy Bridge Univ.,*

4   *LLC v. Higher Learning Comm'n*, 2015 WL 6555428, at *3 (N.D. Cal. Oct. 28, 2015) ("standard

5   for establishing general jurisdiction outside of a defendant corporation's place of incorporation

6   or principal place of business is 'fairly high . . . and requires that the defendant's contacts be of

7   the sort that approximate physical presence"; no general jurisdiction in California where entity

8   has no offices or staff in California, is not registered to do business, has no registered agent, is

9   not regulated by state agencies, and does not conduct corporate affairs (alteration in original)

10  (citation omitted)).

11       **B.    CVS Health Is Not Subject To Specific Jurisdiction In California.**

12       There is also no basis for finding specific jurisdiction over CVS Health because CVS

13  Health took no action in California concerning the allegations in this case.  CVS Health has no

14  operations unrelated to its limited functions as a holding company (*e.g.*, issuing stock and filing

15  SEC reports), and, as such, CVS Health did not have any part in the prescription purchases

16  Plaintiffs allege occurred in California.  Moffatt Decl. ¶¶ 4–6.  Accordingly, CVS Health has not

17  "purposefully avail[ed]" itself "of the privilege of conducting activities" in California, and

18  Plaintiffs' claims do not "aris[e] out of or relate[] to" any of CVS Health's (nonexistent) forum-

19  related activities.  *Schwarzenegger*, 374 F.3d at 802; *accord Picot*, 780 F.3d at 1211–12; *see*

20  *Callum*, 2015 WL 5782077, at *9 (holding that CVS Health was not subject to specific

21  jurisdiction given the plaintiff's failure to identify sufficient contacts with South Carolina).

22       **C.    CVS Health's Alleged Relationship With CVS Pharmacy Does Not Create
              Personal Jurisdiction Over CVS Health.**

23

24       Nor can Plaintiffs manufacture jurisdiction based on CVS Health's status as a parent of

25  CVS Pharmacy.  The law is well-established that a corporation's mere ownership of a subsidiary

26  allegedly subject to personal jurisdiction in the forum is not sufficient to create personal

27  jurisdiction over the parent.  *See, e.g.*, *Ranza*, 793 F.3d at 1070 ("The existence of a parent-

28  subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a

forum state to another for the purpose of establishing personal jurisdiction."); *Mitsui Sumitomo Ins. USA, Inc. v. Kyocera Mita Corp.*, 2015 WL 5842324, at *2–4 (C.D. Cal. Oct. 6, 2015) (sales of product insufficient to establish specific jurisdiction and "bare fact that a nonresident parent corporation owns a subsidiary incorporated within the forum state cannot establish personal jurisdiction over the parent corporation" (citation omitted)); *Marsh v. Zaazoom Sols., LLC*, 2012 WL 952226, at *9 (N.D. Cal. Mar. 20, 2012) (Gonzalez Rogers, J.) (quoting with approval case holding that "'mere ownership of a subsidiary does not subject a non-resident parent company to personal jurisdiction based on the subsidiary's forum contacts; a separate purposeful availment analysis must be performed'" (citation omitted)).

Attempting to wedge themselves into the narrow circumstances under which a subsidiary's conduct is attributed to a parent for personal jurisdiction purposes, Plaintiffs allege that CVS Pharmacy is a "reporting division" of CVS Health, and "CVS Health . . . , through its integrated corporate structure, has . . . overseen the day-to-day operations of CVS Pharmacy . . . , with respect to the implementation of the . . . conduct described [in the SAC], such that CVS Pharmacy . . . may be deemed the agent of CVS Health . . . and . . . may be held liable for the wrongful conduct alleged [in the SAC]." SAC ¶ 38. They allege "CVS Pharmacy . . . performed . . . the prescription generic drug pricing policies and wrongful conducted [sic] described [in the SAC] that are compatible with, and that assist[ed] CVS Health[]'s business." SAC ¶ 38. With respect to CVS Health specifically, these are the only applicable allegations Plaintiffs make. There are several fatal problems with these threadbare allegations.

The first problem is the allegations are inaccurate. CVS Health does not direct, manage, or supervise the operations of CVS Pharmacy, CVS Pharmacy's retail stores, or the retail stores of further subsidiaries of CVS Pharmacy, with respect to the conduct Plaintiffs allege (or otherwise). Moffatt Decl. ¶ 6. Nor is CVS Pharmacy a "reporting division" of CVS Health; it is a separate corporation (which is not incorporated or headquartered in California). Moffatt Decl. ¶ 7. CVS Pharmacy has its own articles of incorporation and by-laws; maintains its own corporate records, bank accounts, payroll, and financial plans; where applicable, files its own federal, state, and local tax returns; funds its own operations; bears responsibility for its own

1    debts; and has its own employees and its own senior management, as well as its own board of

2    directors, who meet separately from the board of directors of CVS Health.  Moffatt Decl. ¶ 7.

3         The second problem is that, insofar as inter-corporate "agency" can ever be a basis for

4    personal jurisdiction after the Supreme Court's decision in *Daimler AG* (it cannot[6]), Plaintiffs'

5    allegations would not suffice to establish an agency relationship for that purpose.  As the court

6    recognized in *Los Gatos Mercantile*, even under pre-*Daimler* law a plaintiff would have to

7    establish "parental control of the subsidiary's internal affairs or daily operations."  2015 WL

8    4755335, at *5–6 (quotations omitted).  Plaintiffs in *Los Gatos Mercantile, Inc.* failed to satisfy

9    that standard where they asserted that:  the parent had a "direct and controlling ownership" in the

10   subsidiary; the subsidiary was "the primary U.S. importer and distributor of [the parent's]

11   products"; the parent "exercise[d] . . . control over [the subsidiary's] marketing, purchasing,

12   pricing, management, and/or operating policies"; the parent had a "role in approving [the

13   subsidiary's] significant business decisions"; and the companies had "overlapping functions and

14   operations," including "the same Maryland operational headquarters, commercial offices,

15   research center, and plant, as well as two shared plants in Ohio."  *Id.* at *5 (quotations omitted).[7]

16   Plaintiffs here make less substantial allegations than those the court in *Los Gatos Mercantile*

17   found insufficient—and Mr. Moffatt's declaration refutes even these conclusory claims.

18                                          * * *

19        For these reasons, the Court should dismiss all claims against CVS Health for lack of

20   personal jurisdiction.

---

21   [6] The Ninth Circuit in *Ranza* recognized that the Supreme Court invalidated the "agency test" in
22   the general jurisdiction context, 793 F.3d at 1071; and, while the issue of specific jurisdiction
     was not before the court, the same reasoning makes the agency test invalid in the specific
23   jurisdiction context as well, *see Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*,
24   2015 WL 4755335, at *5 (N.D. Cal. Aug. 11, 2015) (calling agency test into doubt in the specific
     jurisdiction context).

25   [7] In that case, the plaintiffs also introduced evidence outside of their pleading to attempt to
26   bolster their deficient allegations.  Notwithstanding that extrinsic evidence, the court was
     unpersuaded and, in denying jurisdictional discovery and dismissing for lack of personal
27   jurisdiction, cited with approval a similar ruling from a federal court in Maryland that had
     dismissed the same parent for lack of personal jurisdiction.  *Id.* at *4–8.

28

## II.   THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST CVS HEALTH.

In addition to its jurisdictional defect, the SAC states no viable claims against CVS Health.

*First*, the SAC alleges zero facts about any conduct by CVS Health.  Absent such well-pleaded allegations, CVS Health cannot be liable.[8]  Mere ownership of a subsidiary does not justify imposing liability on the parent.  *See, e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." (citation omitted)).

*Second*, CVS Health incorporates by reference the arguments raised by CVS Pharmacy in its motion to dismiss the SAC.  Because Plaintiffs' SAC does not pass muster under Rules 8, 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss all claims against CVS Health for the same reasons the Court should dismiss all claims against CVS Pharmacy.

## CONCLUSION

For the reasons discussed above, CVS Health respectfully requests that the Court dismiss all claims against it with prejudice.

Dated: December 4, 2015

Respectfully submitted,

By: s/ Grant A. Geyerman
Enu Mainigi (*Pro Hac Vice*)
Luba Shur (*Pro Hac Vice*)
Grant A. Geyerman (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP

Edward W. Swanson (State Bar No. 159859)
August Gugelmann (State Bar No. 240544)
SWANSON & McNAMARA LLP

Attorneys for CVS Health Corporation

---

[8] Plaintiffs' conclusory allegations, largely limited to two paragraphs (SAC ¶¶ 37, 38, quoted above), are insufficient to prevent dismissal because they are unsupported by any alleged facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).