**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER CORCORAN,** *et al.***,**<br><br>   Plaintiffs,<br><br>   vs.<br><br>**CVS HEALTH CORPORATION, INC.,**<br><br>   Defendant. | Case No.: 15-CV-3504 YGR<br><br>**ORDER ON MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 102 |

Plaintiffs Christopher Corcoran, Robert Garber, Toni Odorisio, Robert Guarnieri, Onnolee Samuelson, Michael Norkus, Vincent Gargiulo, Zulema Avis, Ken Bolin, Robert Jenks, Tyler Clark, Carolyn Caine, Linda Krone, Elizabeth Gardner, Carl Washington, Zachary Hagert, Debbie Barrett, Robert Podgorny, Kevin Cauley, Walter Wulff, Amanda Gilbert, and Gilbert Brown (collectively, "plaintiffs") bring this action on behalf of themselves and all others similarly situated against defendant CVS Health Corporation ("defendant") for allegedly overcharging them for generic prescription drugs. The Court previously granted motions to dismiss the second amended complaint (Dkt. No. 49, "SAC") in part, namely dismissing: CVS Pharmacy, Inc. as a defendant; Counts 2, 5, 11, and 19 without leave to amend; and Count 12 under the Texas Deceptive Trade Practices Act with leave to amend. (Dkt. No. 96, "Order.") Plaintiffs' third amended complaint followed. (Dkt. No. 101, "3AC.")

Currently pending before the Court is defendant's motion to dismiss in part the 3AC on two grounds, specifically that plaintiffs: (i) do not have Article III standing to assert the common law claims in Counts 1, 2, or 3 on behalf of absent class members whose claims are governed by state laws under which plaintiffs themselves cannot bring claims; and (ii) have again failed to allege facts sufficient to state a claim under the Texas Deceptive Trade Practices Act. (Dkt. No. 102.)

Having carefully considered the papers submitted, the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART** and **DENIES IN PART** defendant's motion as follows:

## I.   BACKGROUND

The Court previously recounted the salient allegations in its order on defendant's motions to dismiss the SAC.  (*See* Order at 2–5).  Because the pertinent allegations in the 3AC largely mirror those in the SAC, the Court will not repeat plaintiffs' allegations herein.  Plaintiffs did amend certain allegations pled in support of their claim under the Texas Deceptive Trade Practices Act and the Court addresses those amendments in more detail in Section III, *infra*.

## II.   MOTION TO DISMISS COMMON LAW CLAIMS FOR LACK OF ARTICLE III STANDING UNDER RULE 12(b)(1)

Defendant moves under Rule 12(b)(1) to dismiss the common law claims for fraud, negligent misrepresentation, and unjust enrichment in Counts 1, 2, and 3, respectively (collectively, "the common law claims") under the laws of the thirty-eight states[1] in which no named plaintiff resides or alleges to have purchased a generic drug prescription from defendant.  More particularly, defendant contends that plaintiffs lack Article III standing to assert such claims.  A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the Court's subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction," unless shown otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking the jurisdiction of a federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested.  *Id*.  Where, as here, the challenge is to the standing of plaintiffs as alleged in the complaint, the Court looks only to the allegations in the complaint and assumes the allegations in the complaint are true.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

As a threshold matter, the Court rejects plaintiffs' argument that defendant cannot raise this issue now because it was not raised in the previous motion to dismiss.  Rule 12 explicitly provides

---

[1] Defendant moves to dismiss the common law claims under the laws of all jurisdictions except: Arizona, California, Florida, Georgia, Illinois, Maryland, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, Texas, and the District of Columbia.

that a court must consider issues of subject matter jurisdiction at any time, regardless of whether a defendant failed to raise it on a prior motion. *See* Fed. R. Civ. P. 12(h)(3). The Court is without subject matter jurisdiction over claims for which plaintiffs do not have Article III standing, and is therefore bound to consider this issue whenever it is raised, on its own motion, or even on appeal. *Renee v. Duncan*, 686 F.3d 1002, 1012 (9th Cir. 2012) ("Lack of Article III standing is a non-waivable jurisdictional defect that may be raised at any time, even on appeal after failing to raise it in the district court."). Defendant simply cannot waive this argument.[2]

        Plaintiffs next argue the 3AC pleads adequately Article III standing as to each of them. The Court agrees that the 3AC plausibly alleges Article III standing sufficient to bring plaintiffs' individual claims. Although plaintiffs allege standing properly to bring the common law claims under the laws of the thirteen jurisdictions in which they reside and/or filled prescriptions, it does not necessarily follow that they allege standing properly under the laws of the thirty-eight other jurisdictions. "[S]tanding is claim- and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought." *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1064–65 (N.D. Cal. 2015) (internal quotations omitted) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press")). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc)).

        Here, no plaintiff resides in, or alleges to have suffered an injury in, any of the thirty-eight states at issue in defendant's motion. In such instances, the consensus among courts in this District, including the undersigned, is that named plaintiffs "lack standing to assert claims based on those

---

[2] The Court recognizes that whether a plaintiff may represent a class of another state's residents is not necessarily, or at least not only, an issue of standing. For the reasons discussed, *infra*, the Court finds that the better reasoned view is that the issue is one of Article III standing. Regardless of whether this is an issue of standing or class certification, however, the Court finds it appropriate to adjudicate at this juncture. Plaintiffs cannot bring claims under the laws of states to which they have no alleged connection; delaying dismissal of Counts 1, 2, and 3 to the extent plaintiffs allege common law claims under the laws of those thirty-eight states is not in the interests of the parties, the Court, or judicial efficiency.

3

states' laws." *Fenerjian v. Nongshim Co. Ltd.*, 72 F. Supp. 3d 1058, 1082–83 (N.D. Cal. 2014) (dismissing state-law claims where no named plaintiff resided or suffered an injury); *accord In re Carrier IQ*, 78 F. Supp. 3d at 1075 (concluding that "named Plaintiffs do not have standing to assert claims from states in which they do not reside or did not purchase [the product at issue]"); *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *16–18 (N.D. Cal. Oct. 2, 2014) (recognizing the "principle that a class cannot assert a claim on behalf of an individual that they cannot represent") (internal quotations and alterations removed); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (holding plaintiff "does not have standing to assert a claim under the consumer protection laws" of states other than California, where the plaintiff purchased the product); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1163–64 (N.D. Cal. 2009) ("Where, as here, a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.") (emphasis removed) (citing *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007)); *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) (granting motion to dismiss claims under all jurisdictions except those in which the named plaintiffs resided).

The Court previously dismissed plaintiffs' claim under the Rhode Island Deceptive Practices Act, finding that no named plaintiff had Article III standing to invoke Rhode Island law because there was no allegation that any transaction occurred in Rhode Island. (Order at 22–24.) The same reasoning applies equally here. Plaintiffs do not have standing to bring the common law claims under the laws of the thirty-eight states to which they have alleged no connection. The common law claims brought based on the laws of those states are therefore **DISMISSED**.

The Court disagrees with plaintiffs' view that the better approach is to wait and address this issue in connection with class certification. District courts may exercise discretion to defer consideration of standing until after class certification. *See In re Carrier IQ*, 78 F. Supp. 3d at 1068–75 (citing cases). The facts of this case, however, counsel against exercising that discretion. The named plaintiffs reside in twelve different states and one plaintiff alleges to have been injured in the District of Columbia. (3AC ¶¶ 16–37.) Thus, their claims involve, at most, the laws of thirteen jurisdictions. Putative class members from the thirty-eight other states for which the

4

common law claims are asserted in Counts 1, 2, and 3 "is vast relative to the claims to which [plaintiffs] have standing." *Id.* at 1074. In these circumstances, plaintiffs should be required to have named plaintiffs with standing to prosecute claims under the laws of those thirty-eight states. *Id.* Further, it remains to be seen the extent to which a nationwide class could be certified given the allegations. *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 591 (9th Cir. 2012).

Accordingly, the dismissal is **WITHOUT PREJUDICE** to plaintiffs being able to amend their pleading to include additional named plaintiffs, subject to Rule 15 and standards applicable thereto.

### III. MOTION TO DISMISS TEXAS DECEPTIVE TRADE PRACTICES ACT CLAIM UNDER RULE 12(b)(6)

Defendant moves under Rule 12(b)(6) to dismiss Count 9 in the 3AC, which arises under the Texas Deceptive Trade Practices Act ("TDTPA"), for failure to state a claim. Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Relevant here, to state a claim under the TDTPA, plaintiffs must allege, *inter alia*, that defendant engaged in either: (A) an unlawful practice specifically enumerated in the TDTPA under Tex. Bus. & Com. Code section 17.50(a)(1), or (B) "[u]nconsionable action or course of action by any person," under Tex. Bus. & Com. Code section 17.50(a)(3). The Court previously dismissed the TDTPA claim, finding that the SAC did not allege either type of conduct plausibly. (Order at 26.) Plaintiffs amended their allegations with respect to the TDTPA in the 3AC. Defendant argues

that plaintiffs' amendments do not cure the pleading defects of the TDTPA cause of action as to both "specifically enumerated" and "unconscionable" conduct.  The Court addresses these arguments in turn:

### A. Unlawful Practice Enumerated in the TDTPA

With respect to the TDTPA claim asserted under Tex. Bus. & Com. Code section 17.50(a)(1), namely, an unlawful practice enumerated in the TDTPA, plaintiffs contend their allegations of defendant's conduct fall within the TDTPA's prohibition on actions "failing to disclose information concerning goods or services . . . [with the intent] to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code § 17.46(b)(24).  Upon review of the SAC, the Court found that plaintiffs: "fail[ed] to allege that Plaintiff Pacheco (the only Texas plaintiff) would not have entered into the transactions absent the failure to disclose.  In fact to the contrary, Pacheco allege[d] she plans to purchase generic drugs from CVS in the future."  (Order at 26:19–22.)  The 3AC addresses this defect by terminating Texas plaintiff Irma Pacheco and substituting in two plaintiffs domiciled in Texas: Amanda Gilbert and Gilbert Brown.[3]  (3AC ¶¶ 36–37.)  Unlike Ms. Pacheco, plaintiffs Gilbert and Brown do not allege that they intend to purchase generic drug prescriptions from CVS in the future.  (*Cf.* 3AC ¶¶ 36–37; SAC ¶ 25.)

Critically, the new Texas plaintiffs do not affirmatively allege they "would not have entered" into the transaction had the information been disclosed, instead alleging they "would not have paid" the allegedly inflated prices absent defendant's deception.  (3AC ¶ 173.)  Defendant contends this is a dispositive distinction, requiring dismissal of the TDTPA claim.  By contrast, plaintiffs argue defendant attempts to hold them to a heightened standard not required by law or reason.  The Court agrees.

Taking defendant's argument to its logical conclusion, plaintiffs could not survive Rule 12 without pleading they would not have bought their prescription drugs at all absent defendant's allegedly deceptive practice.  No such requirement in the law exists.  Transactions are term-

---

[3] The Court rejects defendant's view that plaintiffs Gilbert and Brown were added in an untimely fashion and without the Court's permission.  The Court granted plaintiffs leave to amend their TDTPA claim, which they have done in part through this substitution.  (Order at 28.)

specific, including price. The Texas Court of Appeals rightly acknowledged this reality when construing Section 17.46(b)(24) to require plaintiffs to allege they "would not have entered into the transaction *on the same terms had the information been disclosed*." *Gill v. Boyd Distribution Center*, 64 S.W.3d 601, 604 (Tex. App. 2001) (emphasis supplied). Taken as true, plaintiffs' allegation that they "would not have paid had CVS not engaged in its deceptive conduct" (3AC ¶ 173) plausibly alleges their unwillingness to enter the same transaction had defendant not failed to disclose its improper pricing practice, *i.e.* an action by defendant in violation of Tex. Bus. & Com. Code section 17.46(b)(24). This TDTPA claim is alleged properly in the 3AC. Defendant's motion on this ground is **DENIED**.

### B. Unconscionable Action

With respect to the TDTPA claim asserted under Tex. Bus. & Com. Code section 17.50(a)(3) as an "unconscionable action," that term is defined in the statute as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer *to a grossly unfair degree*." Tex. Bus. & Com. Code § 17.45(5) (emphasis supplied). The Texas Supreme Court in turn has interpreted "grossly unfair" in this context to mean "glaringly noticeable, flagrant, complete and unmitigated," a standard that cannot be met with allegations of merely "unfair" conduct. *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985). The Court found in its earlier order that the SAC alleged knowledge and intent but did not "allege actions that amount to practices that took advantage of Pacheco and similarly situated class members 'to a grossly unfair degree.'" (Order at 26:22–24.)

The 3AC adds allegations regarding defendant's superior knowledge and expertise in the adjudication process.[4] (*Cf.* 3AC ¶¶ 168–78; SAC ¶¶ 194–202.) Defendant argues these additional allegations are insufficient because they do not address any new *actions* by defendant that are

---

[4] The Court rejects plaintiffs' invitation to consider a brief filed by the State of Texas in an unrelated case to find that defendant's conduct as plead in the 3AC is grossly unfair. Reference to the brief appears nowhere in the 3AC. Rather, plaintiffs submitted it in connection with their opposition to defendant's pending motion. On a Rule 12(b)(6) motion, the Court "may not look beyond the complaint to a plaintiff's moving papers" to determine whether plaintiffs have stated a legally cognizable claim. *Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

7

grossly unfair. (*See* Order at 26: 22–24.) Defendant misses the point. Indeed, no new actions are alleged. The relevant allegations focus on the disparity in knowledge among the parties, not a new discrete action or series of actions undertaken by defendant. Here, the additional facts regarding disparity in knowledge among the parties plausibly render the same actions grossly unfair. To determine whether plaintiffs alleged properly that defendant's actions were grossly unfair, *i.e.* that they resulted in "unfairness [that] was glaringly noticeable, flagrant, complete and unmitigated," the Court should examine "the entire transaction," including disparity in expertise and knowledge. *Sanchez v. Guerrero*, 885 S.W.2d 487, 493 (Tex. App. 1994). Taken as true, plaintiffs' new allegations of superior knowledge and expertise, as well as defendant's use of that knowledge to harm plaintiffs, together support a finding that the 3AC plausibly alleges conduct that was grossly unfair. (*See* 3AC ¶¶ 174–76.) The Court finds that the 3AC states an actionable claim under Tex. Bus. & Com. Code section 17.50(a)(3). Defendant's motion on this ground is similarly **DENIED**.

### IV.  CONCLUSION

Based upon the foregoing, the Court (i) **GRANTS** defendant's motion to dismiss the common law claims in Counts 1, 2, and 3 to the extent claims under the laws of the unrepresented thirty-eight states are asserted, on grounds that plaintiffs do not have Article III standing to assert such claims, but (ii) **DENIES** defendant's motion to dismiss the TDTPA claim brought under Tex. Bus. & Com. Code sections 17.50(a)(1) and 17.50(a)(3).

This Order terminates Docket Number 102.

**IT IS SO ORDERED**.

Date:  July 29, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**