UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CORCORAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH, et al.,<br><br>Defendants. | Case No. 15-cv-03504-YGR   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE ON NATIONWIDE DATA**<br><br>Re: Dkt. No. 149 |

This matter has been referred to the undersigned magistrate judge for resolution of discovery disputes between the parties. Now before the Court is the parties' August 17, 2016 discovery dispute letter brief relating to Plaintiffs' request for nationwide transaction data from CVS. (Dkt. No. 149.) The Court held a hearing on August 18, 2016.

CVS produced transaction data reflecting purchases of drugs on CVS's Health Savings Pass ("HSP") program in 12 states and the District of Columbia—the states in which at least one named plaintiff resides or has filled a prescription for an HSP-eligible medication at a CVS pharmacy. Plaintiffs previously moved to compel transaction data from the remaining states where CVS has retail pharmacy stores (the "Nationwide Data"), but CVS refused to do so in part because the district court had not yet ruled on its motion to dismiss Plaintiffs' claims in other states for lack of standing. (*See* Dkt. No. 108.) The Court recognized that if the district court were to grant CVS's motion to dismiss, Plaintiffs may not be allowed to seek certification of a nationwide class and therefore the analysis of whether the Nationwide Data is relevant would be different. (Dkt. No. 121 at 2.) The Court thus offered CVS the choice of (1) deferring a ruling on Plaintiffs' motion to compel until after receiving a ruling on the pending motion to dismiss or (2) producing the Nationwide Data now in light of the impending class certification motion deadline.

(*Id.*)  CVS elected to produce the Nationwide Data by August 26, 2016, and the parties stipulated to a briefing schedule for Plaintiffs' motion for class certification.  (*Id.*)

Subsequently, on July 29, 2016, the district court granted in part and denied in part CVS's motion to dismiss.  (Dkt. No. 130.)  Relevant here, the district court held that "Plaintiffs do not have standing to bring the common law claims under the laws of the thirty-eight states to which they have alleged no connection."  (*Id.* at 4.)  The district court therefore dismissed the common law claims that Plaintiffs brought based on the laws of those states, but stated that Plaintiffs could move to amend their pleadings to include additional named plaintiffs from other states, subject to Federal Rule of Civil Procedure 15 and standards applicable thereto.  (*Id.* at 4-5.)

In light of the district court's ruling, CVS argues that the Nationwide Data is no longer relevant information and so it should not be required to produce the data.[1]  (Dkt. No. 149 at 2.)  Plaintiffs respond that the Nationwide Data remains relevant because their challenge to the HSP program is nationwide in scope.  (*Id.* at 4-5.)  The Court is not persuaded that the pricing in other states would, as Plaintiffs argue, be relevant to the alleged harm suffered by Plaintiffs as a result of CVS's pricing in their own respective states, especially since it is undisputed that CVS did not report its HSP price as its U&C price anywhere in the country, and knew it did not so report.  (Dkt. No. 149 at 2.)  Nevertheless, even if Plaintiffs' relevance arguments were accepted, the requested discovery is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Plaintiffs seek transaction data for an additional 2,700 CVS pharmacies, approximately 35% of CVS's domestic retail pharmacies (*see* Dkt. No. 108 at 4 n.5), despite not having a single class representative with any relevant connection to those pharmacies or their respective states.  Such broad discovery is not justified.

Accordingly, CVS is not required to produce the Nationwide Data at this time.  The Court therefore vacates the parties' previous stipulation insofar as it required CVS's production of

---

[1] CVS also argues that it is incurring "unnecessary costs" each day it has to continue collecting the Nationwide Data.  (Dkt. No. 149 at 3.)  The Court already rejected this argument at hearing on August 11, 2016.  As the Court noted, CVS had the option to defer collection and production of Nationwide Data but elected not to wait; any costs that CVS has incurred or will incur are thus a direct result of CVS's own decision.

Nationwide Data by August 26, 2016.[2]  However, as proposed by CVS, if Plaintiffs move to amend their complaint to add representatives from new states, CVS shall produce data for any such new states within five business days of Plaintiffs filing a motion for leave to amend—that is, CVS shall not await a decision on Plaintiffs' motion for leave before producing transaction data for the new states.  Further, this Order is without prejudice to Plaintiffs renewing their motion should CVS raise a defense which makes the data from the other states relevant and proportional to the case's needs.

This Order disposes of Docket No. 149.

**IT IS SO ORDERED.**

Dated: August 18, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The dates related to briefing and hearing of Plaintiffs' motion for class certification are unaffected by this Order.  (*See* Dkt. Nos. 121, 122.)