# APPENDIX

# Plaintiff's Trial Plan

**REDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED**

Bonny E. Sweeney (Cal. Bar No. 176174)
HAUSFELD
600 Montgomery St., Suite 3200
San Francisco, California 94111
Tel: 415-633-1908
Fax: 415-358-4980
bsweeney@hausfeld.com

Richard Lewis (admitted *pro hac vice*)
Kristen Ward Broz (admitted *pro hac vice*)
HAUSFELD
1700 K St. NW, Suite 650
Washington, D.C. 20006
Tel: 202-540-7200
Fax: 202-540-7201
rlewis@hausfeld.com
kward@hausfeld.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Rebecca R. Anzidei (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
STEIN MITCHELL CIPOLLONE BEATO &
  MISSNER LLP
1100 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 737-7777
pcipollone@steinmitchell.com
ranzidei@steinmitchell.com
rgilmore@steinmitchell.com

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Tel.  415-692-0772
Fax. 415-366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| Christopher Corcoran, et al., | Case No. 4:15-cv-03504-YGR |
| Plaintiffs, | CLASS ACTION |
| v. | **PLAINTIFFS' TRIAL PLAN IN SUPPORT OF CLASS CERTIFICATION** |
| CVS Pharmacy, Inc. | Honorable Yvonne Gonzalez Rogers |
| Defendant. | |

# INTRODUCTION

Plaintiffs submit this preliminary trial plan[1] to demonstrate that they can try their claims on behalf of eleven state classes in a single trial without undue manageability issues.  Plaintiffs will rely on common evidence of CVS's scheme to report inflated U&C prices−resulting in inflated copayment charges to each and every class member−to prove liability, aggregate damages and restitution under all of their state law claims. Furthermore, because Plaintiffs seek certification of eleven single state classes, there are no choice of law issues. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1033-34 (C.D. Cal. 2015) (holding that class treatment was superior and noting that certification of eleven single-state classes alleviated any choice of law concerns).  Finally, the commonalities across those state law claims makes a single trial superior to any other method of resolving class members' claims.  *Id.* (finding that certification of eleven state classes was appropriate even though the state consumer protection statutes required proof of different elements, because "the various state consumer protection laws all 'fall into consistent patterns'"). *See also Spencer* v. *Hartford Financial Services,* 256 F.R.D 284, 300 (D. Conn. 2009) ("With regard to the differing standards of proof and other requirements [of fraud claims] pointed out by the defendants, the court agrees with the plaintiffs that, because the underlying factual proof is the same, these differences could be adequately addressed with a verdict form and do not defeat predominance.").

In short, given the uniform and common evidence on the determinative issues in the trial, the fact that all of Plaintiffs' claims are amenable to class wide proofs and the fact that the elements of those state law claims "fall into consistent patterns," a single trial is efficient, manageable and superior. *See* Elements of State Law Claims and Amenability to Classwide Proof Charts A-D ("State Law Charts") (identifying the elements of each state law claim and demonstrating that each is amenable to class-wide proof) (attached as Ex. A-D).

---

[1] Because discovery is not yet complete, Plaintiffs reserve the right to amend this preliminary trial plan as necessary and appropriate.

I.    **PLAINTIFFS WILL RELY ON COMMON PROOF FOR EACH CAUSE OF ACTION**

Plaintiffs assert consumer protection (or "UDAP"), fraud, negligent misrepresentation, and unjust enrichment claims on behalf of class members in Arizona, California, Florida, Georgia, Illinois, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, and Texas.  As demonstrated in the attached State Law Charts, the elements Plaintiffs must prove to prevail on all of these claims are substantially similar across these eleven states.  Moreover, there are strong commonalities among these four causes of action, so that proof of one claim will satisfy most of the elements of proof required for the other three claims.

**Statutory Unfair and Deceptive Acts and Practices Claims.**  For their UDAP claims, Plaintiffs must generally prove that CVS made misrepresentations (or omissions) that caused harm to Plaintiffs and class members.  *Id*. at A.

**Fraud.** To prevail on their fraud claims in the eleven states, Plaintiffs must, again, prove that (1) CVS made a material misrepresentation (or omission); (2) knowing that the representation was false, or with reckless disregard to its truth or falsity; (3) with the intent or knowledge that Plaintiffs and class members would rely on the misrepresentation; and that (4) Plaintiffs and class members reasonably relied on the misrepresentation; (5) to their detriment.  *See* Ex. B.

**Negligent Misrepresentation.** Plaintiffs' negligent misrepresentation claims similarly require Plaintiffs to prove a material misrepresentation (or omission); made with knowledge that Plaintiffs and class members would rely (or that it was foreseeable that they would rely); reasonable reliance; and resulting damage.  *See* Ex. C.  Unlike for fraud, however, Plaintiffs are not required to prove that CVS knew its representation was false, but instead need only prove that CVS made a misrepresentation with negligence as to its truth or falsity.  *Id.*

**Unjust Enrichment.** Finally, under the laws of the eleven states, Plaintiffs need to prove the following fundamental elements to prevail on their unjust enrichment claims:  Plaintiffs and class members conferred a benefit on CVS, and it would be unjust for CVS to retain that benefit without compensating Plaintiffs and class members for their corresponding loss.  *See* Ex. D.  In some states, Plaintiffs must also prove that there is no adequate remedy at law.  *Id.*

As demonstrated below, Plaintiffs will rely on CVS's own documents, CVS's database of all relevant transactions, and CVS witnesses, as well as testimony by Plaintiffs' experts regarding

the claims adjudication process, the impact of CVS's failure to include the HSP price in the calculation of the U&C price, and what CVS's data reveals about CVS's conduct and the scope of the damages caused to Plaintiffs and class members.  Because the requisite proof for all of Plaintiffs' causes of action will not vary across states, causes of action, or class members, a single trial is appropriate.

**A.      Plaintiffs Will Rely On Common Evidence to Prove That CVS Engaged in Deceptive Conduct.**

As this Court recognized in its order denying CVS's motion to dismiss the Second Amended Complaint, the gravamen of Plaintiffs' complaint is that "CVS deceived Plaintiffs by reporting U&C prices significantly above the prices available to members of the HSP program, and then charged Plaintiffs inflated copays as a result of their deceitful practices."  *Corcoran v. CVS Health Corp.*, -- F. Supp. 3d --, No. 15-CV-3504-YGR, 2016 WL 948880, at *18 (N.D. Cal. Mar. 14, 2016), ECF. No. [96].  The critical threshold fact question in this case is, thus, whether CVS, by purposefully excluding HSP transactions from consideration in determining its U&C prices, inflated its reported U&C prices and consequently overcharged insured patients on their copays.  The answer to this question will drive the trial of this case:  the claims of all Plaintiffs and all class members "will prevail or fail in unison" on this question.  *Spann v. J.C. Penny Corp.,* 307 F.R.D. 508, 523 (C.D. Cal. 2015) (citing *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S.Ct. 1184, 1191 (2013)); *In re ConAgra Foods*, 90 F. Supp.3d at 972 (same).

Plaintiffs will rely exclusively on common evidence to prove that CVS reported false U&C prices, including the following: (1) CVS's admission that U&C means the cash price paid by the general public;[2] (2) CVS's testimony and documents showing that CVS's HSP prices were CVS's

---

[2] *See, e.g.*, Dec. 4, 2015 CVS Pharmacy Mot. to Dismiss [ECF 56] at 15 ("[t]he U&C price is an industry term meaning the cash price paid by the general public" and a "'cash' customer typically means a customer who purchases a drug without using insurance."); Ex. 4 to the Declaration of Robert B. Gilmore ("Gilmore Decl."), Health Savings Pass Reconciliation Process [CVSC-0313152] ██████████████████████████████████████████████████████████████ ██████████████████████ ); Gilmore Decl., Ex. 5, Third Party Finance Glossary of Terms [CVSC-0068438] ████████████████████████████████ Gilmore Decl., Ex. 6, Greenwood 40:11-25; Gilmore Decl., Ex. 1 (contracts and health plan documents between CVS

true U&C prices, *i.e.*, the cash prices charged to the general public;[3] (3) industry standards and CVS's agreements with class members' TPPs, which prohibit CVS from collecting copayments that exceed U&C price);[4] and (4) CVS's practice–as confirmed by its own data− of not collecting copayments in excess of the (inflated) U&C price.

Proof that CVS reported false U&C prices is essential to proving Plaintiffs' fraud, negligent misrepresentation and UDAP claims, and will comprise much of Plaintiffs' proof that permitting CVS to retain the resulting inflated copayments would be unjust. *See* Exs. A-D.  All of Plaintiffs' and class members' claims depend on this common proof that CVS reported false U&C prices; no individualized inquiries will need to be decided at trial.

**B.     Plaintiffs Will Rely On Common Evidence to Prove Intent and Negligence.**

CVS's knowledge that it reported false U&C prices (or reported U&C prices with reckless disregard as to their truth or falsity) is an element of Plaintiffs' common law fraud claims in all eleven states.  Ex. B.  Common evidence will prove for all Plaintiffs and class members that CVS knew that the U&C prices it reported were false, or, alternatively, that CVS reported false U&C prices with reckless indifference as to their truth or falsity.  This evidence includes: (1) CVS's admissions that it knowingly excluded the HSP transactions from consideration in determining its reported U&C prices;[5] (2) CVS documents showing that ████████████████████████

---

and PBMs and TPPs); Declaration of Dr. Robert P. Navarro ("Navarro Decl."), ¶¶ 7, 19, 26; Gilmore Decl., Ex. 6, Greenwood 42:15-25.

[3] Gilmore Decl., Ex. 17, ████████████████████████████████████████████
████████████████]"; *id.*, Ex. 18, ████████████████
████████████████; *id.*, Ex. 19, ████████████████████████████████████
Ex. 20, ████████████████████████████████████
████████████ *id.*, Ex. 21, ████████
████████████████████████████████; *id.*, Ex. 23, Morrison (TX) 227:2-22
████████████████████████████████████"); *id.*, Ex. 10, Morrison 117:1-25; Ex. 3, 30(b)(6) 234:21-235:4; Answer ¶ 62; *id.*, Ex. 15, Declaration of Joel W. Hay ("Hay Decl."), ¶¶ 40-42.

[4] Gilmore Decl., Ex. 12 (summarizing insurance plan contracts and documents); Navarro Decl. ¶ 19; Gilmore Decl., Ex. 15, Hay Decl. ¶ 53.

[5] Answer ¶ 71; *see also id.* ¶¶ 13, 65.

1  ███████████████████████████[6] (3) CVS's testimony and documents showing that ███

2  ████████████████████████████████████████████████████████████████████████

3  ████████████;[7] and (4) CVS's documents and testimony showing that █████████████

4  ███████████████████████████████████████████████████████.[8]

For Plaintiffs' negligent misrepresentation claims, Plaintiffs will rely on the same common factual evidence to show that CVS was, at a minimum, negligent, and also acted with intent, in reporting inflated U&C prices. *See* Ex. C. Thus, resolution of this issue in one trial is manageable.

## C.   Plaintiffs Will Rely On Common Evidence to Prove That CVS's Misrepresentations and Omissions Were Material.

The materiality of CVS's misrepresentations will also be proven using common evidence. Plaintiffs will rely on the following common evidence to show that the false reporting of U&C prices was material because it caused each class member to pay inflated copayments: (1) CVS documents and testimony, and Plaintiffs' expert testimony, showing that the U&C is relevant to the calculation of copays;[9] (2) an analysis of CVS data showing that copays were inflated where U&C prices were inflated; (3) testimony by Plaintiffs' expert opining that consumers purchase insurance in order to reduce their out-of-pocket costs;[10] (4) CVS documents and testimony showing that ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████.[11] Courts have repeatedly found that misrepresentations are material if they result in the plaintiff paying a higher price. *See e.g. Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 541 (N.D. Cal. 2015) (citing *In re U.S. Foodserv. Pricing Litig.*, 729 F.3d 108, 119-20 (2d Cir. 2013).

---

[6] Gilmore Decl., Ex. 24, ████████████████████████████████████████████████████

██████████████████"; *id.*, Ex. 25, ██████████████████

██████████████████.

[7] Gilmore Decl., Ex. 7, Gibbons (TX) 140:7-21; *id.*, Ex. 10, Morrison 142:23-143:12.

[8] Gilmore Decl., Ex. 26, June 2010 Landscape Strategy Presentation; id., Ex. 7, Gibbons (TX) 246:12-247:13; *id.*, Ex. 9, Ferschke (TX) 120:18-121:17.

[9] Hay Decl., ¶¶ 9, 34, 64; Navarro Decl., ¶¶ 7, 17, 25, 27, 49.

[10] Navarro Decl., ¶ 13.

[11] Gilmore Decl., Ex. 15, Hay Decl., ¶¶53-63; Gilmore Decl., Ex. 3, Tierney 42:12-43:7.

Causation, which for many of Plaintiffs' claims can be established by a showing of materiality, is an element of all of Plaintiffs' UDAP, fraud and negligent misrepresentation claims, and it also will comprise part of the proof that CVS's retention of the inflated copayments would be unjust.  *See.* Exs. A-D.  Thus, resolution of this issue in a single trial is efficient, manageable and superior.

**D.    Plaintiffs Will Rely on Common Evidence to Prove Class-Wide Reliance**

Some form of reliance is an element of Plaintiffs' fraud and negligent misrepresentation claims in all jurisdictions.  *See* Exs. B, C.  It is also an element of Plaintiffs' UDAP claims in Arizona, California, New Jersey, Pennsylvania, and Texas.  *See* Ex. A.  To prove reliance, Plaintiffs will use the same evidence they will use to prove materiality (see above).  In addition, Plaintiffs will use CVS's documents and witness testimony to show that CVS's method of reporting U&C prices to TPPs, and the determination of class members' copayments, is not only not revealed to class members, but is "proprietary" to CVS, making it impossible for class members to discover the overcharge or understand how CVS computes the copayment.[12]

As this Court noted in its Order on Motion to Dismiss the Second Amended Complaint: "the SAC alleges CVS made a false representation ***every time*** it charged Plaintiffs for copays that were calculated based on inflated U&C prices."  *Corcoran v. CVS Health Corp.*, -- F. Supp. 3d -, No. 15-CV-3504-YGR, 2016 WL 948880, at *11 (N.D. Cal. Mar. 14, 2016) [ECF No. 96] (emphasis added).  Thus, to show justifiable reliance, Plaintiffs will present common evidence of a material misrepresentation, a material omission, and the reasonableness of class members' belief "that the invoiced amount was honestly owed." *See Bias*, 312 F.R.D. at 541 (citing *FoodService*, 729 F.3d at 119-20).

Thus, materiality and justifiable reliance can be proven with common evidence on a class wide basis, making a single trial on these issues manageable.

**E.    Plaintiffs Will Rely on Common Evidence to Identify Class Members, Prove Causation, and Prove Actual Damages**

Plaintiffs' UDAP, fraud, and negligent misrepresentation claims all require proof that CVS's misrepresentations caused Plaintiffs' and class members' damages. Exs. A-C.  Plaintiffs'

---

[12] CVS Pharmacy Motion to Dismiss Reply Br. 15 [ECF 74].

expert, Dr. Hay, will use CVS's transaction data to show the fact and amount of overcharge paid by each member of the proposed classes, as a result of CVS's reporting of inflated U&C prices. Hay Decl., ¶¶ 52-63.  Dr. Hay will show that the reporting by CVS of falsely inflated U&C prices to class members' insurers resulted in those class members paying falsely inflated copayments. Hay Decl., ¶¶ 11-12, 34, 40-41, 51. This straightforward arithmetic calculation can be done based solely on CVS transactional data, and does not require individual class members to produce receipts or other proof of payment.  Hay Decl., ¶ 59. Thus, Plaintiffs have put forth a formulaic approach to proving damages for all members of the classes.  *Smilow v. Sw. Bell Mobile Sys,, Inc.*, 323 F.3d 32, 40 (1st Cir. 2003) ("Common issues predominate where individual factual determinations can be accomplished using computer records, clerical assistance, and objective criteria—thus rendering unnecessary an evidentiary hearing on each claim.").

The above described evidence will also be used to prove Plaintiffs' unjust enrichment claims; specifically, that Plaintiffs and class members conferred a monetary benefit on CVS by over-paying their copayments, and that CVS was aware of and retained this monetary benefit.  *See* Ex. D.

## II.    A SINGLE TRIAL WILL BE EFFICIENT AND MANAGEABLE.

As the above discussion demonstrates, the factual evidence on which Plaintiffs will rely to prove their claims is common for all claims, for all class members, in all eleven jurisdictions.  As the Ninth Circuit has recognized, this is precisely the kind of case that benefits from class treatment: "Each plaintiff is similarly situated with respect to [defendant's underlying scheme], and it would be folly to force each bond purchaser to prove the nucleus of the alleged fraud again and again." *In Re First Alliance*, 471 F.3d 977, 991 (9th Cir. 2006) (citations and quotations omitted).

Moreover, due to the similarity of the claims, after the presentation of all the evidence, the court may utilize common jury instructions, verdict forms and special interrogatories to consolidate issues where appropriate.  *See In re ConAgra Foods*, 90 F. Supp.3d at 1019-1020 (finding plaintiffs had presented common evidence of materiality to establish class wide proof for all eleven UDAP statutes in the case); *Spencer*, 256 F.R.D. at 300.  Questions that must be decided

by the Court (such as injunctive relief and the propriety and amount of restitution) can also be determined after the presentation of common evidence.

## III.    CONCLUSION

In sum, a single trial in which Plaintiffs and CVS present their factual evidence one time, for all claims and all classes, is both manageable and superior to any other method of adjudicating this case.


Dated:  October 3, 2016                                      Respectfully submitted,

                                                             By: */s/ Bonny E. Sweeney*

Pat A. Cipollone, P.C. (admitted *pro hac vice*)            Bonny E. Sweeney (Cal. Bar No. 176174)
Rebecca R. Anzidei (admitted *pro hac vice*)               Richard Lewis (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)                Kristen Ward Broz (admitted *pro hac vice*)
STEIN MITCHELL CIPOLLONE MISSNER                           HAUSFELD
 & BEATO LLP

Elizabeth C. Pritzker (Cal. Bar. No. 146267)
Jonathan K. Levine (Cal. Bar. No. 220289)
Shiho Yamamoto (Cal.  Bar. No. 264741)
PRITZKER LEVINE LLP

# APPENDIX

# Exhibit A

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

**The following chart surveys:**

    **(1)  The elements of the consumer fraud statutes of each of the eleven states, which all consist of five or fewer basic components that are often expressed as (a) a material misrepresentation, (b) intent to induce reliance, (c) reliance, (d) causation, and (e) resulting damages; and**

    **(2)  The amenability of statutory consumer fraud claims to classwide proof.**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **1)  Arizona** | Arizona Revised Statutes §§ 44-1521–44-1534.<br><br>According to subsequent Arizona case law, the elements of a private cause of action under the ACFA are (1) a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and (2) the hearer's consequent and proximate injury. The injury element of the ACFA claim occurs when the consumer relies on the misrepresentations even if reliance is not reasonable.<br><br>*Siemer v. Associates First Capital Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *4 (D. Ariz. Mar. 30, 2001) (internal citation omitted). | Plaintiff can meet his burden of proof by establishing that each class member was quoted an inflated rate for title insurance (a misrepresentation of the correct rate) and overpaid Fidelity as a result (injury resulting from the misrepresentation). Liability affixes for any overcharge by Fidelity, whatever the reason. There is no requirement that each class member have been deprived of the discount for the same reason.<br><br>*Ramirez v. Fid. Nat'l Title Ins. Co.*, No. CV-09-230-TUC-JCG, 2011 WL 13047300, at *7 (D. Ariz. Mar. 31, 2011).<br><br>Plaintiffs have sufficiently demonstrated reliance by their purchase of credit life insurance. This alone is sufficient to show reliance to the degree necessary under the ACFA. . . . These are claims that may be established by common proof in cases involving similar documents or the use of standardized procedures and practices, . . .<br><br>*Siemer v. Associates First Capital Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *4, *24–*25 (D. Ariz. 2001). |

1

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **2) California** | CLRA: Ca. Civil Code §§ 1750, et seq.<br><br>Any consumer who suffers any damage as a result of the use or employment by any person of [unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer] may bring an action against that person to recover or obtain . . . [a]ctual damages.<br><br>Ca. Civil Code §§ 1770, 1780.<br><br>UCL: Ca. Bus. & Prof. Code § 17200, et seq.<br><br>Actions for relief [from an unfair or fraudulent business act or practice] pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.<br><br>Ca. Bus. & Prof. Code §§ 17200, 1704.<br><br>The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Similarly, the CLRA provides relief to "any consumer who suffers any damage as a result of the use or employment" of any [unfair or deceptive] "method, act, or practice." Cal. Civ. Code § 1780(a). | Evidence of such a [systematic and pervasive unlawful price comparison] policy or scheme is common to all putative class members and predominates over any individual facts or questions.<br><br>*Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 522 (C.D. Cal. 2015), *modified sub nom. Spann v. J.C. Penney Corp.*, 314 F.R.D. 312 (C.D. Cal. 2016).<br><br>And in plaintiff's CLRA and common law fraud claims, reliance may be presumed by demonstrating the materiality of the alleged misrepresentations and omissions.<br><br>*Miller v. Fuhu Inc.,* No. 2:14-CV-06119-CAS-AS, 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015).<br><br>[A] California class suing under the state's consumer protection statutes need not show individualized reliance if it can establish the materiality of [representation] to a reasonable consumer. . . . Each statute allows plaintiffs to establish materiality and reliance (i.e., causation and injury) by showing that a reasonable person would have considered the defendant's representation material.<br><br>*In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 983 (C.D. Cal. February 23, 2015).<br><br>For purposes of class certification, the UCL … and CLRA are materially indistinguishable. Each statute allows Plaintiffs to establish the required elements of reliance, causation, and damages by proving that |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A)  UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Miller v. Fuhu Inc.*, No. 2:14-CV-06119-CAS-AS, 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015) (internal citation omitted). | Defendants made what a reasonable person would consider a material misrepresentation.<br><br>*Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK MRWX, 2014 WL 1410264, at *9 (C.D. Cal. Apr. 9, 2014) (internal citations omitted).<br><br>Causation, on a classwide basis, may be established by materiality, . . . . A misrepresentation or omission is material under California law if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.<br><br>*Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 529 (C.D. Cal. 2012). |
| **3)  Florida** | Fla. Stat. §§ 501.201-501.213.<br><br>"A claim under FDUTPA has three elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages." The Florida Supreme Court has not addressed whether reliance and/or causation requires individualized proof.<br><br>*Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 515 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 1493 (2016) (quoting *Siever v. BWGaskets, Inc.,* 669 F.Supp.2d 1286, 1292 (M.D. Fla. 2009)).<br><br>Many courts have held that the FDUTPA does not require proof of actual, individualized reliance; rather, it requires only a showing that the practice was likely to deceive a reasonable consumer. . . . | [T]he district court correctly found that Plaintiffs have demonstrated that their [consumer fraud, including FDUPTA] claims share a common question—whether Align is "snake oil" and thus does not yield benefits to *anyone.* That common question will yield a common answer for the entire class that goes to the heart of whether P & G will be found liable under the relevant false-advertising laws.<br><br>*Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 508–09 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 1493 (2016).<br><br>There is thus no evidence that the individualized circumstances of any of the putative class members will affect whether a reasonable consumer would have been misled by BellSouth's billing practices. |

3

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | [T]he FDUTPA's causation requirement is resolved based on how an objective reasonable person would behave under the circumstances.<br><br>*Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 515 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 1493 (2016) (internal citations and quotations omitted). | Proving deception under FDUTPA is thus susceptible to common proof on a class-wide basis.<br><br>*James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011). |
| **4)  Georgia** | [Certification not sought] | |
| **5)  Illinois** | Illinois Consumer Fraud & Deceptive Practices Act ("ICFA") 815 Ill. Comp. Stat. Ann. § 505/2.<br><br>A claim under the ICFA requires: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception. When the deceptive act alleged is a misrepresentation, that misrepresentation must be "material" and is established by applying a reasonable person standard. Reliance is not required to establish an ICFA claim. However, to establish the last two elements of an ICFA claim, plaintiffs must show that the allegedly deceptive act proximately caused any damages suffered by the plaintiff.<br><br>*Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 514 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 1493 (2016) (internal citations and quotations omitted). | ICFA claims do not *necessarily* require individualized proof of causation such that class certification is never proper. Rather, "where the representation being challenged was made to all putative class members, Illinois courts have concluded that causation is susceptible of classwide proof and that individualized inquiries concerning causation do not predominate if plaintiffs are able to adduce sufficient evidence that the representation was material."<br><br>*Rikos v. Procter & Gamble Co*., 799 F.3d 497, 514 (6th Cir. 2015) (quoting *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 997 (C.D. Cal. 2015)).<br><br>What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [Illinois consumer fraud] claims from all class members, there is a common question. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | | *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted). |
| | | The Court agrees with Plaintiffs that the ICFA statute imposes an objective test and thus, as with the California statutes under which Plaintiffs sue, Defendant's liability to the Illinois class will not require individual inquiries. |
| | | *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 483 (C.D. Cal. 2012). |
| **6) Massachusetts** | Mass. Gen. Law c. 93A.<br><br>Any person . . . who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of . . . an unfair or deceptive act or practice may, as hereinafter provided, bring an action . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.<br><br>Mass. Gen. Laws Ann. 93A § 11.<br><br>"In short, a chapter 93A claimant must show that the defendant's actions fell within at least the penumbra of some common-law, statutory, or other established concept of unfairness, or were immoral, unethical, oppressive or unscrupulous, and resulted in substantial injury to competitors or other businessmen." | [C]ommon issues as to both liability and damages predominate on the elements of the breach of contract and ch. 93A claims.<br><br>Common issues predominate where individual factual determinations can be accomplished using computer records, clerical assistance, and objective criteria—thus rendering unnecessary an evidentiary hearing on each claim.<br><br>*Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38, 40 (1st Cir. 2003).<br><br>In cases involving fraudulent statements or misrepresentations, courts generally favor certification where the misrepresentations were materially uniform, but deny certification where they varied from transaction to transaction. . . . [I]n this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is no |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Clinical Tech., Inc. v. Covidien Sales, LLC*, No. CV 14-12169-PBS, 2016 WL 3360481, at *13 (D. Mass. June 16, 2016) (quoting *Ahern v. Scholz*, 85 F.3d 774, 798 (1st Cir. 1996)).<br><br>The standards governing certification of a G.L. c. 93A class action require findings that "the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated."<br><br>*Aspinall v. Philip Morris Companies, Inc.*, 813 N.E.2d 476, 484 (Mass. 2004).<br><br>*See also In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 86 (D. Mass. 2005) ("Chapter 93A does not require a showing of reliance to state a claim."). | indication that different definitions of reliance and causation will matter or cannot be resolved as a matter of law prior to trial. Thus, the common legal and factual issues predominate over the individual ones.<br><br>*In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 82, 85 (D. Mass 2005). |
| **7) New York** | New York State General Business Laws (NYGBL.) § 349 and 350.<br><br>To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. Deceptive practices are acts which are dishonest or misleading in a material respect. Deceptive acts are defined objectively as acts | What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [New York consumer fraud] claims from all class members, there is a common question.<br><br>*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted). |

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | likely to mislead a reasonable consumer acting reasonably under the circumstances.<br><br>*Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (internal citations and quotations omitted). | [T]he uniformity of TD Bank's representations to members of the class, through the account agreement, and the focus on its conduct, also renders the claims under the [New York] consumer protection statutes appropriate for certification. Indeed, courts have certified classes under each of the relevant states' consumer protection statutes when the claims arose out of the defendant's common and uniform conduct.<br><br>*In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012).<br><br>[T]hese two New York GBL statutes define a deceptive act or practice using an "objective definition," whereby deceptive acts or practices, including omissions, are "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances."<br><br>*Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 485 (C.D. Cal. 2012) (*Leider v. Ralfe,* 387 F.Supp.2d 283, 292 (S.D.N.Y. 2005)). |
| **8)  New Jersey** | NJCFA § 2, N.J.S.A. § 56:8-2.<br><br>To state a claim under the NJCFA based on an affirmative misrepresentation, a private plaintiff must show: (1) defendant engaged in deception, fraud, false pretense, false promise, or misrepresentation; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the loss. As to the first element, plaintiffs need | What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [New Jersey consumer fraud] claims from all class members, there is a common question. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | not prove intent to defraud, or that the plaintiff detrimentally relied on the representations.<br><br>*Elias v. Ungar's Food Prod., Inc.*, 252 F.R.D. 233, 247 (D.N.J. 2008) (internal citations omitted).<br><br>*See also In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 73 (D.N.J. 2009), *opinion clarified,* 267 F.R.D. 113 (D.N.J. 2010), *opinion modified on reconsideration,* No. CIV. 07-2720 DRD, 2010 WL 2976496 (D.N.J. July 22, 2010) (quoting *Elias v. Ungar's Food Prod., Inc.*, 252 F.R.D. 233, 249 (D.N.J. 2008)) ("The second element, ascertainable loss, does not require Plaintiffs to prove that they relied on Mercedes's alleged misrepresentations. To the contrary, Plaintiffs need only show that they "paid for a product and got something less than what had been promised."). | *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted).<br><br>[T]he uniformity of TD Bank's representations to members of the class, through the account agreement, and the focus on its conduct, also renders the claims under the [New Jersey] consumer protection statutes appropriate for certification. Indeed, courts have certified classes under each of the relevant states' consumer protection statutes when the claims arose out of the defendant's common and uniform conduct.<br><br>*In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012).<br><br>Irrespective of whether the trial court may be required to deal with individual claims of reliance, causation, and/or damages, the predominance factor has been met and class actions [involving consumer fraud] have been approved in this State where the court has found a common core of operative facts and the plaintiffs are seeking to redress a common legal grievance.<br><br>*Varacallo v. Massachusetts Mut. Life Ins. Co.*, 332 N.J. Super. 31, 44–45 (N.J. App. Div. 2000) (internal citations and quotations omitted). |
| **9) Ohio** | [Certification not sought] | |
| **10) Pennsylvania** | (UTPCPL) 73 Pa. Stat. §§ 201-2, 201-3. | Here, "irrespective of the individual issues which may arise, the focus of the litigation" concerns "the alleged |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | To bring a claim of fraud under the UTPCPL, Pennsylvania state court precedent requires Plaintiffs to meet the elements of common law fraud. Under Pennsylvania law, common law fraud requires: (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance.<br><br>*Levine v. First Am. Title Ins. Co.*, 682 F. Supp. 2d 442, 466–67 (E.D. Pa. 2010) (internal citations and quotations omitted).<br><br>The UTPCPL provides for a private right of action for any person who "suffers any ascertainable loss of money of property, real or personal *as a result of* the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act."<br><br>*Allen v. Holiday Universal*, 249 F.R.D. 166, 192 (E.D. Pa. 2008) (quoting 73 Pa. Stat. §§ 201-9.2). | common course" of unfair conduct embodied in TD Bank's alleged scheme to maximize overdraft fees through the hidden reordering of transactions at account posting. Any analysis of this scheme will depend on evidence relating to the standardized form account agreement and bank practices affecting all class members in a uniform manner. A scheme perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the [UTPCPL] class.<br><br>*In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 676 (S.D. Fla. 2012) (internal citations and quotations omitted).<br><br>The legal and factual questions related to this central issue-i.e., what constitutes an "initiation fee" within the meaning of the HCA and whether the Health Clubs' membership fees were "reasonably related to the Club's cost of establishing the initial health club membership"-may be asked without variation of each membership program and are independent of whether or for long how (sic) members used their memberships or otherwise accepted and/or paid for the benefits under their contracts. Because the individual differences between class members are relatively minor and primarily related to damages, the Court concludes that the proposed Class is "sufficiently cohesive to warrant adjudication by |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A) UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | | representation." Thus, the predominance requirement is satisfied. |
| | | *Allen v. Holiday Universal*, 249 F.R.D. 166, 191 (E.D. Pa. 2008). |
| | | Class certification is generally appropriate where a defendant has engaged in a pattern of uniform activity. |
| | | *Tenuto v. Transworld Sys., Inc.*, No. CIV. A. 99-4228, 2000 WL 1470213, at *4 (E.D. Pa. Sept. 29, 2000). |
| **11) Texas** | Texas Business and Commercial Code Annotated §§ 17.01, et seq. § 17.46.<br><br>To prove a claim under the TDTPA, a plaintiff must establish that defendant violated the specific prohibitions of Texas Business and Commercial Code Annotated §§ 17.46 and 17.50; one of these is using deceptive representations in connection with goods or services. The Texas Supreme Court has held that a plaintiff can prove a "false, misleading, or deceptive act" as defined in the TDTPA by demonstrating "an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking, or credulous. While the TDTPA requires a showing that defendant's misrepresentation was a cause in fact of plaintiff's injury, the Texas Supreme Court | Texas consumer protection claim may be susceptible of classwide proof if plaintiffs can show the materiality of ConAgra's representation on a classwide basis.<br><br>*In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1018 (C.D. Cal. 2015). |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| A)  UDAP | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | has held that reliance and causation can be proved on a classwide basis when appropriate. *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1016–17 (C.D. Cal. 2015) (internal citations and quotations omitted). | |

# APPENDIX

# Exhibit B

## ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF

The following chart surveys:

**(1)  The elements of fraud in each of the eleven states, which include five or more elements but all have five fundamental components that are often expressed as (a) a material misrepresentation and/or omission, (b) the speaker's knowledge of its falsity, (c) intent to deceive, (d) justifiable reliance, and (e) resulting damages; and**

**(2)  The amenability of state fraud claims to classwide proof.**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **1)  Arizona** | To establish a claim for fraud, Plaintiffs must show a concurrence of nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Jakemer v. Romano*, No. CV-06-2563-PHX-SMM, 2007 WL 704178, at *4 (D. Ariz. Mar. 5, 2007). *See also In re Gorilla Companies, LLC*, 454 B.R. 115, 118 (D. Ariz. 2011), *amended on reh'g in part sub nom. In re Gorilla Companies LLC,* No. AP-09-00266-RJH, 2011 WL 2357825 (D. Ariz. June 14, 2011) (requiring "actual reliance" on the misrepresentation in claims for fraud). | *American Continental Corp./Lincoln Sav. and Loan Securities Litig.,* 140 F.R.D. at 427, involved alleged oral misrepresentations to bond purchasers which the court determined were sufficiently uniform to warrant class treatment for securities fraud. A common scheme analysis was employed with reference to the sales approach communicated to sales representatives and proof of individual reliance was not required. *Siemer v. Associates First Capital Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *23 (D. Ariz. 2001) (discussing *American Continental Corp./Lincoln Sav. and Loan Securities Litig.*, 140 F.R.D. 425, 427 (D. Ariz. 1992)). Class actions are appropriately utilized in situations where a "standardized sales pitch" is employed. Under this fraud theory, a showing that the sales presentations were uniformly patterned on a known model provides certitude that material misrepresentations were a causative factor in each plaintiffs' decision. Thus, a class action may be maintained where plaintiffs can establish that the sales agents' representations did not vary in material respects. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | | *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 140 F.R.D. 425, 430 (D. Ariz. 1992). |
| **2) California** | [U]nder California law, the elements of a cause of action for fraud are: "(1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages."<br><br>*Chicago Male Med. Clinic, LLC v. Ultimate Mgmt., Inc.*, No. EDCV 13-00199 SJO, 2014 WL 7180549, at *12 (C.D. Cal. Dec. 16, 2014) (citing *Small v. Fritz Companies, Inc.*, 65 P.3d 1255 (Cal. 2003)).<br><br>*See also Miller v. Fuhu Inc.*, No. 2:14-CV-06119-CAS-AS, 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015) ("And in plaintiff's CLRA and common law fraud claims, reliance may be presumed by demonstrating the materiality of the alleged misrepresentations and omissions."). | There is no dispute that the alleged misrepresentations were communicated to all class members, because the representations were made at the point of sale as part of a standardized online purchasing process.<br><br>*Brazil v. Dell Inc.*, No. C-07-01700 RMW, 2010 WL 5387831, at *5 (N.D. Cal. Dec. 21, 2010).<br><br>Common questions predominate regarding all of plaintiff's fraud-based claims. . . . Since materiality, like the reasonable consumer test, concerns objective features of allegedly fraudulent representations and omissions, not subjective questions of how those representations and omissions were perceived by each individual consumer, materiality presents common questions of fact suitable for class litigation.<br><br>*Miller v. Fuhu Inc.*, No. 2:14-CV-06119-CAS-AS, 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015). |
| **3) Florida** | Under Florida law, "there are four elements of fraudulent misrepresentation: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." | [W]hile each plaintiff must prove reliance, he or she may do so through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue).<br><br>*James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1259 (11th Cir. 2004), *abrogated in part on* |

2

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.,* 275 F.R.D. 638, 646 (M.D. Fla. 2011) (internal citations omitted).<br><br>*See also id.* (requiring proof of reliance as to each class member, but allowing proof of reliance through common classwide evidence). | *other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639 (2008)). |
| **4) Georgia** | The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff.<br><br>*Remedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67, 67, 220 S.E.2d 74, 75 (1975).<br><br>*See also Life Ins. Co. of Georgia v. Meeks*, 274 Ga. App. 212, 218 (Ga. 2005) (reliance may be presumed in fraud claims based on written misrepresentations). | In claims of fraud based upon written representations, the reliance element may sometimes be presumed. "There need not be a total absence of individual questions of law or fact as long as the common questions predominate."<br><br>*Life Ins. Co. of Georgia v. Meeks*, 274 Ga. App. 212, 218 (Ga. 2005) (quoting *Trend Star Continental, Ltd. v. Branham,* 220 Ga. App. 781, 782(1) (Ga. 1996)); *see also Liberty Lending Servs. v. Canada*, 293 Ga. App. 731, 741, 668 S.E.2d 3, 12 (2008). |
| **5) Illinois** | In order to set forth a cause of action for common-law fraud, a complaint must set forth specific facts that establish each of the following elements: "(1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing | While consumer fraud class actions present problems that courts must carefully consider before granting certification, there is not and should not be a rule that they never can be certified. . . . Proximate cause, however, is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | reliance; and (7) such reliance led to the plaintiff's injury." <br><br> *Oldendorf v. Gen. Motors Corp.,* 322 Ill. App. 3d 825, 831, 751 N.E.2d 214, 219 (2001) (internal citations omitted). <br><br> *See also Morse v. Abbott Labs.,* 756 F. Supp. 1108, 1112 (N.D. Ill. 1991) ("Claims for common law fraud and negligent misrepresentation require a showing of actual reliance."). | *Pella Corp. v. Saltzman,* 606 F.3d 391, 393-94 (7th Cir. 2010). <br><br> Every consumer fraud case involves individual elements of reliance or causation. As we commented in *IKO Roofing,* a rule requiring 100% commonality would eviscerate consumer-fraud class actions. And because few if any injured parties would bring suit to recover the paltry individual damages available in most consumer fraud cases, such a rule would undermine enforcement against "tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits," in direct contradiction of Rule 23(b)(3)'s purpose <br><br> *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 759–60 (7th Cir. 2014) (vacating district court denial of class certification and finding that district court made an "error of law" in holding that individual issues of reliance and causation predominated in consumer fraud class action). |
| **6) Massachusetts** | The elements of [intentional] misrepresentation are well established: in order to recover, plaintiff 'must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage. | In cases involving fraudulent statements or misrepresentations, courts generally favor certification where the misrepresentations were materially uniform, but deny certification where they varied from transaction to transaction. . . . [I]n this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is no indication that different definitions of reliance and |

4

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Massachusetts v. Mylan Labs.,* 357 F. Supp. 2d 314, 321 (D. Mass. 2005).<br><br>*See also In re Neurontin Mktg., Sales Practices & Prod. Liab. Litig.,* 618 F. Supp. 2d 96, 111 (D. Mass. 2009) (requiring "actual reliance"). | causation will matter or cannot be resolved as a matter of law prior to trial. Thus, the common legal and factual issues predominate over the individual ones.<br><br>*In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 82, 85 (D. Mass 2005). |
| **7) New York** | The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages.<br>*Mitchell v. Diji,* 134 A.D.3d 779, 780, 22 N.Y.S.3d 464 (N.Y. App. Div. 2015).<br><br>*See also Ackerman, et al. v. Price Waterhouse*, 683 N.Y.S.2d 179, 197, 198 (N.Y. App. 1998) (citing (*see, Pruitt v. Rockefeller Center Properties, Inc.*, 167 A.D.2d 14, 21 (N.Y. App. 1991)) ("[W]here a defendant makes materially misleading omissions, justifying a presumption of reliance, class certification should not be denied on the ground that individual issues of reliance exist. Additionally, we have stated that reliance issues are no bar to class certification where identical representations are made in writing to a large group."). | The Second Circuit has held that the predominance requirement is met for [New York] claims sounding in fraud that are based on uniform representations made to all members of the class. Here, because defendant uniformly misrepresented its pomace oil to be 100% Pure Olive Oil to all class members, this action with its standardized misrepresentations established by generalized proof is appropriate for class certification.<br>*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 569 (S.D.N.Y. 2014), *reconsideration denied,* No. 13 CIV. 2311 JSR, 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014). |
| **8) New Jersey** | The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing | The Second Circuit has held that the predominance requirement is met for [New Jersey] claims sounding |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.<br><br>*Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610, 691 A.2d 350, 367 (N.J. 1997).<br><br>*See also Union Ink Co. v. AT&T Corp.,* 352 N.J. Super. 617, 646, 801 A.2d 361, 379–80 (App. Div. 2002) ("Common law fraud requires a showing of actual reliance, but not objectively reasonable reliance, since the perpetrator of a fraud may not urge that the victim should have been 'more circumspect or astute.'"). | in fraud that are based on uniform representations made to all members of the class. Here, because defendant uniformly misrepresented its pomace oil to be 100% Pure Olive Oil to all class members, this action with its standardized misrepresentations established by generalized proof is appropriate for class certification.<br><br>*Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561, 569 (S.D.N.Y. 2014), *reconsideration denied,* No. 13 CIV. 2311 JSR, 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014).<br><br>Irrespective of whether the trial court may be required to deal with individual claims of reliance, causation, and/or damages, the predominance factor has been met and class actions [involving consumer fraud] have been approved in this State where the court has found a common core of operative facts and the plaintiffs are seeking to redress a common legal grievance.<br><br>*Varacallo v. Massachusetts Mut. Life Ins. Co.,* 332 N.J. Super. 31, 44–45 (N.J. App. Div. 2000) (internal citations and quotations omitted). |
| **9)  Ohio** | The elements of fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with intent to | [A] case involving a common scheme across the entire class should be certified as a class action notwithstanding the need for each class member to prove inducement and reliance. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | mislead another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.<br><br>*Levy v. Seiber,* 2016-Ohio-68, ¶ 30, 57 N.E.3d 331, 338, *appeal not allowed*, 2016-Ohio-5585, ¶ 30, 146 Ohio St. 3d 1490, 57 N.E.3d 1170.<br><br>*See also Hamilton v. Ohio Sav. Bank*, 694 N.E.2d 442, 456 (Ohio 1998) ("[P]roof of reliance in this case may be sufficiently established by inference or presumption."). | *Carder Buick-Olds Co., Inc. v. Reynolds & Reynolds, Inc.*, 775 N.E. 2d 531, 540 (Ohio Ct. App. 2002) (internal citations omitted).<br><br>Courts generally find that the existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claim, especially where written misrepresentations or omissions are involved. They recognize that when a common fraud is perpetrated on a class of persons, those persons should be able to pursue an avenue of proof that does not focus on questions affecting only individual members. If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis.<br><br>*Cope v. Metro. Life Ins. Co.,* 1998-Ohio-405, 82 Ohio St. 3d 426, 430, 696 N.E.2d 1001, 1004. |
| **10) Pennsylvania** | Under Pennsylvania law, a fraudulent misrepresentation claim has six elements:<br><br>"(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." | We do not believe that our discussion of predominance in our prior cases intended to either license such behavior by placing it beyond the reach of Rule 23 or to supply a roadmap that would guide the unscrupulous in designing fraudulent schemes that would be beyond the reach of Rule 23. Otherwise, although such subtle but irrelevant variations in the manner of defrauding members of the public would not insulate unscrupulous marketers from liability in individual suits, it would—for all practical purposes—insulate them from class actions. An interpretation of Rule 23 that places class actions |

| B) FRAUD | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 771 (3d Cir. 2009) (internal citations omitted).<br><br>*See also Keyser v. Commonwealth Nat. Fin. Corp.*, 121 F.R.D. 642, 649 (M.D. Pa. 1988) (requiring a showing of "direct reliance" for common law fraud claims). | beyond the reach of consumers who have been victimized by fraudulent schemers who are wise enough to adopt schemes with subtle (but meaningless) variations would invite the kind of consumer fraud that Reyes is alleging here.<br><br>*Reyes v. Netdeposit, LLC*, 802 F.3d 469, 491 (3d Cir. 2015).<br><br>[C]lass certification is particularly appropriate since there are no individual questions regarding fraud or misrepresentation. Proof that a material misrepresentation was made and that defendant intended the representation to be made will be common to all members of the class.<br><br>*Gruber v. Price Waterhouse,* 117 F.R.D. 75, 81 (E.D. Pa. 1987). |
| **11) Texas** | Under Texas law, a fraud claim requires a plaintiff to show that: (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. | The evidence in the record supports the finding that Wells Fargo, in fact, *has* engaged in a standard practice of representing the same amount of fees incurred in each case, regardless of the variation of circumstances surrounding that case. Wells Fargo's representations and state of mind are thus common issues affecting the class as a whole.<br><br>*In re Mounce*, 390 B.R. 233, 249–50 (Bankr. W.D. Tex. 2008). |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| B) FRAUD | | |
| --- | --- | --- |
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Agyei v. Endurance Power Prod., Inc.*, No. 4:15-CV-1389, 2016 WL 4272996, at *7 (S.D. Tex. Aug. 1, 2016).<br><br>*See also In re Mounce*, 390 B.R. 233, 248 (Bankr. W.D. Tex. 2008) ("[W]hile reliance is an essential element of a claim for fraud or misrepresentation under Texas law, a fraud victim's reliance on a fraudfeasor's misrepresentations may be inferred from circumstantial evidence."). | |

# APPENDIX

# Exhibit C

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

The following chart surveys:

**(1) The elements of negligent misrepresentation in each of the eleven states, which all consist of four, or fewer, basic components that are often expressed as (a) a material misrepresentation and/or omission, (b) intent to induce reliance, (c) justifiable reliance, and (d) resulting damages; and**

**(2) The amenability of state negligent misrepresentation claims to classwide proof.**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| 1) **Arizona** | Under Arizona law, a defendant is liable for negligent misrepresentation when he or she negligently provides false information to another in the course of his business or employment and the other party, justifiably relying on this false information, incurs damages.<br><br>*Allstate Life Ins. Co. v. Robert W. Baird & Co.,* 756 F. Supp. 2d 1113, 1165–66 (D. Ariz. 2010), *on reconsideration in part sub nom. In re Allstate Life Ins. Co. Litig.,* No. CV-09-8162-PCT-GMS, 2012 WL 1900560 (D. Ariz. May 24, 2012).<br><br>*Grimmelmann v. Pulte Home Corp.,* No. CV-08-1757-PHX-FJM, 2010 WL 2744943, at *8 (D. Ariz. July 9, 2010) (presumption of reliance available in cases regarding omissions). | The presumption of reliance has since been applied to satisfy Rule 23(b)(3)'s predominance requirement . . . in fraud cases based on omissions.<br><br>*Grimmelmann v. Pulte Home Corp.,* No. CV-08-1757-PHX-FJM, 2010 WL 2744943, at *8 (D. Ariz. July 9, 2010). |
| 2) **California** | The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. | There is no dispute that the alleged misrepresentations were communicated to all class members, because the representations were made at the point of sale as part of a standardized online purchasing process.<br>*Brazil v. Dell Inc.,* No. C-07-01700 RMW, 2010 WL 5387831, at *5 (N.D. Cal. Dec. 21, 2010). |

1

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Keller v. Narconon Fresh Start,* No. 14-CV-2168 BAS RBB, 2015 WL 1874722, at *5 (S.D. Cal. Apr. 23, 2015)<br><br>*Brazil v. Dell Inc.,* No. C-07-01700 RMW, 2010 WL 5387831, at *5 (N.D. Cal. Dec. 21, 2010) ("a presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material…") | Common questions predominate regarding all of plaintiff's fraud-based claims.<br><br>*Miller v. Fuhu Inc.,* No. 2:14-CV-06119-CAS-AS, 2015 WL 7776794, at *16 (C.D. Cal. Dec. 1, 2015). |
| **3)  Florida** | In order to be actionable, a suit for negligent misrepresentation must contain the following elements: (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.<br><br>*Wallerstein v. Hosp. Corp. of Am.,* 573 So. 2d 9, 10 (Fla. Dist. Ct. App. 1990).<br><br>*City of St. Petersburg v. Total Containment, Inc.,* 265 FRD 630, 638 (S.D. Fla. 2010) (proof of "actual reliance" required, but element of reliance not a bar to class certification). | [W]hile each plaintiff must prove reliance, he or she may do so through common evidence (that is, through legitimate inferences based on the nature of the alleged misrepresentations at issue).<br><br>*James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.,* 275 F.R.D. 638, 646 (M.D. Fla. 2011) (quoting *Klay v. Humana, Inc.,* 382 F.3d 1241, 1259 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639 (2008)). |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **4)  Georgia** | The essential elements of a claim of negligent misrepresentation are ...: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.<br><br>*Home Depot U.S.A., Inc. v. Wabash Nat. Corp.,* 314 Ga. App. 360, 367, 724 S.E.2d 53, 60 (2012).<br><br><br>*Life Ins. Co. of Georgia v. Meeks*, 274 Ga. App. 212, 218, 617 S.E.2d 179, 185 (2005) ("In claims of fraud based upon written representations, the reliance element may sometimes be presumed."). | In claims of fraud based upon written representations, the reliance element may sometimes be presumed. "There need not be a total absence of individual questions of law or fact as long as the common questions predominate."<br><br>*Life Ins. Co. of Georgia v. Meeks*, 274 Ga. App. 212, 218 (Ga. 2005) (quoting *Trend Star Continental, Ltd. v. Branham,* 220 Ga. App. 781, 782(1) (Ga. 1996)); *see also Liberty Lending Servs. v. Canada*, 293 Ga. App. 731, 741, 668 S.E.2d 3, 12 (2008). |
| **5)  Illinois** | Negligent misrepresentation consists of: (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.<br><br>*Capiccioni v. Brennan Naperville, Inc*., 339 Ill. App. 3d 927, 938, 791 N.E.2d 553, 562 (2003). | While consumer fraud class actions present problems that courts must carefully consider before granting certification, there is not and should not be a rule that they never can be certified. . . . Proximate cause, however, is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification.<br><br>*Pella Corp. v. Saltzman*, 606 F.3d 391, 393-94 (7th Cir. 2010).<br><br>Every consumer fraud case involves individual elements of reliance or causation. As we commented in *IKO Roofing,* a rule requiring 100% commonality would eviscerate consumer-fraud class actions. And |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Wieboldt Stores, Inc. By & Through Raleigh v. Schottenstein*, 111 B.R. 162, 174 (N.D. Ill. 1990) (requiring showing of actual reliance for negligent misrepresentation claims). | because few if any injured parties would bring suit to recover the paltry individual damages available in most consumer fraud cases, such a rule would undermine enforcement against "tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits," in direct contradiction of Rule 23(b)(3)'s purpose.<br><br>*Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 759–60 (7th Cir. 2014) (vacating district court denial of class certification and finding that district court made an "error of law" in holding that individual issues of reliance and causation predominated in consumer fraud class action). |
| 6)  **Massachusetts** | To prevail on their negligent misrepresentation claims, the plaintiffs must establish in this context that the defendants, "in the course of [their] business, profession or employment, or in any other transaction in which [they had] a pecuniary interest, suppli[ed] false information for the guidance of others in their business transactions" without exercising "reasonable care or competence in obtaining or communicating the information," that those others justifiably relied on the information, and that they suffered pecuniary loss caused by their justifiable reliance upon the information. | In cases involving fraudulent statements or misrepresentations, courts generally favor certification where the misrepresentations were materially uniform, but deny certification where they varied from transaction to transaction. . . . [I]n this context, where consumers (elderly people with cancer or another serious disease) make a percentage co-payment based on the stated AWP, there is no indication that different definitions of reliance and causation will matter or cannot be resolved as a matter of law prior to trial. Thus, the common legal and factual issues predominate over the individual ones. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.,* 455 Mass. 458, 471–72, 918 N.E.2d 36, 47–48 (2009) (internal citations omitted).<br><br>*Imprimis Inv'rs, LLC v. KPMG Peat Marwick, LLP*, No. 995312BLS, 2005 WL 704815, at *5 (Mass. Super. Feb. 14, 2005), *aff'd,* 868 N.E.2d 143 (Mass. App. Ct. 2007) (requiring "actual" reliance for negligent misrepresentation claims). | *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 82, 85 (D. Mass 2005). |
| **7) New York** | On a cause of action alleging negligent misrepresentation, the plaintiff is required to demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.<br><br>*Ginsburg Dev. Companies, LLC v. Carbone,* 134 A.D.3d 890, 894, 22 N.Y.S.3d 485, 490 (N.Y. App. Div. 2015).<br><br>*Ackerman v. Price Waterhouse*, 252 A.D.2d 179, 198, 683 N.Y.S.2d 179 (1998) ("[W]e have previously held that where a defendant makes materially misleading omissions, justifying a presumption of reliance, class certification should not be denied on the ground that individual issues of reliance exist … Additionally, we have stated that reliance issues are no bar to class certification | The Second Circuit has held that the predominance requirement is met for claims sounding in fraud [including New York and New Jersey] that are based on uniform representations made to all members of the class. Here, because defendant uniformly misrepresented its pomace oil to be 100% Pure Olive Oil to all class members, this action with its standardized misrepresentations established by generalized proof is appropriate for class certification.<br><br>*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 569 (S.D.N.Y. 2014), *reconsideration denied,* No. 13 CIV. 2311 JSR, 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014).<br><br>[W]e have stated that reliance issues are no bar to class certification where identical representations are made in writing to a large group.<br><br>*Ackerman, et al. v. Price Waterhouse*, 683 N.Y.S.2d 179, 197, 198 (N.Y. App. 1998) (citing (*see, Pruitt v.* |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | where identical representations are made in writing to a large group") (internal citations omitted). | *Rockefeller Center Properties, Inc.*, 167 A.D.2d 14, 21 (N.Y. App. 1991)). |
| **8)  New Jersey** | To establish a claim for negligent misrepresentation, a plaintiff must show '[a]n incorrect statement, negligently made and justifiably relied on,' which results in economic loss.<br><br>*Konover Const. Corp. v. E. Coast Const. Servs. Corp.,* 420 F. Supp. 2d 366, 370 (D.N.J. 2006) (internal citations omitted).<br><br>*In re IGI Sec. Litig.,* 122 F.R.D. 451, 461–62 (D.N.J. 1988) (acknowledging that negligent misrepresentation claims require "actual" reliance but noting that questions of "actual reliance do not render class treatment of the pendent claims unworkable"). | The Second Circuit has held that the predominance requirement is met for claims sounding in fraud [including in New York and New Jersey that] are based on uniform representations made to all members of the class. Here, because defendant uniformly misrepresented its pomace oil to be 100% Pure Olive Oil to all class members, this action with its standardized misrepresentations established by generalized proof is appropriate for class certification.<br><br>*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 569 (S.D.N.Y. 2014), *reconsideration denied,* No. 13 CIV. 2311 JSR, 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014). |
| **9)  Ohio** | Therefore, the elements for negligent misrepresentation "require (1) a defendant who is in the business of supplying information; and (2) a plaintiff who sought guidance with respect to his business transactions from the defendant."<br><br>*Hamilton v. Sysco Food Servs. of Cleveland, Inc.,* 2006-Ohio-6419, ¶ 20, 170 Ohio App. 3d 203, 208, 866 N.E.2d 559, 562–63 (internal citations omitted).<br><br>*Amato v. Gen. Motors Corp.*, 11 Ohio App. 3d 124, 128, 463 N.E.2d 625, 629 (1982) (noting that | Because Plaintiffs allege a duty to disclose arising from omissions in *standardized, form documents,* especially the insurance application, they allege a set of uniform disclosures that are not materially varied. As permitted under state (Ohio) and federal law, a fact-finder could reasonably infer that the class members' purchase of the insurance after completing the insurance application constitutes proof of reliance (on the disclosures in the application) that is common to all class members. Common questions, therefore, predominate with regard to Plaintiffs' fraud claim, and |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | "proof of reliance may be sufficiently established by inference or presumption from circumstantial evidence to warrant submission to a jury without direct testimony from each member of the class"). | the proposed class is not barred by the requirements imposed by Rule 23(b)(3). *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 521 (N.D. Ohio 2008). [A] case involving a common scheme across the entire class should be certified as a class action notwithstanding the need for each class member to prove inducement and reliance. *Carder Buick-Olds Co., Inc. v. Reynolds & Reynolds, Inc.*, 775 N.E. 2d 531, 540 (Ohio Ct. App. 2002) (internal citations omitted). |
| **10) Pennsylvania** | The elements of a common law claim for negligent misrepresentation are: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. *Gongloff Contracting, L.L.C. v. L. Robert Kimball & Associates, Architects & Engineers, Inc.,* 2015 PA Super 149, 119 A.3d 1070, 1076 (2015) (internal quotations omitted). *In Re Bell Atl. Corp. Sec. Litig.,* No. 91-514, 1995 WL 733381, at *6 (E.D. Pa. Dec. 11, 1995) (noting that "direct reliance remains an essential element of a common law negligent misrepresentation claim"). | Issues regarding the existence of any misrepresentation/omission, materiality, and intent are relevant to both the federal and state claims and thus common to all members of the class. These questions predominate over the issue of reliance in this case, especially where the court can resolve that latter issue through a variety of mechanisms, including questionnaires, separate hearings, or special masters, if needed. Moreover, a class action in such instances is a more efficient and economical method of handling Plaintiffs' claims because it eliminates the possibility of protracted and duplicative state proceedings. Accordingly, the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3) are also met on the [negligent misrepresentation] claims. |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| C) NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | | *In Re Bell Atl. Corp. Sec. Litig.*, No. 91-514, 1995 WL 733381, at *7 (E.D. Pa. Dec. 11, 1995) (internal citations omitted). |
| **11) Texas** | The elements of a negligent-misrepresentation cause of action consist of: (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury. <br><br>*Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App. 2013). <br><br>*In re Mounce*, 390 B.R. 233, 249 (Bankr. W.D. Tex. 2008) ("In accordance with Texas law, the class members' reliance in this case may be established by circumstantial evidence and without individual proof of each member's reliance."). | The evidence in the record supports the finding that Wells Fargo, in fact, *has* engaged in a standard practice of representing the same amount of fees incurred in each case, regardless of the variation of circumstances surrounding that case. Wells Fargo's representations and state of mind are thus common issues affecting the class as a whole. <br><br>*In re Mounce*, 390 B.R. 233, 249–50 (Bankr. W.D. Tex. 2008). |

# APPENDIX

# Exhibit D

## ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF

The following chart surveys:

**(1) The elements of unjust enrichment in each of the eleven states, which include two or more elements but all have two fundamental components that are often expressed as (a) the plaintiff conferred a benefit on the defendant, and (b) the defendant unjustly retained that benefit; and**

**(2) The amenability of state unjust enrichment claims to classwide proof.**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **1)  Arizona** | A claim of unjust enrichment under Arizona law has five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." <br><br> *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 991 (D. Ariz. 2011) (quoting *Freeman v. Sorchych*, 226 Ariz. 242, 245 P.3d 927, 936 (Ariz. Ct. App.2011)). | [B]ecause Plaintiffs have satisfied the reliance component of their ACFA claim, Defendants' arguments to deny class certification of Plaintiffs' derivative negligent supervision and unjust enrichment claims are overruled. <br><br> *Siemer v. Associates First Capital Corp.*, No. CV97-281TUCJMRJCC, 2001 WL 35948712, at *4 (D. Ariz. 2001) (discussing *American Continental Corp./Lincoln Sav. and Loan Securities Litig.*, 140 F.R.D. 425, 427 (D. Ariz. 1992)). |
| **2)  California** | [T]he elements of unjust enrichment are: (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another. <br><br> *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 668 (S.D. Cal. 2010) (citing *Peterson v. Cellco P'ship*, 80 Cal.Rptr.3d 316, 323 (2008)). | What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [California unjust enrichment] claims from all class members, there is a common question. <br><br> *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted). |

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | | [C]ommon questions predominate as to the unjust enrichment claim. The issue of harm to the plaintiffs, the benefit, and the retention of that benefit are all easily resolved class wide. In fact, it is unclear that any issues on the unjust enrichment claim are individual.<br><br>*In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 669 (S.D. Cal. 2010).<br><br>[G]iven the classic class-wide questions that can be answered the same way for all borrowers, on this record, and in accord with other decisions in this district, the court finds that individual issues do not defeat predominance on the unjust enrichment claim.<br><br>*Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506 LB, 2014 WL 2734953, at *28 (N.D. Cal. June 13, 2014).<br><br>[The defendant]'s arguments ignore the allegations in Plaintiffs' SAC which charge all of the Defendants, including ARC, with a massive common scheme that resulted in unjust enrichment for all Defendants and affected all class members. . . . [T]he determination of [the defendant]'s liability on the unjust enrichment claim can be made from common class-wide proof.<br><br>*Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239–40 (C.D. Cal. 2003). |
| **3) Florida** | The elements of a cause of action for unjust enrichment are (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily accepts and | Although unjust enrichment ordinarily requires individualized inquiries, this is not an ordinary case. As in *Priceline.com,* [defendant]'s conduct was the same with regard to each class member in all relevant |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.<br><br>*Hinson Elec. Contracting Co., Inc. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 646 (M.D. Fla. 2011). | respects. The issue of whether it is equitable for [defendant] to retain the full amount of its bills when such amounts exceeded what [defendant] could recover in an action at law thus appears to be subject to common proof.<br><br>*James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 647 (M.D. Fla. 2011). |
| **4) Georgia** | [T]he essential elements of the [unjust enrichment] claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust.<br><br>*Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012). | In essence, [plaintiff] asserts that regardless of the class members' knowledge, [defendant]'s standard sales methods and practices-such as unilaterally placing the automobile club membership in the insurance quote-give rise to various causes of action, including breach of contract and unjust enrichment. Given the evidence presented, as well as [plaintiff]'s characterization of her claims, the trial court did not abuse its discretion in determining that common issues among class members predominate over individual issues.<br><br>*Vill. Auto Ins. Co. v. Rush*, 286 Ga. App. 688, 691 (Ga. Ct. App. 2007). |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **5)  Illinois** | To state an unjust enrichment claim under Illinois law, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violated fundamental principles of justice, equity, and good conscience.<br><br>*In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1000 (C.D. Cal. 2015). | [T]he court concludes that the putative Illinois class's ICFA and unjust enrichment claims are susceptible of classwide proof if plaintiffs can establish that ConAgra's "100% Natural" claim was material.<br><br>*In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1001 (C.D. Cal. 2015).<br><br>What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [Illinois unjust enrichment] claims from all class members, there is a common question.<br><br>*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted).<br><br>[T]he same common operative facts that form the basis for [the Illinois class's] antitrust claims forms the basis for the unjust enrichment claims.<br><br>*In re Terazosin Hydrochloride*, 220 F.R.D. 672, 698 (S.D. Fla. 2004). |
| **6)  Massachusetts** | To satisfy the five elements of unjust enrichment, a plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the | In this case, it is clear that the issues common to the class predominate over those that are personal to individual class members. The dominant common questions include whether Gillette's advertising was false or misleading, whether the company's conduct violated the statutory and/or common law causes of |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | absence of justification and (5) the absence of a remedy provided by law. *Massachusetts v. Mylan Labs.*, 357 F.Supp.2d 314, 324 (D. Ma. 2005) (citing *In re Lupron Marketing and Sales Practices Litigation*, 295 F. Supp. 2d 148 (D. Ma. 2003)). | action [including unjust enrichment] delineated in the Amended Complaint, and whether the class members suffered damages as a result of this conduct. Even if state consumer statutes or other state causes of action differ in arguably material ways, common questions, not individual issues, predominate among and within each state's legal regimes. *In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45, 56 (D. Mass. 2010). |
| **7) New York** | "Under New York law, a plaintiff asserting a claim of unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant." *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176–77 (2d Cir. 2012) (quoting *Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009)). | What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [New York unjust enrichment] claims from all class members, there is a common question. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted). So, too, with Plaintiffs' [New York] unjust enrichment claims—courts often certify unjust enrichment claims because "common questions predominate" and are "all easily resolved class wide." *In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (quoting *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 669 (S.D. Cal. 2010)). |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| **8)  New Jersey** | "In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched. At the core of each state's law are two fundamental elements—the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. . . . In other words, regardless of which state's unjust enrichment elements are applied, the result is the same."<br><br>*In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009), *opinion clarified,* 267 F.R.D. 113 (D.N.J. 2010), *opinion modified on reconsideration,* No. CIV. 07-2720 DRD, 2010 WL 2976496 (D.N.J. July 22, 2010) (quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007) *rev'd on other grounds,* 2009 WL 826842, 328 Fed. Appx. 121 (3d Cir. 2009)). | What matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. The critical point is the need for *conduct* common to members of the class. . . . Where the same conduct or practice by the same defendant gives rise to the same kind of [New Jersey unjust enrichment] claims from all class members, there is a common question.<br><br>*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (internal citations and quotations omitted).<br><br>So, too, with Plaintiffs' [New Jersey] unjust enrichment claims—courts often certify unjust enrichment claims because "common questions predominate" and are "all easily resolved class wide."<br><br>*In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (quoting *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 669 (S.D. Cal. 2010)). |
| **9)  Ohio** | To recover on a claim of unjust enrichment, a party must show: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment."<br><br>*In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, 684 F. Supp. 2d 942, 951 (N.D. Ohio 2009) (quoting *Hambleton v. R.G.* | Plaintiffs argue that there is commonality as to both legal and factual questions in this case. For example, they argue that the following common questions (of law and fact) exist in this case: . . . Whether the conduct of the Defendants, as described in the Plaintiffs First Amended Class Action Complaint, supports Plaintiffs claims for fraud and unjust enrichment; . . . The Court finds, therefore, that sufficient common questions of law or fact exist to |

**ELEMENTS OF STATE LAW CLAIMS AND AMENABILITY TO CLASSWIDE PROOF**

| D) UNJUST ENRICHMENT | | |
|---|---|---|
| **State** | **Elements** | **Citations Regarding Classwide Proof** |
| | *Barry Corp.*, 465 N.E. 2d 1298, 1302 (Ohio 1984)). | satisfy Rule 23(a)(2). . . [C]lass certification ultimately is *wholly* appropriate in this case. . . . <br><br> *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 523, 529 (N.D. Ohio 2008). |
| **10) Pennsylvania** | In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched. At the core of each state's law are two fundamental elements—the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. . . . In other words, regardless of which state's unjust enrichment elements are applied, the result is the same. <br><br> *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007), *rev'd on other grounds*, 2009 WL 826842, 328 Fed. Appx. 121 (3d Cir. 2009). | So, too, with Plaintiffs' [Pennsylvania] unjust enrichment claims—courts often certify unjust enrichment claims because "common questions predominate" and are "all easily resolved class wide." <br><br> *In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (quoting *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 669 (S.D. Cal. 2010)). |
| **11) Texas** | Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. <br><br> *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App. 2013). | [W]e hold that the trial court did not abuse its discretion in finding that individual issues of liability for the breach of warranty and unjust enrichment claims will not predominate over common issues at trial. <br><br> *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 923 (Tex. 2010). |