1  Enu Mainigi (*Pro Hac Vice*)
   Luba Shur (*Pro Hac Vice*)
2  Grant A. Geyerman (*Pro Hac Vice*)
   WILLIAMS & CONNOLLY LLP
3  725 Twelfth Street, N.W.
   Washington, DC 20005
4  Telephone: (202) 434-5000
   Facsimile: (202) 434-5029
5
   Edward W. Swanson (State Bar No. 159859)
6  August Gugelmann (State Bar No. 240544)
   SWANSON & McNAMARA LLP
7  300 Montgomery Street, Suite 1100
   San Francisco, CA 94104
8  Telephone: (415) 477-3800
   Facsimile: (415) 477-9010
9
   *Attorneys for CVS Pharmacy, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER CORCORAN, et al., | No. 15-CV-03504-YGR |
| Plaintiffs, | **CLASS ACTION** |
| v. | **DECLARATION OF THOMAS S. MOFFATT IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** |
| CVS PHARMACY, INC., | |
| Defendant. | |

15-CV-03504-YGR

I, Thomas S. Moffatt, pursuant to 28 U.S.C. § 1746, hereby affirm that I am over 18 years of age and am competent to make the following Declaration:

1. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge. I am authorized to make this Declaration on behalf of Defendant CVS Pharmacy, Inc. ("CVS"). I authorize the use of this Declaration in connection with the above-captioned lawsuit.

2. I have been employed by CVS since August 1997, and currently hold the position of Vice President, Secretary and Assistant General Counsel – Corporate Services of CVS.

3. I submit this Declaration in support of CVS's Administration Motion to File Under Seal Materials Designated as Confidential ("Motion") (Nov. 21, 2016), which seeks to file under seal certain exhibits or portions thereof to CVS's Opposition to Plaintiffs' Motion for Class Certification ("Opposition") and CVS's Motion to Strike Dr. Joel Hay's Opinion Regarding Plaintiffs' Qualifying Transactions and Exclude Evidence of Undisclosed Transactions ("Motion to Strike"). Exhibits referenced in CVS's Opposition are numbered (e.g., Exhibit 1), while exhibits referenced in Defendant's Motion to Strike are lettered (e.g., Exhibit A). CVS seeks to seal all exhibits listed in this Motion in their entirety unless indicated otherwise.

4. The following exhibits are copies of CVS's agreements with business partners (or composites thereof) who are not parties to this lawsuit. CVS does not routinely disclose publicly its agreements with business partners; the agreements are confidential, and CVS is contractually bound to keep the agreements listed in ¶¶ 4.a to 4.f confidential.

     a.     Exhibit 63 (National Pharmacy Services Agreement between Aetna Health Management, LLC, and CVS Pharmacy, Inc. (Jan. 15, 2009)).

     b.     Exhibit 64 (Participating Agreement for Pharmacy Chain between Argus Health Systems, Inc. and CVS Pharmacy, Inc. (Feb. 25, 2002)).

     c.     Exhibit 65 (Provider Agreement between Catamaran LLC and CVS Pharmacy, Inc. (Dec. 11, 2014)).

     d.     Exhibit 66 (Commercial Preferred or Restricted Value Added Network Program between Coventry Health Care, Inc. and CVS Pharmacy, Inc. (Jan, 1, 2014)).

     e.     Exhibit 67 (Pharmacy Network Agreement between OptumRx, Inc., and CVS Pharmacy, Inc. (Jan. 29, 2015)).

     f.     Exhibit 68 (Participating Pharmacy Agreement between Rx Options, LLC and CVS Pharmacy, Inc. (Jan. 1, 2014)).

     g.     Exhibit 74 (chart compiling CVS's confidential agreements with 109 business partners who are not parties to this lawsuit).

5.     The following exhibits are Plaintiffs' prescription records and transcript excerpts from the depositions of Plaintiffs (or composites thereof). These exhibits are confidential because they contain protected health information.

     a.     Exhibits 69–71 (prescription records for Carolyn Caine, Christopher Corcoran, and Avis Zulema).

     b.     Exhibit 73 (chart appending portions of Plaintiffs' prescription records and transcript excerpts from Plaintiffs' depositions).

     c.     Exhibit F and G (charts describing Plaintiffs' at-issue transactions).

6. The following exhibits are interrogatory responses and transcript excerpts from the depositions of Plaintiffs.

    a. Exhibits 1–6 and B (charts excerpting and summarizing portions of Plaintiffs' depositions).

    b. Exhibit 29 (Zulema Avis Deposition Transcript Excerpts (Aug. 5, 2016)).

    c. Exhibit 30 (Deborah Barrett Deposition Transcript Excerpts (Sept. 16, 2016)).

    d. Exhibit 31 (Gilbert Brown Deposition Transcript Excerpts (Oct. 13, 2016)).

    e. Exhibit 32 (Carolyn Caine Deposition Transcript Excerpts (July 26, 2016)).

    f. Exhibit 33 (Tyler Clark Deposition Transcript Excerpts (Oct. 26, 2016)).

    g. Exhibit 34 (Christopher Corcoran Deposition Transcript Excerpts (Nov. 3, 2016)).

    h. Exhibit 35 (Robert Garber Deposition Transcript Excerpts (Sept. 21, 2016)).

    i. Exhibit 36 (Vincent Gargiulo Deposition Transcript Excerpts (Aug. 27, 2016)).

    j. Exhibit 37 (Amanda Gilbert Deposition Transcript Excerpts (Sept. 7, 2016)).

    k. Exhibit 38 (Zachary Hagert Deposition Transcript Excerpts (Aug. 12, 2016)).

    l. Exhibit 39 (Robert Jenks Deposition Transcript Excerpts (July 28, 2016)).

    m. Exhibit 40 (Toni Odorisio Deposition Transcript Excerpts (Aug. 18, 2016)).

    n. Exhibit 41 (Onnolee Samuelson Deposition Transcript Excerpts (Aug, 19, 2016)).

    o. Exhibit 42 (Carl Washington Deposition Transcript Excerpts (Aug. 30,

2016)).

    p.    Exhibit 43 (Walter Wulff Deposition Transcript Excerpts (Aug. 9, 2016)).

    q.    Exhibit 44 and C (Linda Krone Deposition Transcript Excerpts (Aug. 5, 2016)).

    r.    Exhibits 48–62 (Plaintiffs' operative interrogatory responses).

    s.    Exhibit A (chart excerpting and summarizing portions of Plaintiffs' interrogatory responses).

7. The following exhibit is a declaration from a CVS employee. It reveals information about, *inter alia*, internal strategy, operations, and business decisions; confidential communications; and other non-public information regarding CVS's contractual relationships with entities who are not parties to this lawsuit. CVS seeks to seal this document in part.

    a.    Exhibit 18 (Declaration of Susan Colbert (Nov. 21, 2016)).

8. The following exhibits are transcripts from depositions of current and former CVS employees. They reveal information about, *inter alia*, CVS's internal confidential processes for populating data fields in pharmacy claims; details about the nature of business agreements CVS has with non-parties; and CVS's confidential methodology for determining its retail cash prices for certain prescription drugs. CVS seeks to seal these documents in part.

    a. Exhibit 19 (Susan Colbert Transcript Deposition Excerpts (Oct. 26, 2016)).

    b. Exhibit 20 (Hilary Dudley Transcript Deposition Excerpts (Sept. 20, 2016)).

    c. Exhibit 21 (Scott Tierney Transcript Deposition Excerpts (Sept. 13, 2016)).

    d. Exhibit 23 (John Zevzavadjian Deposition Transcript Excerpts (Nov. 1, 2016)).

    e. Exhibit 46 (Thomas E. Morrison Transcript Deposition Excerpts (Jul. 20, 2016)).

    f. Exhibit 47 (Elizabeth Wingate Transcript Deposition Excerpts (Oct. 20, 2016)).

9. The following exhibit is a transcript from a deposition taken as part of the State of Texas's ongoing, confidential investigation of CVS's Health Savings Pass program. The transcript, as part of the record in the investigation, is not a public document and is to be treated as confidential.

    a. Exhibit 45 (Thomas Morrison Transcript (Feb. 2, 2016)).

10. The following exhibits are declarations and deposition testimony from third-party witnesses that reveal various types of confidential information concerning business decisions, strategy, non-public financial data, confidential communications, contractual relationships with non-parties, pricing structures, methodologies, and models. CVS seeks to seal these documents in part.

   a. Exhibit 11 (Bill Barre Deposition Transcript Excerpts (Nov. 17, 2016)).

   b. Exhibit 12 (Declaration of Amber Compton (Nov. 18, 2016)).

   c. Exhibit 14 (Declaration of John Lavin (Nov. 21, 2016)).

   d. Exhibit 15 (Declaration of Michael Reichart (Nov. 20, 2016)).

11. The following exhibits are declarations from CVS's experts that reveal various types of confidential information, including transactional data and contractual agreements that reflect sensitive commercial information and non-public aspects of the company's internal business operations and finances. CVS seeks to seal these documents in part.

   a. Exhibit 24 (Declaration of Brett Barlag (Nov. 21, 2016)).

   b. Exhibit 25 (Declaration of Catherine C. Graeff (Nov. 20, 2016)).

12. The following exhibit includes testimony from Plaintiffs' expert which Plaintiffs have designated confidential.

   a. Exhibit D (Dr. Joel Hay Deposition Transcript Excerpts (Nov. 9, 2016)).

13. The following exhibits are internal, non-public CVS documents that reveal, *inter alia*, various types of information about CVS's internal operations and/or finances, and CVS's communications with parties in other ongoing confidential investigations. Unless otherwise indicated, CVS seeks to seal these documents in part.

a. Exhibit 75 (Excerpt of 2008 Event Report for 3Q CVS Caremark Earnings Call). The Event Report is confidential because it contains the contact information of investors. CVS seeks to seal this document in its entirety.

b. Exhibit 79 (May 2014 Active Plan List). The Active Plan List is confidential because it contains proprietary information related to CVS's internal operations. CVS seeks to seal this document in its entirety.

c. Exhibit 83 (Email from Lisa Schuldes to Doug Ghertner (August 7, 2008)). This email reveals confidential information regarding business and marketing decisions and references CVS's agreements with a third-party entity that is not a party to this litigation.

d. Exhibit 84 (Aetna Meeting Agenda (Nov. 13, 2008)). The agenda discusses business strategy regarding cooperation with a third-party entity that is not a party to this litigation.

e. Exhibit 86 (New Health Savings Pass Program Pharmacy Team Huddle Guide (Oct. 21, 2008)). The guide discusses the pharmacist's role in administering the Health Savings Pass program and marketing towards target customer populations. The guide reveals internal business strategy and operations.

f. Exhibit 92 (E-mail from Bari Harlam to Doug Ghertner (Jan. 19, 2009)). This e-mail reveals confidential information regarding business and marketing strategy and references negotiations with a third-party entity that is not a party to this litigation.

14. The exhibits listed above contain non-public, sensitive, competitive commercial information or other confidential information. CVS does not routinely make such information available, and, if made public, there is a potential that CVS's confidential information could be utilized by CVS's competitors to the company's competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of November, 2016, in Rhode Island.

_____
Thomas S. Moffatt