UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CORCORAN, et al.,

        Plaintiffs,

    v.

CVS HEALTH, et al.,

        Defendants.

Case No. 15-cv-03504-YGR   (JSC)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. Nos. 187, 188

United States District Court
Northern District of California

    This matter has been referred to the undersigned magistrate judge for resolution of discovery disputes between the parties. Now before the Court is the parties' November 22, 2016 discovery dispute letter brief relating to Plaintiffs' request to compel CVS to present its Rule 30(b)(6) witness for additional deposition testimony and to provide certain information and documents associated with that deposition. (Dkt. No. 188.) Also pending is Plaintiff's administrative motion to file under seal certain documents submitted with the letter brief. (Dkt. No. 187.) Having reviewed the parties' submissions, and having had the benefit of oral argument on December 8, 2016, the Court rules as follows.

**I.    Discovery Dispute**

    Plaintiffs allege that CVS engaged in a uniform, unlawful pricing scheme to overcharge insured patients by inflating copayments on purchases of certain generic prescription drugs by submitting falsely inflated "usual & customary" prices for customers participating in CVS's Health Savings Plan ("HSP") program. The parties are in the middle of briefing Plaintiffs' motion for class certification and the hearing is scheduled for January 31, 2017. (*See* Dkt. Nos. 172, 184). Meanwhile, the parties continue with discovery. Plaintiffs noticed 18 topics for a 30(b)(6) deposition. Among them was Topic 18, over which the parties have clashed before.

United States District Court
Northern District of California

By letter of September 12, 2016, their dispute centered on CVS's refusal to designate a corporate witness to testify about Topic 18, which sought "CVS's information, documents, and data concerning the named plaintiffs in this action." (Dkt. No. 155 at 1.)  The Court resolved that dispute following a telephone conference, directing CVS to designate a witness on Topic 18 with some limitations.  Specifically, as to CVS's communications with the named plaintiffs, given the burden, the Court held that CVS did not have to produce a witness to testify about conversations that its pharmacists had with the named plaintiffs about the HSP price of drugs compared to their insurance co-payments, but noted that CVS was precluded from offering any evidence regarding such conversations as a result unless the Court orders otherwise.  The Court also noted that CVS should be able to testify about how it came up with the price that it charged each named plaintiff, but did not rule on Plaintiffs' request for an order compelling CVS to identify the particular contract that controlled each plaintiff's purchase.  With respect to other sub-parts of Topic 18, the Court ordered the parties to proceed to the 30(b)(6) deposition and directed Plaintiffs to return to the Court with a further dispute if they believed any topics remained unanswered.

Following that telephone conference, Plaintiffs took CVS's Rule 30(b)(6) deposition.  CVS designated in-house counsel Hilary Dudley as its corporate designee.  Plaintiffs used all seven hours of 30(b)(6) deposition testimony time.  They contend that Ms. Dudley's deposition testimony was inadequate and that, as a result, they are entitled to depose her further as CVS's corporate representative.  They identify a number of deficiencies in Ms. Dudley's testimony.  The Court will address each in turn.

A.      Designating In-House Counsel as 30(b)(6) Witness

As a threshold matter, Plaintiffs contend that CVS inappropriately designated Ms. Dudley, an attorney for CVS, as its corporate designee.  (*See* Dkt. No. 188 at 2.)  Plaintiffs first object that Ms. Dudley has no personal knowledge of the facts of the case.  (*See* Dkt. No. 188 at 2 (lamenting that Ms. Dudley is "a lawyer advocate with no percipient knowledge").)  But as a Rule 30(b)(6) designee, she is not required to have personal knowledge.  *See Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1132 (N.D. Cal. 2009) (citation omitted); *see also La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) ("It is not expected that the designee

2

1    have personal knowledge as to all relevant facts; however, the designee must become educated

2    and gain the requested knowledge to the extent reasonably available.") (citation omitted).  Thus,

3    that Ms. Dudley is not a percipient witness is of no consequence.

4         As for her role as "lawyer advocate[,]" (Dkt. No. 188 at 2), parties may designate in-house

5    counsel as the 30(b)(6) corporate designee.  *See In re Pioneer Hi-bred Int'l, Inc.*, 238 F.3d 1370,

6    1376 (Fed. Cir. 2001) (noting that corporate counsel may "testify as a Rule 30(b)(6) witness on

7    factual matters" without waiving privilege); *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552

8    (10th Cir. 1995) (stating that mere designation of counsel as corporate representative for 30(b)(6)

9    deposition does not waive privilege); *New Jersey v. Spring Corp.*, No. 03-2071-JWL, 2010 WL

10   610671, at *3 (D. Kan. Feb. 19, 2010) (noting that "it is not uncommon for attorneys to serve as

11   30(b)(6) witnesses" when those attorneys are in-house counsel not outside trial counsel).  Indeed,

12   in-house or corporate counsel has testified as the corporate designee in cases in this District, *see,*

13   *e.g.*, *In re NTL Inc., Sec. Litig.*, 244 F.R.D. 179, 185 (N.D. Cal. 2005); *Sony Comp. Entm't Am.,*

14   *Inc. v. Great Am. Ins. Co.*, 229 F.R.D. 632, 633 (N.D. Cal. 2005), and elsewhere, *see, e.g.*, *Jones*

15   *v. Nissan No. Am., Inc.*, No. 3:07-0645, 2008 WL 5114652, at *1-2 (M.D. Tenn. Dec. 2, 2008);

16   *Avery Dennison Corp. v. UCB Films PLC*, No. 95 C 6351, 1998 WL 703647, at *1 (N.D. Ill. Sept.

17   30, 1998).  In designating an attorney, the party cannot "effectively frustrate or impede the

18   deposition under the banner of privilege"; instead the lawyer-witness must answer any deposition

19   question as the corporate designee that a non-lawyer would answer.  *Sprint*, 2010 WL 610671, at

20   *3.  But Plaintiffs' objection to CVS's designation of Ms. Dudley in the first instance is

21   misplaced.

22         B.    Inadequate Testimony on Noticed Topics

23         Plaintiffs next contend that CVS failed to prepare Ms. Dudley to testify about a number of

24   topics.  (Dkt. No. 188 at 2.)  Plaintiffs' complaints fall into two categories: (1) testimony about

25   Topic 18 on issues that the Court addressed at the September 15 hearing, examples of which are

26   included as Exhibit B; and (2) testimony about other topics that the Court did not address at the

27   hearing, examples of which are included as Exhibit C.

28

United States District Court
Northern District of California

1.   *Topic 18 (Exhibit B)*

Plaintiffs identify two main sub-parts of Topic 18 that, in their view, Ms. Dudley refused to testify about despite the Court's instruction that she must answer.

***Contracts governing what CVS charged Plaintiffs.*** Ms. Dudley was unable to identify the individual contracts that governed what CVS charged Plaintiffs for their purchases. (Dkt. No. 187-3 at 3.) Plaintiffs contend that at the September 15, 2016 hearing the Court ordered CVS to answer this question; however, the September 15 hearing transcript indicates that the Court expressly reserved ruling on whether CVS had to identify the specific contracts at the deposition. (Dkt. No. 188-1 at 26.) CVS did not disobey a court order. In any event, CVS has since sent Plaintiffs letters identifying by Bates number the contracts that governed Plaintiffs' purchases. (*See* Dkt. No. 187-7 at 3-5; Dkt. No. 187-9 at 3-5.) Plaintiffs now seek further 30(b)(6) testimony on these contracts regarding CVS's interpretation of the contractual terms and its communications with third parties about the terms.

The Court grants in part Plaintiffs request to compel further 30(b)(6) testimony on this topic, but declines to order Ms. Dudley to testify further. Plaintiffs have noticed the deposition of fact witness Thomas Gibbons next week. Mr. Gibbons shall testify as CVS's Rule 30(b)(6) corporate designee as to why CVS's pricing practice is what it is. Plaintiffs are not entitled to 30(b)(6) testimony about CVS's communications with third parties about the contractual terms. In advance of the deposition, the parties shall meet and confer to identify a method of determining when Mr. Gibbons will testify in his personal capacity versus as the corporate designee.

***Whether the drugs Plaintiffs purchased were offered through CVS's HSP program when Plaintiffs bought them.*** Plaintiffs showed Ms. Dudley spreadsheets that list drugs by code and indicate whether CVS offered the drug through its HSP program. (*See* Dkt. No. 187-3 at 3.) Ms. Dudley was unable to answer whether the drugs Plaintiffs purchased were offered through CVS's HSP program at the time of the transactions because she did not recall the codes for all of Plaintiffs' drugs. (Dkt. No. 187-3 at 3.) There is no question that Ms. Dudley was unable to answer the question. But CVS contends that the parties had agreed that the 30(b)(6) witness would only need to identify what the data fields in the spreadsheets identified—*i.e.*, drug code, or

United States District Court
Northern District of California

copayment amount—not what each drug code represented, so this testimony was outside the scope of the 30(b)(6) topic. (Dkt. No. 188 at 12.) They also argue that, even if it were within the scope of the topic, Rule 30(b)(6) requires a witness to be educated about the topic, but does not require that the witness memorize large quantities of specific details. *See, e.g.*, *United States ex rel. Fago v. M&T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006) (concluding that the corporate designee would not be required to memorize hundreds of loan numbers). While Plaintiffs are entitled to seek discovery in the manner they see fit, it is not unreasonable for a witness prepared on nearly 20 topics to fail to memorize dozens of codes. Aside from identifying whether the codes themselves are on the list, Plaintiffs have not identified a need for any other questioning about the codes that might warrant further testimony.

Given that Plaintiffs used all seven hours of 30(b)(6) testimony and this question requires detailed information, the Court declines to order further 30(b)(6) testimony on this topic. Instead, CVS shall notify Plaintiffs in writing by December 15, 2016 whether the drugs Plaintiffs purchased were offered through the HSP program at the time of the transactions by adding a column to the spreadsheets discussed at Ms. Dudley's deposition that denotes HSP program participation. The spreadsheets with this information should be verified as sworn discovery responses. Since, according to Plaintiffs, this information relates to CVS's pending motion to strike the declaration of Professor Joel W. Hay, PhD (Dkt. No. 185), the Court extends Plaintiffs' deadline to respond to that motion. Plaintiffs shall file an opposition by December 22, 2016. CVS's reply deadline remains unchanged.

### 2.     *Other Topics (Exhibit C)*

Plaintiffs also contend that Ms. Dudley failed to testify fully on topics that the parties had not brought to the Court's attention—Topics 1, 2, 4, 5, 6, 7, and 16. Plaintiffs included examples as Exhibit C to the joint letter brief, which show that for many questions CVS's counsel objected that the questions were outside the scope of the agreed upon topic and instructed Ms. Dudley to answer in her personal capacity, and that in response to many questions Ms. Dudley responded that she did not know the answer. (Dkt. No. 187-4 at 3-5.) CVS submitted a chart explaining the narrowed scope of each topic that the parties agreed upon, which demonstrates why the questions

1    at issue were outside of the scope of the agreed-upon topic. (Dkt. No. 188-6.)  Plaintiffs contend

2    that CVS should have sought a protective order if it wanted to avoid its obligation to provide

3    30(b)(6) testimony.  (Dkt. No. 188 at 3-4.)  But Plaintiffs did not contest, either in their portion of

4    the letter brief or at oral argument, that they agreed to narrow the scope of the topics.  The Court

5    declines to order further 30(b)(6) testimony on these topics.

6          C.      The Corporate Designee's Invocation of Privilege

7          Next, Plaintiffs contend that CVS improperly invoked the attorney-client privilege to block

8    testimony and to withhold Ms. Dudley's notes of her conversations with CVS employees about the

9    noticed topics. (Dkt. No. 188 at 6.)  They give three examples of improper privilege objections.

10              1.     *Whether Counsel Gave Ms. Dudley Factual Information*

11         First, defense counsel objected and directed Ms. Dudley not to answer when asked whether

12   counsel gave her factual information. (Dkt. No. 187-5 at 9.)  This question did not ask for the

13   privileged information itself, only whether a conversation occurred.  Answering yes or no would

14   not disclose any privileged communications, so the objection and instruction not to answer were

15   improper.  In other words, CVS's assertion of attorney-client privilege and instruction not to

16   answer is appropriate in response to questions about what counsel communicated to her, but

17   answering whether she spoke to counsel at all and answering what facts she knows is not

18   privileged.  But this question alone would only warrant, at most, five more minutes of 30(b)(6)

19   deposition and is not grounds to compel Ms. Dudley to testify further.

20              2.     *Ms. Dudley's Notes from Conversations with Other Employees*

21         Second, CVS objected on privilege grounds and instructed Ms. Dudley not to answer when

22   Plaintiffs' counsel asked her about discussions she had with CVS personnel to prepare for her

23   deposition and to describe the notes she took of those conversations, which CVS also has refused

24   to produce. (Dkt. No. 188 at 6.)  A Rule 30(b)(6) witness who must collect information, review

25   documents, or interview other employees cannot claim that his own information-gathering process

26   is protected by the work-product doctrine even if counsel participates in the process. *See Wilson v.*

27   *Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005); *see also* Fed. R. Civ. P. 30, Rules & Commentary.

28   Plaintiffs cite *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235 (D. Md. 2010), for their

United States District Court
Northern District of California

position that CVS must turn over Ms. Dudley's notes. In *Coryn*, the defendant sought 11 documents that the plaintiff's 30(b)(6) witness used to prepare for his deposition. *Id.* at 241. The documents consisted of "lists or tables of facts" that other staff of the company had prepared for him about topics of which he otherwise had no personal knowledge. *Id.* The court ordered most of the documents produced, noting that "[w]here a 30(b)(6) deponent has no personal (or independent) knowledge of a topic, factual documents *prepared for him* to allow him to discharge his obligations under Rule 30(b)(6) must necessarily be produced." *Id.* at 245 (emphasis added). But Ms. Dudley prepared these notes herself, and CVS represented that all documents it gave Ms. Dudley to prepare were produced in this litigation, so *Coryn* is distinguishable.

CVS relies on *Callwave Communications LLC v. AT&T Mobility LLC*, Nos. 12-1701-RGA et al., 2015 WL 4039813 (D. Del. June 29, 2015), which involved a similar request and held that the 30(b)(6) designee need not produce notes he took from conversations with other employees in preparation for his testimony but the designee must provide the factual information contained in the notes, but not the notes themselves. *Id.* Plaintiffs correctly note that *Callwave* includes little analysis to reach its conclusion that the notes itself remained privileged but the factual content must be disclosed.

When a 30(b)(6) witness has used privileged documents to prepare for deposition, some courts have applied Federal Rule of Evidence 612, via Federal Rule of Civil Procedure 30, to determine whether the party must produce the documents. *See, e.g.*, *Coryn*, 265 F.R.D. at 240-41; *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458, 467 (D. Md. 1998). Rule 612 requires a party to disclose documents used to refresh a witness's recollection (1) while testifying or (2) before testifying, "if the court in its discretion determines it is necessary in the interests of justice." Fed. R. Evid. 612. Here, there is no testimony that Ms. Dudley used her notes to refresh her recollection while testifying. And even if she used the notes to refresh her recollection before testifying—which Plaintiffs did not ask Ms. Dudley during the deposition—Plaintiffs have not explained why it is "necessary in the interests of justice" to disclose Ms. Dudley's notes of the conversations when her Rule 30(b)(6) testimony based on the same conversations is binding on CVS. At oral argument, Plaintiffs suggested that Ms. Dudley's contemporaneous notes might

United States District Court
Northern District of California

1    indicate that she was not telling the truth about some topics, but they were unable to identify a

2    particular representation that concerned them.  Thus, Rule 612 does not help Plaintiffs.

3            Accordingly, the Court denies Plaintiffs' request to compel further 30(b)(6) testimony on

4    this basis.

5                    3.    *CVS's Awareness of Factual Inaccuracies in Fact Witness Depositions*

6            Third, Plaintiffs seek to compel further 30(b)(6) testimony on the grounds that CVS

7    improperly asserted privilege and instructed Ms. Dudley not to answer questions about CVS's

8    awareness of factual inaccuracies in depositions she reviewed. (Dkt. No. 188 at 6; *see* Dkt. No.

9    187-2 at 5 (asked whether she has "been made aware of any information that indicates any of the

10   statements in any of the CVS witnesses' deposition testimony is inaccurate[,]" Ms. Dudley accepts

11   counsels' instruction not to answer).)  CVS contends that this information is protected attorney-

12   client work product.  (*See* Dkt. 188 at 15 (citing *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*,

13   209 F.R.D. 361, 362-63 (S.D.N.Y. 2002)).)  The Court need not decide this issue, as it declines to

14   compel 30(b)(6) testimony on this topic absent Plaintiffs' identification of particular testimony

15   they believe to be inaccurate.

16                    4.    *CVS's Untimely Privilege Log Production*

17           Finally, Plaintiffs suggest that the Court should find that CVS waived the privilege because

18   it had not yet produced a privilege log at the time the joint letter brief was filed.  (Dkt. No. 188 at

19   8.)  The Court's Standing Order states that "[i]f a party withholds material as privileged . . . it must

20   produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures

21   or discovery responses are due," and "[f]ailure to furnish this information promptly may be

22   deemed a waiver of the privilege or protection."  "The Ninth Circuit rejected a per se rule that

23   failure to produce a privilege log in a timely manner triggers waiver of privilege[.]" *Coalition for*

24   *a Sustainable Delta v. Koch*, No. 1:08-CV-00397 OWW GSA, 2009 WL 3378974, at *3 (E.D.

25   Cal. Oct. 15, 2009) (citing *Burlington No. & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142,

26   1149 (9th Cir. 2005)).  Instead, the court in *Burlington Northern* clarified that untimely objections

27   may be sufficient taking into account a number of factors, including how late the log is and the

28   magnitude of document production. 408 F.3d at 1149-50.  Here, the parties have been exchanging

United States District Court
Northern District of California

1    a great deal of discovery.  At oral argument, CVS represented that it has produced its privilege log

2    to Plaintiffs.  The Court declines to conclude that CVS's delayed production waived the privilege.

3         As for the content of the log, CVS did not include its communication with outside counsel

4    once this lawsuit was filed.  During the discussion about CVS's privilege log at oral argument,

5    CVS mentioned that it had not yet received a privilege log from Plaintiffs.  Plaintiffs responded

6    that if the parties have agreed to exempt communications with counsel about this lawsuit from

7    their logs, then it has no log to produce.  CVS countered that when Plaintiffs first contacted

8    counsel about this lawsuit is relevant to CVS's statute of limitations argument.  Accordingly,

9    Plaintiffs shall produce by January 9, 2017, a privilege log identifying the *initial* communication

10   between each current and former named plaintiff and counsel.

11        D.    Whether the Corporate Designee Waived Privilege

12        Finally, Plaintiffs argue that by testifying about her personal observations and

13   understanding in her "personal capacity," Ms. Dudley—whose personal capacity is as CVS's

14   lawyer—waived the attorney-client privilege.  (Dkt. No. 188 at 7.)  Not so.  In each of the

15   examples that Plaintiffs cite, CVS counsel objected to the question on the grounds that the topic

16   was outside the scope of the 30(b)(6) topics then instructed Ms. Dudley to answer only by

17   revealing facts and not privileged communications.  As mentioned above, directing a 30(b)(6)

18   designee to answer in her personal capacity when the question is outside the scope of the 30(b)(6)

19   topic is appropriate.  *See Freeman*, 288 F.R.D. at 99 & n.3; *Mizuho Medy Co.*, 257 F.R.D. at 682;

20   *Detoy v. City of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000).  As is counsel's instruction

21   to Ms. Dudley to reveal only facts and not privileged communications.

22        A case from this District applying these issues to an in-house counsel 30(b)(6) designee is

23   illustrative.  In *Sony Computer Entertainment America, Inc. v. Great American Insurance Co.*, 229

24   F.R.D. 632 (N.D. Cal. 2005), in-house counsel testified as the plaintiff's 30(b)(6) designee and the

25   defendant challenged the plaintiff's privilege assertions over certain deposition questions.  The

26   court held that the defendant could ask the in-house counsel corporate designees what the

27   company's understanding of its legal obligations was even if, in doing so, they might reveal advice

28   of counsel.  But the court noted that these witnesses could not answer questions about their actual

9

communications or individual understandings, which would be protected attorney work product. 229 F.R.D. at 635. This is exactly what happened in Ms. Dudley's 30(b)(6) deposition. The Court therefore concludes that Ms. Dudley did not waive the privilege by answering these questions about her personal observations and understanding in her personal capacity.

## II.   Motion to Seal

The parties have filed an administrative motion to file under seal materials it submitted in support of its portion of the joint letter brief that CVS designated as confidential under the parties' stipulated protective order. (Dkt. No. 187.) The Local Rules require the designating party to submit a declaration attesting to the confidential information in the designated document. N.D. Cal. Civ. L.R. 79-5(e). Counsel for CVS has not submitted a Rule 79-5 declaration. Instead, Plaintiffs' counsel submitted a declaration in which he avers that "Defendant's counsel . . . has [indicated] that the requested relief is necessary per Civil Local Rule 79-5(e) to protect the confidentiality of information contained in these briefs and exhibits that is derived from, or consists wholly of, documents designated as Confidential by defendants under the terms of the Revised Protective Order. (Dkt. No. 187-1 ¶ 4.) This is not enough. The Court therefore denies the parties' administrative order to file under seal and therefore orders Plaintiffs to file Exhibits K and L to the joint letter brief on the public docket by December 15, 2016.

## III.   Additional Matters

A.     For all future depositions, including the deposition of Mr. Gibbons, regardless of which party is taking the deposition, the only objections that counsel shall make are "objection as to form" and objections and instructions not to answer consistent with the Federal Rules—*i.e.*, on privilege grounds. This rule applies to third party depositions, as well; the parties shall advise counsel for any third party deponent of the rule by providing a copy of this Order.

B.     For all future document productions, during the meet and confer process and in written responses the parties must name a date certain for production.

This Order terminates Docket Nos. 187 and 188.

**IT IS SO ORDERED.**

Dated: December 9, 2016

10

JACQUELINE  SCOTT  CORLEY
United States Magistrate Judge