Bonny E. Sweeney (Cal. Bar No. 176174)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, California 94111
Tel: 415-633-1908
Fax: 415-358-4980
bsweeney@hausfeld.com

Richard Lewis (admitted *pro hac vice*)
Sathya S. Gosselin (Cal. Bar No. 269171)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, D.C. 20006
Tel: 202-540-7200
Fax: 202-540-7201
rlewis@hausfeld.com
sgosselin@hausfeld.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Rebecca R. Anzidei (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP
1100 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 737-7777
pcipollone@steinmitchell.com
ranzidei@steinmitchell.com
rgilmore@steinmitchell.com

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Tel.  415-692-0772
Fax. 415-366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Interim Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Christopher Corcoran, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS Pharmacy, Inc.,<br><br>Defendant. | Case No. 4:15-cv-03504-YGR-JSC<br><br>CLASS ACTION<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO DISCLOSE ADDITIONAL EXPERTS** |

## I. INTRODUCTION

Pursuant to the Northern District of California's Civil Local Rules 6-3 and 7-11 and this Court's Standing Order in Civil Cases (Paragraph 3), Plaintiffs file this administrative motion for leave to disclose two additional experts in conjunction with Plaintiffs' amended motion for class certification: Susan Hayes and Dale Chamberlain—both of whom were experts in *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632, 645 (7th Cir. 2016), *cert. denied sub nom. Kmart Corp. v. U.S. ex rel. Garbe*, 137 S. Ct. 627 (2017). Plaintiffs understand the Court's earlier orders to contemplate and permit the addition of new experts in support of class certification, and the parties have already noted (in their most recent case-management conference statement and at the subsequent conference) their mutual expectation that Plaintiffs will provide additional expert testimony. Nevertheless, out of an abundance of caution and respect for the Court's scheduling order, Plaintiffs submit this administrative motion.

Good cause exists to extend the deadlines for expert disclosure (previously set for December 2016 and January 2017, Dkt. No. 62). Plaintiffs' request arises out of a desire to address, via expert testimony, briefing, and oral argument, the particular questions raised by the Court in its March 21, 2017 Order concerning class certification, which denied Plaintiffs' motion without prejudice and "provide[d] plaintiffs with further guidance, should they choose to file an amended motion for class certification." Dkt. No. 249, at 12.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "A party must make these disclosures at the times and in the sequence that the court orders," but "[a]bsent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D). The rule ensures that expert testimony is exchanged "sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 advisory committee

notes (1993 amendment).

Scheduling orders may be modified for good cause, as Paragraph 3 of this Court's Standing Order in Civil Cases makes clear. This Court focuses on "the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied." *Id.*; *accord* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### III.     DISCUSSION

There is ample good cause for Plaintiffs' request for leave to disclose these new experts. Hayes and Chamberlain provide expert opinions that will assist the Court at class certification (and the trier of fact at trial) and are responsive to the very questions the Court raised in its previous class certification order. In particular, these experts confirm that:

- various aspects of the pharmacy insurance-claim adjudication process are common and standardized across the industry;

- the contracts between CVS and the five pharmacy benefit managers now included in the class definitions all contain substantially identical definitions of "usual and customary," consistent with industry practice and usage of that term: each defines "usual and customary" to include prices charged to a cash-paying customer, and each requires CVS to include in its "usual and customary" prices applicable discounts;

- CVS's Health Savings Pass prices were discount cash prices that CVS was required to report as "usual and customary" prices, consistent with industry practice and usage of that term and as specifically required by all five contracts;

- Pharmacy benefit managers had a financial incentive for claims to be adjudicated at a high and even artificial "usual and customary" price, which in turn provided incentives to pharmacy benefit managers to overlook, agree with, or not oppose CVS's exclusion of its Health Savings Pass prices from its "usual and customary" prices; and

- Patients and insurers rely on the pharmacies to report accurate "usual and customary" prices to the pharmacy benefit managers and likewise rely on pharmacies to provide accurate copayment information at the point of sale.

These opinions—derived from decades of industry experience, specialization and training, and a thorough review of the record evidence in this litigation—directly address certain questions raised by the Court in its March 21, 2017 order, including:

- Whether any variation as to "how the different contracts define U&C" might impede class certification [no variation remains];

- Whether the pharmacy benefit manger declarants' supposed "understanding that the HSP prices at issue in this litigation were not considered U&C prices" might impede class certification [no];

- Whether CVS's exclusion of its Health Savings Pass program prices from its "usual and customary" prices violated the terms of each contract contained within the class definitions [yes]; and

- Whether an industry standard definition of "usual and customary" exists [yes].

Dkt. No. 249, at 9-12, 20-22.

Plaintiffs submit that good cause exists to permit Plaintiffs to shed as much light as possible on the questions raised by the Court. And Plaintiffs would like to avail this Court of testimony from experts that the district court and the Seventh Circuit found helpful—and persuasive—in *Garbe*. *See, e.g.*, Class Cert. Hr'g Tr. at 46:10-13 (this Court commenting on Hayes' analysis conducted in *Garbe*). The Court issued its prior class certification order just over two months ago, and Plaintiffs have been diligent in retaining these experts and furnishing their opinions on an accelerated schedule. This is the first time that Plaintiffs have sought to modify the deadline to disclose expert witnesses, and doing so now will not have any effect on the existing schedule for the case. However, Plaintiffs could face significant prejudice if unable to present two of their four experts (on class certification and at trial) to address questions that the Court deemed important.

Moreover, CVS cannot claim surprise or prejudice that Plaintiffs have requested leave to designate two additional experts. Plaintiffs advised the Court and CVS in the April 24, 2017 Joint Case Management Statement of their intent to submit additional expert declarations with their amended class certification motion and that "[a]ny witnesses submitting new declarations with Plaintiffs' amended motion would be made available for depositions prior to Plaintiffs' deadline for filing their reply." Jt. Stmt. at 5, Dkt. No. 262; *see also* May 1, 2017 Case Management Conference Tr. at 7:25-8:4 (CVS's counsel discussing "any new people that [Plaintiffs] would add" and that CVS "would obviously need to – to depose anyone that got added to this case."). CVS echoed that position, requesting that it be permitted to depose "any expert submitting declarations with the class certification motion" and that "any discovery . . . be completed by its deadline to oppose the motion for class certification." Jt. Stmt. at 6.

Complying with that agreed-upon approach, Plaintiffs have advised CVS that Hayes and Chamberlain are now available for deposition, prior to CVS's deadline for filing its opposition to Plaintiffs' amended class certification motion. CVS will have time to depose both experts, oppose class certification, and prepare for cross-examination at trial.[1] Despite the foregoing, CVS has declined to stipulate to the extension of time to disclose these two experts and opposes this motion. *See* Decl. of R. Gilmore.

## IV. CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion for Leave to Disclose Additional Experts Susan Hayes and Dale Chamberlain at this time.

Dated: June 6, 2017

By: */s/ Bonny Sweeney*
Bonny E. Sweeney (Cal. Bar No. 176174)
Richard Lewis (admitted *pro hac vice*)
Sathya S. Gosselin (Cal. Bar No. 269171)
HAUSFELD LLP

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP

Respectfully submitted,

By: */s/ Robert Gilmore*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Rebecca R. Anzidei (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
STEIN MITCHELL CIPOLLONE MISSNER
& BEATO LLP

---

[1] There are presently no trial dates set for this case.