# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER CORCORAN, ET AL.,**<br>Plaintiffs,<br>vs.<br>**CVS HEALTH, ET AL.,**<br>Defendants. | CASE NO. 15-cv-03504-YGR<br><br>**ORDER RE: STAY OF EXECUTION OF JUDGMENT THROUGH APPEAL AND APPROVAL OF SUPERSEDEAS BOND**<br><br>Re: Dkt. No. 348 |

On September 5, 2017, this Court granted in part plaintiffs' motion for class certification and granted defendant CVS's motion for summary judgment. (Dkt. No. 327.) The Court entered judgment in favor of CVS on September 13, 2017. (Dkt. No. 339.) CVS submitted a Bill of Costs as the prevailing party on September 27, 2017. (Dkt. No. 340.) On October 13, 2017, the Clerk of the Court issued a judgment against plaintiffs and in favor of CVS in the amount of $101,823.47. (Dkt. No. 343.) Meanwhile, plaintiffs timely appealed the summary judgment order and other orders in this case on October 3, 2017. (Dkt. No. 341.)

Now before the Court is plaintiffs' motion for an order which (i) stays execution of the judgment pending appeal, including the October 13, 2017 award of costs of $101,823.47; and (ii) approves plaintiffs' *supersedeas* bond of $131,606 for deposit to the Court Register. Having carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** plaintiffs' motion.

## I.  LEGAL STANDARD

Under Fed. R. Civ. Pro. 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond." *Id*. "Rule 62(d) generally contemplates that, at least with the awarding of monetary compensation, appellant is entitled to a stay as of right if they post a *supersedeas* bond." *Maner v. Cty. of Stanislaus*, 2016 WL 8730741, at *5 (E.D. Cal. 2016); *see also* 11 Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure § 2905 (1973) ("The stay issues as a matter of right in cases within Rule 62(d), and is effective when the *supersedeas* is approved by the court"). "The purpose of requiring a judgment debtor to post a supersedeas bond is to ensure that the judgment creditor's interests are adequately protected during the appeals process." *Fed. Trade Comm'n v. Inc21.com Corp.*, 2010 WL 4071664, at *7 (N.D. Cal. 2010); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (noting that the "purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution").

Several courts in this district have approved *supersedeas* bonds which secure the judgment awarded plus two years of post-judgment interest. *See Holzhauer v. Golden Gate Bridge Highway & Transport. Dist.*, 2017 WL 3388319, at *4 (N.D. Cal. 2017) (approving *supersedeas* bond which provided for two years of post-judgment interest) (citing *Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n*, 2002 WL 202412, *5 (N.D. Cal. 2002) (same)). Courts have also noted that "[i]n determining the amount necessary to warrant a stay of execution . . . '[a]lthough practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required.'" *Carson Indus., Inc. v. Am. Tech. Network, Corp.*, 2016 WL 2961865, at *1 (N.D. Cal. 2016) (quoting *Cotton ex rel. McClure v. City of Eureka*, 860 F.Supp.2d 999, 1029 (N.D. Cal. 2012)).

**II. DISCUSSION**

Here, plaintiffs move for an order to (i) stay the execution of judgment in this case and (ii) approve plaintiffs' posting of a $131,606 *supersedeas* bond to the Court Register. (Dkt. No. 348, Declaration of Bonnie E. Sweeney, Ex. A.) Defendant CVS "takes no position on whether the amount of the bond . . . is sufficient and leaves that determination to the Court." (Dkt. No. 349.) The Court finds plaintiffs' proposed $131,606 *supersedeas* bond sufficient to secure the $101,823.47 judgment plus two years of post-judgment interest.[1] *See Holzhauer,* 2017 WL

---

[1] Federal post-judgment interest is governed by 28 U.S.C. § 1961(a), which provides for "a rate equal to the weekly average 1-year constant maturity Treasury yield." According to the Board of Governors of the Federal Reserve System, the weekly average 1-year constant maturity Treasury yield was 1.70% as of December 15, 2017. *See* Board of Governors of the Federal Reserve System, Selected Interest Rates (Daily) – H.15 (Release date: December 15, 2017). Therefore, two years post-judgment interest on the $101,823.47 judgment in this case would be approximately $3,460.20. Accordingly, a *supersedeas* bond of $105,284.20 would represent an amount which exceeds the costs taxed plus two years post-judgment interest.

2

3388319, at *4; *Pajaro,* 2002 WL 202412, *5. Further, the $131,606 bond represents an amount which is "1.25 to 1.5 times the judgment" entered in favor of CVS which is generally sufficient "to warrant a stay of execution." *Carson*, 2016 WL 2961865, at *1; *see also Cotton*, 860 F.Supp.2d at 1029. Accordingly, the Court finds plaintiffs' proposed $131,606 *supersedeas* bond sufficient to "secure the appellees from a loss resulting from the stay of execution," *Rachel,* 831 F.2d at 1505 n.1, and **GRANTS** plaintiffs' motion.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** plaintiffs' motion as follows:

1. The Court **STAYS** execution of the judgment in this case pending appeal, including the October 13, 2017 award of costs of $101,823.47.
2. The Court **APPROVES** plaintiffs' proposed $131,606 *supersedeas* bond for deposit to the Court Register.
3. **Within five (5) days of this order**, plaintiffs, by and through their counsel, shall post the $131,606 *supersedeas* bond by (1) delivering a copy of this order to the Clerk of Court for the Northern District of California, (*see* Fed. R. Civ. P. 67(a); N.D. Cal. General Order No. 31); (2) tendering to the Northern District of California Clerk's Office the total cash amount or a cashier's check in that total amount, payable to the "Clerk, U.S. District Court"; and (3) contemporaneously lodging a completed and signed version of the attached form with the Clerk's Office.
4. In the event that Plaintiffs do not comply with the foregoing instructions, this Order shall be automatically vacated in its entirety.
5. The Clerk of Court shall release the deposited funds only by court order, pursuant to Northern District of California General Order No. 31, Fed. R. Civ. P. 67(b), and 28 U.S.C. § 2042.

**IT IS SO ORDERED.**

Dated: January 4, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3