# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER CORCORAN, ET AL.,** <br> Plaintiffs**,** <br> vs. <br> **CVS HEALTH, ET AL.,** <br> Defendants**.** | CASE NO. 15-cv-03504-YGR <br><br> **ORDERS UPON NINTH CIRCUIT OPINION AND TRIAL SETTING ORDER** |

On September 5, 2017, this Court granted in part plaintiffs' motion for class certification and granted defendant CVS's motion for summary judgment. (Dkt. No. 327.) The Court entered judgment in favor of CVS on September 13, 2017 (Dkt. No. 339) and plaintiffs timely appealed. The Ninth Circuit reversed all of the Court's findings and remanded the action for further proceedings.

Based on the Ninth's Circuit's opinion, the Court **ORDERS** as follows:

First, whereas the Court **GRANTED IN PART** plaintiffs' motion for class certification, certifying a California, Florida, Illinois, and Massachusetts class, but limited only to the PBM that adjudicated each class representative's claim and that limitation was reversed by the Ninth Circuit, the Court **HEREBY CERTIFIES** the following class without limitation:

> All CVS customers in California, Florida, Illinois, and Massachusetts, who, between November 2008 and July 31, 2015 (the "Class Period"), (1) purchased one or more generic prescription drugs that were offered through CVS's Health Savings Pass ("HSP") program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP price for the prescription.

Second, whereas the Court **GRANTED IN PART** defendants' motion to exclude certain opinions by Dr. Hay and to strike Dr. Hay's opinion that CVS's Health Savings Pass ("HSP") prices are the "Usual and Customary" ("U&C") prices as defined in CVS's contracts and was reversed by the Ninth Circuit, the Court **HEREBY DENIES** the motion to exclude and strike.

United States District Court
Northern District of California

Third, whereas the Court **GRANTED** defendants' motion for summary judgment finding no triable issue of fact exists with regard to whether CVS misrepresented its U&C price to the PBMs and the Ninth Circuit reversed, the Court **HEREBY DENIES** the motion for summary judgment.

Based thereon, the Court finds that with those holdings, the parties are returned to the posture of the case in September 2017, except with the holdings changed as noted, and as is standard practice sets a trial date with related deadlines. The Court does not authorize a second summary judgment motion or re-briefing on class certification.[1]

In that regard, in September 2017, the Court **DENIED WITHOUT PREJUDICE** plaintiffs' motion to certify a New York and Arizona class because the evidence showed that the proffered plaintiffs did not have any "transactions adjudicated by any of the five PBMs at issue for purposes of class certification during the Class Period." Having denied the motion without prejudice, and in light of the procedural posture of the case, the Court will allow a limited period of time for plaintiffs to identify an appropriate plaintiff and appropriate discovery and motion practice.

Based on the foregoing, the Court further **ORDERS** as follows, as slightly modified:

| | |
|---|---|
| FILING DEADLINE FOR MOTION TO SUBSTITUTE CLASS REPRESENTATIVE FOR THE NEW YORK & ARIZONA CLASSED | September 9, 2019 |
| DEADLINE TO FILE A PROPOSED NOTICE PLAN | September 16, 2019 |
| DEADLINE TO FILE ANY OPPOSITION TO EITHER THE MOTION OR NOTICE PLAN | October 7, 2019 |
| DEADLINE TO FILE A REPLY ISO MOTION AND NOTICE PLAN | October 21, 2019 |
| HEARING ON PROPOSED NOTICE | November 5, 2019 @ 1:00 p.m. |
| DISSEMINATION OF CLASS NOTICE | Two Weeks from the date of the Court's decision |

---

[1] The Court notes that during the case management conference on August 19, 2019, defendant indicated that the Court had not addressed certain elements of class certification in the September 2017 order. In the September 2017 order, the Court explained that it did not address certain of defendant's arguments because, either it had previously rejected them and so, for the same reasons, did so again (*see* Dkt. No. 327 at 7 n.4, 8), or the arguments were mooted by the Court's decisions elsewhere within the September 2017 order (*see id.* at 10-11).

| | |
|---|---|
| REFERRED FOR PRIVATE MEDIATION TO BE COMPLETED BY: | December 6, 2019 |
| COMPLIANCE HEARING (*SEE* BELOW) | February 28, 2020 at 9:01 a.m. |
| JOINT PRETRIAL CONFERENCE STATEMENT: | March 20, 2020 |
| PRETRIAL CONFERENCE: | March 27, 2020 |
| TRIAL DATE AND LENGTH: | Jury Selection: April 15, 2020<br>Openings & Evidence: April 20, 2020<br>(Presumptively 45 hours, jointly split, including openings and closing) |

Pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer in advance of the Pretrial Conference. The compliance hearing on Friday, **February 28, 2020** at **9:01 a.m.** is intended to confirm that counsel have reviewed the Court's Pretrial Setting Instructions and are in compliance therewith. The compliance hearing shall be held in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1. Five (5) business days prior to the date of the compliance hearing, the parties shall file a one-page **JOINT STATEMENT** confirming they have complied with this requirement or explaining their failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion. Failure to do so may result in sanctions.

As set forth above, the parties are **REFERRED** to private mediation. A compliance hearing shall be held on **Friday, September 27, 2019** on the Court's **9:01a.m.** calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1. The parties shall provide the Court with the name of an agreed-upon mediator by **September 20, 2019** by filing a **JOINT** Notice. Also by **September 20, 2019**, plaintiffs shall file form orders regarding any dismissals by certain defendants. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion.

\\

The parties must comply with both the Court's Standing Order in Civil Cases and Standing Order for Pretrial Instructions in Civil Cases for additional deadlines and procedures. All Standing Orders are available on the Court's website at http://www.cand.uscourts.gov/ygrorders.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**