Bonny E. Sweeney (Cal. Bar No. 176174)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, California 94111
Tel: 415-633-1908
Fax: 415-358-4980
bsweeney@hausfeld.com

Richard Lewis (admitted *pro hac vice*)
Sathya S. Gosselin (Cal. Bar No. 269171)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, D.C. 20006
Tel: 202-540-7200
Fax: 202-540-7201
rlewis@hausfeld.com
sgosselin@hausfeld.com

Robert B. Gilmore (admitted *pro hac vice*)
Edward H. Meyers (admitted *pro hac vice*)
STEIN MITCHELL BEATO & MISSNER LLP
1100 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: 202-737-7777
Fax: 202-296-8312
rgilmore@steinmitchell.com
emeyers@steinmitchell.com

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Tel. 415-692-0772
Fax. 415-366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

Christopher Corcoran, *et al*., on behalf of themselves and others similarly situated,

Plaintiffs,

v.

CVS Pharmacy, Inc.,

Defendant.

Case No. 4:15-cv-03504-YGR-JSC

CLASS ACTION

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE CLASS REPRESENTATIVES AND FOR CERTIFICATION OF NEW YORK AND ARIZONA CLASSES; MEMORANDUM IN SUPPORT THEREOF**

Date: November 5, 2019
Time: 1:00 pm
Courtroom: 1
Judge: Hon. Yvonne Gonzales Rogers

**NOTICE OF MOTION AND MOTION**

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 5, 2019, at 1:00 p.m., in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, California, Plaintiffs Tyler Clark, Robert Garber, Robert Jenks, Debbie Barrett, and Carl Washington will and hereby do move the Court for an order (i) appointing Joseph Luzier and Aaron Allen as plaintiffs and class representatives for the proposed New York class; (ii) appointing Darlene McAfee as plaintiff and class representative for the proposed Arizona class; and (iii) certifying the proposed New York and Arizona classes as follows:

> All CVS customers in New York and Arizona who, between November 2008 and July 31, 2015 (the "Class Period"), (1) purchased one or more generic prescription drugs that were offered through CVS's Health Savings Pass ("HSP") program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following five pharmacy benefit managers: Caremark, Optum/Prescription Solutions (prior to January 29, 2015), Express Scripts, Medco, or MedImpact; and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP program price for the prescription.

For the New York and Arizona state classes, Plaintiffs seek certification of a statutory unfair and deceptive acts and practices ("UDAP") claim arising under the laws of both states.

This Motion is made pursuant to this Court's Minute Order dated August 19, 2019 (Dkt. No. 370) and Federal Rule of Civil Procedure 23, on the grounds that (i) Joseph Luzier, Aaron Allen and Darlene McAfee all satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23(a); and (ii) the proposed New York and Arizona classes meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

Plaintiffs' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Sept. 9, 2019 Declaration of Elizabeth C. Pritzker re: Plaintiffs' Motion to Substitute Class Representatives ("Pritzker Decl."), the Sept. 9, 2019 Expert Declaration of Professor Joel Hay, Ph.D. ("Supp. Hay Decl."), any reply memorandum Plaintiffs file, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In accordance with this Court's Minute Order dated August 19, 2019 (Dkt. No. 370), Plaintiffs hereby move to substitute proposed class representatives for two states, Arizona and New York—states for which the Court denied certification without prejudice because the proposed class representatives did not have transactions with one of the Pharmacy Benefit Managers ["PBMs"] at issue. *Id*. at 1; *see also* Transcript of Proceedings, Aug. 19, 2019 ["8/19/19 TR"], at 5:1.[1]

The proposed Substitute Class Representatives are Joseph Luzier and Aaron Allen (for the New York class); and Darlene McAfee (for the Arizona class).[2] All satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23. During the class period, each proposed Substitute Class Representative subscribed to a third-party prescription drug plan administered by one of the five relevant PBMs and had a qualifying transaction with CVS, *i.e.*, purchased one or more generic prescription drugs at a CVS retail location in his or her representative state by paying a co-pay that exceeded the cash price for that same drug under CVS's Health Savings Pass program. *See* Supp. Hay Decl. at ¶¶ 8-11. Each Substitute Class Representative has provided CVS with responsive written discovery, made himself or herself available for deposition, and understands the responsibilities of serving as a class representative. Pritzker Decl. at ¶¶ 5-7.

Plaintiffs respectfully request that their motion to substitute class representatives be granted, and that the Arizona and New York classes be certified.

## II. LEGAL ARGUMENT

### A. The Substitute Class Representatives Are Typical and Adequate Under Rule 23

The Rule 23 standards that govern the typicality requirement for class certification are well established. "Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the class.'" *Farar v. Bayer AG*, No. 14-cv-04601-WHO, 2017 WL 5952876, at *6 (N.D.

[1] The 8/19/19 TR is filed herewith as Exhibit A to the accompanying Pritzker Decl.

[2] Joseph Luzier, Aaron Allen, and Darlene McAfee are referred to collectively herein as the "Substitute Class Representatives."

Cal., Nov. 15, 2017) (citing *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992)). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Corcoran v. CVS Health Corporation*, __ Fed. Appx.__, 2019 WL 2454529, at *2 (9th Cir. June 12, 2019) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (internal quotation marks omitted).

Each of the Substitute Class Representatives satisfies these typicality standards. Relying on the state-by-state transactional data that CVS produced in this litigation, Plaintiffs' expert has verified that each Substitute Class Representative has engaged in at least one transaction with CVS in which the Substitute Class Representative purchased generic prescription drugs at a CVS retail pharmacy in the respective state and was charged a higher co-payment than the HSP price for that drug purchase—which price Plaintiffs maintain should have been CVS's actual usual and customary ("U&C") price. Supp. Hay Decl. at ¶¶ 8-11. As a result, each Substitute Class Representative was "injured in the same manner as the absent class members and they suffered the same type of damages, *i.e.*, the delta between the actual copayment and the HSP price." *Corcoran*, 2019 WL 2454529, at *2. The Substitute Class Representatives therefore satisfy the typicality requirement.

The Substitute Class Representatives likewise "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Although new to the case, each Substitute Class Representative has already actively participated in the litigation by familiarizing himself or herself with the basic facts and claims at issue; searching for responsive information; providing written discovery responses; producing documents; and making themselves available for deposition by CVS's counsel on shortened time. Pritzker Decl. at ¶¶ 5-7. The Court previously found that Class Counsel have no conflicts of interest (*see* March 21, 2017 Order (Dkt. No. 249) at 16), and none of the Substitute Class Representatives has any conflict of interest with other class members. Class Counsel have demonstrated throughout the litigation that they will prosecute the action vigorously

on behalf of class members. The adequacy element of Rule 23 is satisfied.

**B. The New York and Arizona Classes Should Be Certified**

Following the Ninth Circuit's order of remand, this Court certified state law unfair or deceptive practice claims in each of four states: California, Florida, Illinois, and Massachusetts. *See* Pritzker Decl., Ex. A (8/19/19 TR) at 5:1. For each of those states, this Court found that the Rule 23(b)(3) requirements had been met. *See* Sept. 2017 Order (Dkt. No. 327) at 10-13. For the same reasons, this Court should certify claims on behalf of residents of New York and Arizona. As the Ninth Circuit stated in its recent ruling, "the alleged overall conduct or scheme [at issue in this litigation] was the same." *Corcoran*, 2019 WL 2454529, at *2. As the Court of Appeals explained:

> That is, plaintiffs alleged that insured CVS customers were charged higher copayments as a result of CVS's failure to report its actual U & C prices in accordance with its agreements with the PBMs. The district court did not identify any meaningful differences in the PBM agreements that would result in the interests of the class representatives being misaligned with those of the absent class members. Indeed, CVS reported the same prices to the PBMs notwithstanding any variation in the language of the PBM contracts. In other words, CVS's actual reporting to the PBMs underscores the fact that the class representatives' claims are "reasonably coextensive," if not "substantially identical" to the claims of the absent class members. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017).

*Id.*

As with the now-certified California, Florida, Illinois and Massachusetts classes, Plaintiffs will use common evidence—including the five integrated Class PBM contracts; CVS's transactional data; CVS's admissions, and CVS's own witness testimony—at trial to prove CVS's common, class-wide conduct and its impact on class members in each relevant state, including Arizona and New York. Class damages are readily calculable, on a class-wide and state-by-state basis, using a common formula (the delta between the actual co-payment and the HSP price) and a straightforward and sound damages methodology derived, in part, from CVS's own transactional data. *See* Sept. 2017 Order (Dkt. No. 327) at 13.; *see also Corcoran*, 2019 WL 2454529, at *3 (finding that Dr. Hay's expert opinion and testimony are adequately based on his experience, industry standards, and his review of the materials produced by CVS, including transactional data, during the course of the

litigation). Such common questions and common proof predominate over any individualized issues. Similarly, class treatment for the claims of the Arizona and New York classes are superior to any other means of adjudicating those class members' claims, for the same reasons the Court found superiority for the now-certified classes. *See* Sept. 2017 Order (Dkt. No. 327) at 13-14.

Accordingly, for the reasons expressed by this Court in its August 19, 2019 order certifying each of the California, Florida, Illinois, and Massachusetts state law classes, as well as the Plaintiffs' Amended Motion for Class Certification, and the prior rulings of this Court and the Ninth Circuit, the Court should also grant certification to the New York and Arizona classes.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion to substitute the new class representatives should be granted and the New York and Arizona classes should be certified.

Dated: September 9, 2019

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP

By: */s/ Robert Gilmore*
Robert B. Gilmore (admitted *pro hac vice*)
Edward H. Meyers (admitted *pro hac vice*)
STEIN MITCHELL BEATO & MISSNER LLP

By: */s/ Bonny Sweeney*
Bonny E. Sweeney (Cal. Bar No. 176174)
Richard Lewis (admitted *pro hac vice*)
Sathya S. Gosselin (Cal. Bar No. 269171)
HAUSFELD LLP

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Elizabeth C. Pritzker, attest that concurrence in the filing of this document has been obtained from each of the persons listed in the above signature block.

Date: September 9, 2019

By: */s/ Elizabeth C. Pritzker*