Bonny E. Sweeney (Cal. Bar No. 176174)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, California 94111
Tel: 415-633-1908
Fax: 415-358-4980
bsweeney@hausfeld.com

Richard Lewis (admitted *pro hac vice*)
Sathya S. Gosselin (Cal. Bar No. 269171)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, D.C. 20006
Tel: 202-540-7200
Fax: 202-540-7201
rlewis@hausfeld.com
sgosselin@hausfeld.com

Robert B. Gilmore (admitted *pro hac vice*)
Edward H. Meyers (admitted *pro hac vice*)
STEIN MITCHELL BEATO & MISSNER LLP
1100 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: 202-737-7777
Fax: 202-296-8312
rgilmore@steinmitchell.com
emeyers@steinmitchell.com

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal. Bar No. 220289)
Bethany L. Caracuzzo (Cal. Bar No. 190687)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Tel.  415-692-0772
Fax. 415-366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com

*Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Christopher Corcoran, *et al*., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS Pharmacy, Inc.,<br><br>Defendant. | Case No. 4:15-cv-03504-YGR-JSC<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE PROVIDER AND CLASS NOTICE PROGRAM; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date:  November 5, 2019<br>Time:  1:00 pm<br>Courtroom: 1<br>Judge: Hon. Yvonne Gonzalez Rogers |

MOT. FOR APPROVAL OF NOTICE PROVIDER AND NOTICE PROGRAM
CASE NO. 4:15-CV-03504-YGR

**NOTICE OF MOTION AND MOTION**

**TO:    THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 5, 2019, at 1:00 p.m., in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, California, Plaintiffs Tyler Clark, Robert Garber, Robert Jenks, Debbie Barrett, and Carl Washington will and hereby do move the Court for an order (i) approving Plaintiffs' selection of Angeion Group, LLC ("Angeion") to serve as Class Notice Provider in this action; and (ii) approving Plaintiffs' proposed class notice program and the proposed forms of notice.

This Motion is made pursuant to this Court's Minute Order dated August 19, 2019 (Dkt. No. 370) and Federal Rule of Civil Procedure 23(c), on the grounds that (i) Angeion, selected by Class Counsel through a competitive bidding process, is an experienced class notice provider well qualified to administer the proposed class notice program in this action; and (ii) Plaintiffs' proposed class notice program, including the forms of notice, satisfies the notice requirements of Fed. R. Civ. P. 23(c).

Plaintiffs' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Sept. 16, 2019 Declaration of Jonathan K. Levine in Support of Plaintiffs' Motion for Approval of Notice Provider and Class Notice Program ("Levine Decl."), the Sept. 16, 2019 Declaration of Steven Weisbrot of Angeion Group, LLC ("Weisbrot Decl."), any reply memorandum Plaintiffs file, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to this Court's August 19, 2019 Minute Order (Dkt. No. 370) and Fed. R. Civ. P. 23(c)(2)(B) ("Rule 23"), Plaintiffs respectfully seek Court approval of their selection of Angeion to serve as the Class Notice Provider in this action and approval of Plaintiffs' proposed class notice program and forms of notice. Angeion was selected after a vigorous, multiple-round bidding process and is both experienced and qualified to provide class notice in this action. The proposed notice program and forms of notice fully satisfy the requirements of Rule 23 and collectively provide the class with the best notice practicable under the circumstances of this case: direct notice to class members, communicated overwhelmingly through electronic means that are cost-effective and expeditious, thereby enhancing the value of any potential recovery for the class (either litigated or through settlement) to the greatest extent possible. For the reasons set forth below and in the accompanying Levine and Weisbrot Declarations, the motion should be granted.

**II.    THE PROPOSED NOTICE PROVIDER**

Plaintiffs propose the appointment of Angeion to serve as the Class Notice Provider in this action. Angeion is serving or has served recently as the class action notice and settlement administrator in at least sixteen class actions in this District pending before eleven different judges. *See* Weisbrot Decl., ¶ 8. Angeion was selected by Class Counsel through a multiple-round competitive bidding process in which eight well-established class action notice and settlement administration firms participated. *See* Levine Decl., ¶ 2. Based on the bids, the notice administration proposals received in response to Class Counsel's detailed request for proposals, and extensive discussions with all eight of the firms, Class Counsel believe that Angeion has the requisite experience and qualifications to handle all class notice tasks and to safeguard any class data that CVS transmits to Angeion. *Id*., ¶ 3. Angeion's experience and qualifications are described in more detail in the Weisbrot Declaration accompanying this Motion.

**III.   THE PROPOSED CLASS NOTICE PROGRAM**

Plaintiffs' proposed class notice program and forms of notice are tailored to the facts and

circumstances of this case to provide the best notice practicable under Rule 23. Assuming that notice will be provided to six state-wide classes (the certified classes for California, Florida, Illinois and Massachusetts, and the classes for New York and Arizona for which a certification motion is pending), Plaintiffs and Angeion relied on the following facts, supported by data provided by CVS, to develop the notice program proposed here:

- There are 6,154,351 class members in the six states who fall within the class definition;
- CVS possesses at least one complete mailing address for more than 99% of the class members;
- CVS possesses at least one phone number for 95% of the class members;
- For 85% of the class members, CVS has a home phone number; for 51% of the class members, CVS has a cell phone number; and
- Of the 6,154,351 class members, there are only 247 who do not have an address or a phone number listed in CVS's records.

*See* Levine Decl., ¶ 4.

Although CVS has email addresses for only a fraction of class members (less than 1%), Angeion estimates that it will be able to obtain email addresses for approximately 65% of all class members based on its prior experience in numerous other cases and the data CVS will be providing. *See* Weisbrot Decl., ¶ 14. And, depending on the nature and specificity of the information provided about the 247 class members for whom CVS does not have an address or phone number, Angeion may also be able to obtain contact information for some or all of this group.

In light of the foregoing, Plaintiffs propose to provide direct, individual notice to all class members who can be identified through reasonable efforts. The first notice methodology that Angeion will provide is by electronic means (email and SMS (text) message) and then by U.S. mail only for those class members who cannot be contacted electronically[1]. SMS (text) messages will

---

[1] Plaintiffs will not be able to provide direct, individual class notice to the very small number of class members for whom no contact information ultimately can be obtained. This group, at most, represents .004% of the class.

MOT. FOR APPROVAL OF NOTICE PROVIDER AND NOTICE PROGRAM
CASE NO. 4:15-CV-03504-YGR         4

only be sent to class members who have not opted out of receiving such messages from CVS.[2] Angeion will also establish and maintain a case-specific website that will provide information about the action, relevant documents, all forms of the notice of pendency, the opt-out form, and answers to frequently asked questions. *See* Weisbrot Decl., ¶ 22.

The form of summary notice that Plaintiffs propose to provide to class members by email and U.S. mail is attached as Exhibit A to the Levine Declaration. While in summary form, this notice provides all of the information required by Rule 23 in plain, easily understood language. *See* Levine Decl., Ex. A. This notice also provides a link to a dedicated Class Notice website (to be set up and maintained by Angeion at www.drugpricingclassaction.com) and to the long-form class notice, which sets forth even more information about the action and is attached as Exhibit B to the Levine Declaration. The form of the SMS (text) notice that Plaintiffs propose to use is attached as Exhibit C to the Levine Declaration. The text notice provides a link to the Class Notice website and is similar in content and form to text notices approved in another class action case pending in the Northern District of California. *See* Levine Decl., ¶ 9 and Ex. D.

## IV.   LEGAL ARGUMENT

### A.   The Court Should Approve Angeion As the Notice Provider

The Court should approve Plaintiffs' selection of Angeion to serve as the Class Notice Provider in this action. Angeion was selected in a competitive bidding process and, as set forth in the Weisbrot Declaration, has the requisite experience, qualifications and resources to manage the class notice program being proposed by Plaintiffs.

### B.   Plaintiffs' Proposed Class Notice Program and Forms of Notice Satisfy the Notice Requirements of Fed. R. Civ. P. 23(c)

The proposed notice program and forms of notice conform to the mandates of Rule 23 and due process. Rule 23 requires "the best notice that is practicable under the circumstances, including

---

[2] Plaintiffs' use of SMS (text) messages to provide notice to certain class members is conditioned upon the Court making a specific finding in the notice order that these are informational messages pertaining to the class members' relationship with CVS. *See* [Proposed] Order at 2.

individual notice to all members who can be identified through reasonable effort." Rule 23 also provides that notice can be made by "United States mail, electronic means, or other appropriate means." The summary and long-form notices include all of the information required under Rule 23(c)(2)(B): the nature of the action, the class definition, a summary of the class claims, that a class member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of a final judgment. *See* Levine Decl., Exs. A-B. The text notice provides summary information and a hyperlink to the Class Notice website, which contains the long-form notice and other case-related information. *Id.*, Ex. C. The forms of notice thus include all information necessary for class members to make informed decisions relating to the action.

While direct notice is not required in all cases, *see Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1129 (9th Cir. 2017), here it is the best notice practicable for all class members because the notice provider will have direct contact information for nearly the entire class and can send direct notice to the entire class by electronic means or U.S. mail (for those who cannot be contacted electronically).[3] This program satisfies due process. *See, e.g.*, *In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 941, 946 (9th Cir. 2015) (notice was first emailed to 35 million class members and then sent via U.S. mail to over 9 million class members whose email addresses generated bounce-back messages); *McCrary v. Elations Co.*, No. EDCV 13-0242 JGB (SPx), 2016 WL 769703, at *7 (C.D. Cal. Feb. 25, 2016) (notice was sent via U.S. mail and email); *In re Magsafe ApplePower Adapter Litig.*, No. 5:091-cv-01911-EJD, 2015 WL 428105, at *10 (N.D. Cal. Jan. 30, 2015) (emails, the primary notice vehicle, were sent to 5,523,878 class members).

Plaintiffs' proposal to disseminate notice by text message to certain class members is similarly a methodology that has been routinely approved by courts. *See*, e.*g.*, *In re TracFone Unlimited Serv. Plan Litig.*, No. 13-CV-03440-EMC, 2015 WL 13035125, at *3 (N.D. Cal. Feb. 20,

---

[3] Because Plaintiffs are proposing to provide direct notice to all class members, they are not proposing any form of publication or media notice, which would be duplicative of the direct notice program and a significant expense.

2015); *Rosas v. Sarbanand Farms, LLC*, No. C18-0112-JCC, 2019 WL 859225, at *1–2 (W.D. Wash. Feb. 22, 2019); *Dudley v. TrueCoverage LLC*, No. CV 18-3760 PA (AGRX), 2018 WL 6431869, at *5 (C.D. Cal. Sept. 28, 2018); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015); *Eley v. Stadium Grp.*, LLC, No. 14-CV-1594 (KBJ), 2015 WL 5611331, at *3 (D.D.C. Sept. 22, 2015); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625 RJS, 2015 WL 4240985, at *4–5 (S.D.N.Y. July 13, 2015); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 941, 968–69 (N.D. Ill. 2011). Here, text messaging is an effective means of providing direct notice to over 3 million class members—approximately one-half of the class—for whom CVS has mobile phone numbers. *See* Weisbrot Decl., ¶ 11.

The Advisory Committee Notes to Rule 23(c)(2) endorse "contemporary methods of giving notice to class members": "Counsel should consider which method or methods of giving notice will be most effective; simply assuming that the 'traditional' methods are best may disregard contemporary communication realities." 2018 Fed. R. Civ. P. 23(c)(2) Advisory Committee Notes. Here, CVS has cell phone numbers for 3 million class members (representing 51% of the class), raising two inferences: (i) texts are one of CVS's primary methods of communicating with class members about prescriptions, and (ii) text messages are the most effective and accurate way to reach millions of class members. *See Bhumithanarn*, 2015 WL 4240985, at *4–5 (approving class notice by text where text messaging was an employer's "preferred method of employee communication" and dismissing employers' purported "privacy and data manipulation concerns" about using text messaging for the same reason).

### C.   Plaintiffs' Proposed Notice Program Does Not Raise HIPAA or TCPA Issues

Plaintiffs met and conferred with CVS about the proposed notice program prior to filing this motion. As of the date of the filing of the motion, CVS has indicated that, for business reasons and because of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*, and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227, *et seq.*, CVS objects to any form of notice other than U.S. mail to all 6.15 million class members,

and will only transfer to Angeion class members' names and addresses, but not any phone numbers[4]. *See* Levine Decl., ¶ 5. Plaintiffs considered the potential applicability of HIPAA and the TCPA in the development of the notice program now being proposed for approval by the Court. Based on that analysis, discussions with Angeion professionals, and their own independent research, Plaintiffs believe that their proposed notice program complies with HIPAA and the TCPA for the reasons discussed below.

As relevant here, HIPAA and its implementing rules prohibit the disclosure by a HIPAA-covered entity, such as CVS, of an individual's protected health information ("PHI") without that individual's authorization, or unless the disclosure is otherwise permitted under HIPAA, such as pursuant to a court order. The Department of Health and Human Services' regulations implementing HIPAA contemplate and authorize such a disclosure: "A <u>covered entity</u> may disclose <u>protected health information</u> in the course of any judicial or administrative proceeding … [i]n response to an order of a court or administrative tribunal, provided that the <u>covered entity</u> discloses only the <u>protected health information</u> expressly authorized by such order[.]" 45 C.F.R. § 164.512(e)(i).[5] PHI is considered to be any identifiable health information (such as a name, address, or phone number) that is used, maintained, stored, or transmitted by a HIPAA-covered entity (or its business associates) in relation to the provision of healthcare or payment for healthcare services.[6]

Recognizing the important concerns that HIPPA addresses, Plaintiffs submit that the summary notice and the text notice proposed here, if approved by the Court, comply with HIPPA. This is so for two reasons.

---

[4] Plaintiffs and CVS are negotiating a stipulated order that will allow for the transfer of the class member names and addresses from CVS to Angeion. If CVS adheres to its current position with respect to the phone numbers, Plaintiffs will seek an order compelling the phone numbers to be turned over as well.

[5] *See* https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html, last visited on Sept. 13, 2019.

[6] *See* https://www.hipaajournal.com/what-is-considered-protected-health-information-under-hipaa/, last visited on Sept. 13, 2019.

1  First, Plaintiffs (working in conjunction with Angeion) took great care to draft the summary notice in a generic fashion so as to not specifically connect a notice recipient with a prescription purchase, medical condition, or health status. The notice specifically ***does not*** say that the notice recipient is a class member, nor does it say that the recipient was provided healthcare or paid for healthcare services from CVS.[7]  Rather, the notice states only that "you may have purchased one or more generic prescription drugs from a CVS pharmacy" . . . and may be a member of one or more of the Classes.  Levine Decl., Ex. A.[8]  Thus, as drafted, the notice does not disclose or connect any individual person's PHI in relation to the provision of healthcare or the payment for healthcare services.  This satisfies the purposes of HIPPA.  It also satisfies the requirements of Rule 23, by describing the nature and pendency of the class action, and by advising the recipient of steps that can be taken if the recipient thinks he or she may be a member of a class.

Second, even if the notice arguably discloses PHI in relation to the provision of healthcare or payment for healthcare services, it is HIPAA-compliant because the disclosure will be pursuant to a court order (the proposed notice order) and CVS has previously informed all of its customers in its privacy policy that CVS may disclose PHI in response to a court order without seeking prior authorization.  *See* Levine Decl., Ex. F.  The Court's order directing that an informative notice of pendency be delivered to the classes in the manners proposed by Plaintiffs allows for this minimal disclosure of PHI (if it is PHI at all), consistent with CVS's privacy policy. Moreover, neither Plaintiffs nor Angeion are "covered entities" nor "business associates" as defined by the statute. Nevertheless, as described above, they have painstakingly attempted to limit any potential disclosure of PHI by using generic language that does not identify the notice recipient's prescription purchase history, medical condition, or health status.

---

[7] The summary notice and text notice proposed here are far more general than the Court-approved summary notices that recently were emailed to all known and unknown class members in another healthcare case, *In re USC Student Health Center Litigation*, Case No. 18-cv-04258-SVW (C.D. Cal.). *See* Levine Decl., Exhibit E (containing class notices issued in *USC Health Center* case).

[8] The proposed long form notice contains similar generic language.  *See* Levine Decl., Ex. B.

With respect to the TCPA, the law applies only to the proposed text message notice. Here, too, the proposed text message notice complies with the TCPA. More than half of all potential class members have knowingly provided their cell phone numbers to CVS in the course of filling prescriptions, and the proposed text message concerns these same pharmacy prescriptions. *See Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1044–45 (9th Cir. 2017) ("[A]n effective consent [under the TCPA] is one that relates to the same subject matter as is covered by the challenged calls or text messages.").) As there is effective consent under the TCPA for these class members, the proposed form of text message notice complies with the TCPA, and is an effective means of reaching class members who have consented to receive prescription-related information in this way.

Moreover, in evaluating the TCPA's application, the Ninth Circuit has concluded that "messages 'whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements.'" *Aderhold v. car2go N.A. LLC*, No. 14-35208, 668 Fed. App'x 795, 796, 2016 WL 4709873, at *1 (9th Cir. Sept. 9, 2016) (quoting *In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 6, 2006)). Here, the proposed form of class text notice is informational in nature, rather than constituting prohibited advertising or telemarketing. *See Smith v. Blue Shield of California Life & Health Ins. Co.*, 228 F. Supp. 3d 1056, 1066 (C.D. Cal. 2017) (collecting examples of informational communications under the TCPA). A court in this district has found class notice by SMS (text) message to constitute "informational messages pertaining to … subscribers' service" and approved the dissemination of class notice by SMS message to class members. *TracFone*, 2015 WL 13035125, at *3.

## V.  CONCLUSION

For all of the foregoing reasons, the Court should approve Plaintiffs' selection of Angeion to serve as the Class Notice Provider in this action and approve Plaintiffs' proposed class notice program and forms of notice.

| | |
|---|---|
| Dated:  September 16, 2019 | Respectfully submitted, |
| By: */s/ Jonathan K. Levine*<br>Elizabeth C. Pritzker (Cal. Bar No. 146267)<br>Jonathan K. Levine (Cal. Bar No. 220289)<br>Bethany L. Caracuzzo (Cal. Bar No. 190687)<br>PRITZKER LEVINE LLP | By: */s/ Robert Gilmore*<br>Robert B. Gilmore (admitted *pro hac vice*)<br>Edward H. Meyers (admitted *pro hac vice*)<br>STEIN MITCHELL BEATO & MISSNER LLP |
| By: */s/ Bonny Sweeney*<br>Bonny E. Sweeney (Cal. Bar No. 176174)<br>Richard Lewis (admitted *pro hac vice*)<br>Sathya S. Gosselin (Cal. Bar No. 269171)<br>HAUSFELD LLP | |

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Jonathan K. Levine, attest that concurrence in the filing of this document has been obtained from each of the persons listed in the above signature block.

Date: September 16, 2019

By: */s/ Jonathan K. Levine*