Enu Mainigi (admitted *pro hac vice*)
Grant A. Geyerman (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Edward W. Swanson (Cal. Bar No. 159859)
August Gugelmann (Cal. Bar No. 240544)
SWANSON & MCNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

*Attorneys for Defendant CVS Pharmacy, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Christopher Corcoran, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CVS Pharmacy, Inc.<br><br>    Defendant. | Case No. 15-cv-03504-YGR<br><br><u>CLASS ACTION</u><br><br>**CVS PHARMACY, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO OFFER STEPHEN SULLIVAN AS SUBSTITUTE CLASS REPRESENTATIVE FOR PROPOSED NEW YORK CLASS** |

    The Court should deny the Administrative Motion (Dkt. No. 386) for leave to disclose out-of-time Stephen Sullivan as the third substitute class representative for a potential New York class.  The Motion fails to explain why Class Counsel did not disclose Sullivan as a substitute representative by the deadline—September 9, 2019.  It also fails to explain how denying Sullivan's late substitution would cause the five Plaintiffs bringing the Motion—none of whom are New York residents, asserting

claims under New York law, or stand to receive any portion of a jury verdict at trial in favor of a New York class—to be prejudiced if the September 9 deadline is not enforced. Those Plaintiffs' claims, brought under the laws of other states, are unaffected by whether the trial here involves a New York class. For both of these reasons, the Motion fails to demonstrate "good cause," which is required under the Rules to modify the current schedule and to provide relief from the September 9 deadline. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for *good cause* and with the judge's consent."); Standing Order in Civil Cases, Judge Yvonne Gonzalez Rogers (Apr. 2, 2019) ("Standing Order") ¶ 3 ("Continuances will be granted only upon a showing of good cause, *particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied*."); *see also, e.g.*, *Tesoro Ref. & Mktg. Co. v. Pac. Gas & Elec. Co.*, 2015 WL 5675861, at *15 (N.D. Cal. Sept. 28, 2015) ("Tesoro Has Not Demonstrated Good Cause to Modify a Scheduling Order"); *Rooney v. Sierra Pac. Windows*, 2011 WL 5034675, at *7 (N.D. Cal. Oct. 11, 2011) ("Plaintiff has failed to show good cause for modifying the Court's scheduling order."), *aff'd*, 566 F. App'x 573 (9th Cir. 2014).[1]

**Factual Background**

At the status conference on August 19, 2019, the Court certified classes for four states: California, Florida, Illinois, and Massachusetts. The five Plaintiffs bringing the instant Motion—Tyler Clark (California), Robert Garber (Massachusetts), Robert Jenks (Illinois and Florida), Debbie Barrett (Florida), and Carl Washington (Illinois) (collectively, "Five Plaintiffs")—are all class representatives from one or more of these states. Mot. at 2 (naming movants). The Five Plaintiffs are the only individuals with pending claims in the case. None of them lives in New York, is bringing claims under New York law, or has been identified as having purchased prescriptions in New York such that they potentially could be members of a New York class.

At the status conference, the Court stated that Class Counsel could have a "very short, very short period of time" to identify substitute class representatives for New York and/or Arizona classes, since they expressed interest following remand of the case in seeking certification of classes in those

---

[1] All emphases to quotations in this Brief are added, unless otherwise indicated.

states. *See* Hr'g Tr. (Aug. 19, 2019) at 6.[2]  The Court made the statement after Class Counsel represented that a motion to substitute could occur on "an expedited schedule," Updated Joint Case Management Statement (Dkt. No. 365) (Aug. 12, 2019) at 3, and they identified September 9 as the deadline to disclose any substitute representative. *Id*. at 8. That date allowed CVS four weeks to take discovery of any proposed substitute representative(s) for New York and Arizona before opposing the motion for substitution on October 7.  When they proposed September 9 as the deadline, Class Counsel stated that they were "very confident that we'll have suitable replacement class representatives" for New York and Arizona by that date. Hr'g Tr. (Aug. 19, 2019) at 12.  The instant Motion, however, seeks leave to disclose three weeks late a third proposed class representative for New York, Stephen Sullivan.

The Motion primarily discusses the health status of the two New York residents timely disclosed on September 9, but it does not explain why Mr. Sullivan, the person relevant to the instant Motion, was not also disclosed on September 9.  Yet that is a determinative question.  Nor does the Motion say what prejudice the Five Plaintiffs bringing this Motion—as opposed to Class Counsel, who are always after a bigger fee—will suffer if relief from the September 9 deadline is denied.  The Court's Standing Order is clear that "***the party***" moving to amend the schedule must demonstrate the "prejudice that may result if the continuance *is denied*."  Standing Order ¶ 3.  The Motion misdirects the prejudice analysis toward CVS, arguing (counter-factually) that CVS is not prejudiced by Mr. Sullivan's late disclosure.  Even if it were relevant, CVS is, in fact, prejudiced by receiving only half the time to vet Mr. Sullivan's claims provided under the schedule (i.e., two weeks instead of four weeks) and potentially having to face a New York class at trial because of his involvement.

## Argument

The Court should deny the Administrative Motion, for three reasons:

***First***, the Motion does not explain why Sullivan was not disclosed as a potential class representative on September 9.  By not addressing this question, the Motion fails to make the critical

---

[2] At the time of the status conference, there were certain plaintiffs still asserting claims under New York and Arizona law—Toni Odorisio and Onnolee Samuelson (New York) and Zulema Avis (Arizona). Those individuals' claims have since been dismissed.  Stipulation of Voluntary Dismissal Without Prejudice (Dkt. No. 379) (Sept. 20, 2019); Stipulation and Order Dismissing With Prejudice (Dkt No. 381) (Sept. 23, 2019).

showing—that Class Counsel diligently complied with the deadline. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017) ("The good cause standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment. If the party was not diligent, the inquiry should end." (citations and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 16 advisory committee's note (1983 amend.) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

The fact that Class Counsel disclosed two potential class representatives on September 9 (Aaron Allen and Joseph Luzier), but not three, is no excuse. Throughout the case, Class Counsel consistently has offered for a single state as many individuals as have been willing to be parties in the lawsuit, including offering at any one time, for example, as many as four different representatives for a California class and three different representatives for a New York class. *See, e.g.*, Third Am. Compl. (Dkt. No. 101) (Apr. 4, 2016) ¶¶ 16–19 (Corcoran, Clark, Gardner, and Norkus for California), ¶¶ 22–24 (Odorisio, Guarnieri, and Samuelson for New York). They have done so because no fewer than seventeen individuals bringing claims at some point have dropped out of the case for one reason or another, including serious illnesses. Particularly given this history, Class Counsel should have disclosed and not withheld Sullivan's identity on September 9, even though they were disclosing Allen and Luzier at the same time.[3] For this reason alone, the Court should deny the Motion.[4]

***Second***, the Court may separately deny the Motion because it does not even address how the Five Plaintiffs themselves would suffer prejudice if Sullivan is not allowed to substitute. *See* Standing Order ¶ 3 ("Continuances will be granted only upon a showing of good cause, particularly focusing on

---

[3] Notably, the declaration submitted from Class Counsel (Dkt. No. 385-5) does not say that Sullivan's identity was unknown to Class Counsel on September 9, strongly suggesting that Sullivan's non-disclosure on September 9 was intentional and not inadvertent.

[4] While not directly relevant, it is unclear whether Class Counsel properly vetted Allen's and Luzier's physical ability to prosecute the case before disclosing them on September 9. According to Class Counsel's declaration, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Declaration of Richard Lewis In Support Of Plaintiffs' Administrative Motion (Dkt. No. 385-5) (Sept. 30, 2019) ¶¶ 4–5; *see, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *3 (N.D. Cal. Aug. 14, 2017) (no good cause to substitute named plaintiff where "[p]laintiffs' counsel either knew—or should have known through a reasonable pre-filing investigation—as of the date they filed this action that [the original named plaintiffs]" were inadequate, and "had [p]laintiffs' counsel inquired of their clients before filing suit, they would have discovered that fact").

evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied."). In truth, they are *not* prejudiced. If the Court refuses Sullivan's substitution, that does not impair the Five Plaintiffs' ability to prove at trial their claims brought under the laws of states other than New York. The Five Plaintiffs are not from New York, part of any putative New York class, or asserting claims under New York law. Because Sullivan's presence (or absence) does nothing to change the strength of the Five Plaintiffs' claims, they are not prejudiced if the Court denies the Motion.

*Third*, while prejudice CVS itself would suffer is not the key question, CVS would, in fact, be prejudiced if Sullivan is allowed in the case. Under the schedule established at the status conference, CVS was entitled to four weeks to take discovery and vet any proposed class representative before having to file its brief responding to that individual's proposed substitution. Under the instant Motion, however, CVS would receive only two weeks from when they were notified of Sullivan's identity to respond to his being offered as a class representative—and one of those two weeks overlaps with CVS's final days to prepare its response to the proposed class-notice plan. Furthermore, at trial, CVS may have to defend against a certified class of New York customers if Sullivan's substitution is allowed—a circumstance that otherwise will not exist since Allen and Luzier are not continuing in the case.[5] In both respects, CVS is prejudiced if Sullivan's untimely disclosure is allowed.

For the foregoing reasons, the Court should deny the Administrative Motion.

Dated: October 4, 2019                         Respectfully submitted,

By: *Grant A. Geyerman*

Enu Mainigi (admitted *pro hac vice*)
Grant A. Geyerman (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Edward W. Swanson (Cal. Bar No. 159859)

---

[5] Allen and Luzier have never been added as parties in an amended complaint.

1  August Gugelmann (Cal. Bar No. 240544)
   SWANSON & MCNAMARA LLP
2  300 Montgomery Street, Suite 1100
   San Francisco, CA 94104
3  Telephone: (415) 477-3800
   Facsimile: (415) 477-9010
4

5  *Attorneys for Defendant CVS Pharmacy, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CVS Opposition to Administrative Motion re Stephen Sullivan     6     CASE NO. 15-CV-03504-YGR