UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Christopher Corcoran, *et al.*, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CVS Pharmacy, Inc.,<br><br>    Defendant. | Case No. 4:15-cv-03504-YGR<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER APPROVING FORMS OF CLASS NOTICE<br><br>Date:  November 12, 2019<br>Time:  1:00 pm<br>Courtroom: 1<br>Judge: Hon. Yvonne Gonzalez Rogers |

On November 22, 2019, the Court granted in part and denied in part Plaintiffs' Motion for Approval of Class Notice Provider and Class Notice Program, and directed Plaintiffs to file revised short-form and long-form notices on or before December 2, 2019. *See* Dkt. No. 407. Plaintiffs filed revised short-form and long-form notices on December 2, 2019, the contents of which are not objected to by Defendant CVS. Having considered the revised forms of notice, the Court hereby:

(i)    Approves the revised forms of class notice attached hereto as Exhibits A (short-form notice) and B (long-form notice), finding that these notices similarly comply with the notice requirements of Fed. R. Civ. P. 23(c). The Court finds that the short-form and long-form notices appropriately convey in plain English language the nature of the action, the class definition, and a summary of the class claims; provide that a class member may enter an appearance through an attorney; inform class members that the Court will grant timely exclusion requests and the time and procedure for requesting exclusion; and advise class members of the binding effect of any final judgment entered in the action.

[PROPOSED] ORDER APPROVING FORMS OF CLASS NOTICE
CASE NO. 4:15-CV-03504-YGR

   (ii) Orders that Angeion begin distribution of class notice, and activate and maintain the dedicated Class Notice website www.drugpricingclassaction.com, within fourteen days of today's order;

   (iii) Orders that Class members will have 75 calendar days within which they may request exclusion from the Classes following the initial distribution of class notice.

The Court has carefully reviewed the approved forms of class notice to ensure that any personal health information ("PHI") of individual class members is appropriately protected from unwarranted disclosure as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified at 42 U.S.C. § 300gg, 29 U.S.C § 1181 *et seq.*, and 42 U.S.C. § 1320d *et seq.* The Court finds that both of the approved forms of notice are generic in nature and do not disclose any individual class member's PHI. *See also* 45 C.F.R. § 164.512(e)(i) ("A covered entity may disclose protected health information in the course of any judicial or administrative proceeding…[i]n response to an order of the court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."). Accordingly, the Court concludes that this Order directing that an informative Notice of Pendency be delivered to class members in the forms herein approved and on the timeline set forth above is consistent with and creates no violation of the federal HIPAA statute and its implementing regulations.

**IT IS SO ORDERED.**

Dated: December 3, 2019

                _____
                Yvonne Gonzalez Rogers
                United States District Judge

*Corcoran v. CVS Pharmacy, Inc.*, Case No. 15-cv-03504-YGR (N.D. Cal.)

## NOTICE OF PENDING CLASS ACTION

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS A <u>COURT-AUTHORIZED</u> NOTICE AND NOT A SOLICITATION FROM A LAWYER*

**PLEASE TAKE NOTICE:** To all persons who may have purchased one or more generic prescription drugs from a CVS pharmacy in Arizona, California, Florida, Illinois, Massachusetts, or New York (the "Class States") between November 1, 2008 and July 31, 2015 (the "Class Period") – **You are receiving this notice because you may have <u>important rights</u> as a member of one (or more) of six court-certified state class actions.**

This is a lawsuit in the U.S. District Court for the Northern District of California against CVS Pharmacy, Inc. ("CVS") alleging violations of consumer protection laws of the Class States. The lawsuit claims that CVS overcharged certain insured customers by misrepresenting the usual and customary prices of approximately 400 generic prescription drugs, and collecting co-pays from those customers that were higher than CVS's (allegedly) true usual and customary price, which the lawsuit alleges was the price CVS charged to customers under its Health Savings Pass ("HSP") program. CVS denies that it overcharged its customers or that it did anything wrong. The Court has not decided who is right. For a more detailed description of the lawsuit and to review important case documents, please go to www.drugpricingclassaction.com.
.
The Court has certified six state Classes that collectively include the following:

> All CVS customers in the Class States who, during the Class Period, (1) purchased one or more generic prescription drugs that were offered through CVS's HSP program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP price for the prescription.*

* To view a list of the generic prescription drugs included in the Class definition, please go to www.drugpricingclassaction.com.

The Court has appointed three law firms to act as "Class Counsel" on behalf of the Classes: Hausfeld LLP; Stein Mitchell Beato & Missner LLP; and Pritzker Levine LLP. If you are a Class member, your interests will be represented by Class Counsel. You also have the right to retain a lawyer to enter an appearance on your behalf. However, if you retain your own lawyer, you will be responsible for your lawyer's costs and attorneys' fees.

**<u>LEGAL RIGHTS AND OPTIONS FOR CLASS MEMBERS</u>**

**If you fit the Class Definition and do nothing, you will remain in the Classes and will be bound by all orders, judgments, and decisions of the Court.** If the Classes are awarded money, you will be notified about any further steps needed to apply for your share.

**If you <u>do not</u> want to remain in the Classes and participate in the action, or wish to file your own claim against CVS, you must submit a request to be excluded on or before _____, 2020.** To learn more about or to submit a request for exclusion, please go to www.drugpricingclassaction.com.

The administrator for the Classes is sending this summary notice as required by the Court. To view the full notice approved by the Court, and for more information about the lawsuit, including certain important Court filings, please go to www.drugpricingclassaction.com.

If you have questions or want more information, you may call (___) _____, or you may also contact Class Counsel by email at info@drugpricingclassaction.com.

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you purchased certain generic prescription drugs from a CVS pharmacy in Arizona, California, Florida, Illinois, Massachusetts, or New York between November 9, 2008 and July 31, 2015, a class action lawsuit may affect your legal rights.

*A federal court directed this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

- Plaintiffs are consumers who purchased certain generic prescription drugs from CVS pharmacies in Arizona, California, Florida, Illinois, Massachusetts, or New York (the "Class States") between November 9, 2008 and July 31, 2015 (the "Class Period").  The Plaintiffs have sued CVS Pharmacy, Inc. ("CVS"), alleging violations of consumer protection laws of the Class States.  The lawsuit claims that CVS overcharged certain insured customers by misrepresenting the usual and customary prices of approximately 400 generic prescription drugs, and collecting co-pays from those customers that were higher than CVS's true usual and customary price, which the lawsuit alleges was the price CVS charged to customers under its Health Savings Pass ("HSP") program.

- CVS denies any wrongdoing.

| LEGAL RIGHTS AND OPTIONS FOR CLASS MEMBERS ||
|---|---|
| **Do Nothing** | **Stay in the lawsuit. Await the outcome. Give up certain rights.** <br><br> By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you will give up any rights to sue, or continue to sue, CVS separately over the claims at issue in this lawsuit. |
| **Exclude Yourself** | **Get out of the lawsuit. Get no benefits from the lawsuit. Keep your right to sue CVS.  If you believe that you are a Class member and wish to be excluded, you must act before _____, 2020.** <br><br> If you ask to be excluded and money or benefits are later awarded on behalf of the Classes, you will not share in those. But, you keep any rights to sue CVS separately over the claims at issue in this lawsuit. |

- The Court has allowed the lawsuit to proceed as a class action, which means that the eight Plaintiffs approved by the Court will be representing the six state "Classes," or groups of people, that could include you.  The Classes are defined collectively as:

  All CVS customers in the Class States who, during the Class Period, (1) purchased one or more generic prescription drugs that were offered through CVS's HSP program at the time of the purchase; (2) were insured for the purchase(s) through a third-party payor plan administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and (3) paid CVS an out-of-pocket payment for the purchase greater than the HSP price for the prescription.*

  * A list of the generic prescription drugs included in the class definition may be found at: [website hyperlink].

- The Court has not decided whether CVS did anything wrong. There are no benefits or money available now, and no guarantee that there will be. However, your legal rights are affected if you are a member of one or more of the Classes, and you have a choice to make now.

- Lawyers must prove the claims against CVS at trial. If money or benefits are obtained from CVS on behalf of the Classes, either through a settlement or after a trial, you will be notified about how to request a share.

- Your options—and the deadlines to exercise them—are explained in this notice.

**Please read this Notice carefully and completely.**

## BASIC INFORMATION

### 1.   Why did I get this notice?

You are being provided with this notice because you may have purchased one or more generic prescription drugs from a CVS pharmacy in one of the Class States during the Class Period and may be a Class member. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.  If you are a Class member, you have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the lawyers for the Classes have proven the Plaintiffs' claims against CVS.

The Court in charge of the lawsuit is the United States District Court for the Northern District of California. The case is titled *Corcoran v. CVS Pharmacy, Inc.*, Case No. 15-cv-03504-YGR. United States District Court Judge Yvonne Gonzalez Rogers is overseeing the class action. The people who filed the lawsuit are called the "Plaintiffs," and the company they sued, CVS, is called the "Defendant."

### 2.   What is this lawsuit about?

2

This lawsuit is about whether CVS overcharged certain insured customers by misrepresenting the usual and customary prices of approximately 400 generic prescription drugs, and collecting co-pays for those drugs in excess of CVS's true usual and customary price, which Plaintiffs allege was the price CVS charged to customers under the HSP program.

CVS denies any wrongdoing and denies Plaintiffs' allegations.

A copy of Plaintiffs' Complaint and CVS's Answer to the Complaint are available for your review on the website, www.drugpricingclassaction.com.

The Court has not decided whether either the Plaintiffs or CVS is correct. By establishing the Classes and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims in this litigation, including at trial.

### 3. Why is this a class action?

In a class action, one or more persons, called the Class Representatives sue on behalf of others who have similar claims.  In this case, the Court approved eight individuals as representative Class members in the Class States. Together, all of these people are called a Class or Class Members. One court resolves the issues for everyone in the Classes—except for those people who choose to exclude themselves from the Classes.

The Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. More information about why the Court is allowing this lawsuit to proceed as a class action is in the Court's class certification orders, which are available for your review on the website, www.drugpricingclassaction.com.

### 4. What are the Plaintiffs asking for?

The Plaintiffs are generally asking the Court to award damages equal to the amounts Class Members paid to CVS for prescription drugs in excess of what Plaintiffs contend was CVS's true usual and customary prices for those drugs.  Plaintiffs are also seeking any other relief that the Classes may be entitled to, including statutory damages.

No money or benefits are available now because neither a Court nor a jury has decided whether CVS did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If money or benefits are obtained on behalf of the Classes, either through a settlement or after a trial, you will be notified about how to request a share if you are a Class Member.

## WHO IS AFFECTED BY THIS CLASS ACTION

**To see if you are affected by this class action, you first have to determine if you are a Class Member.**

3

| 5. | Am I part of one of the Classes? |

You are a member of one or more of the Classes if you meet all of the following requirements:

a. You purchased one or more generic prescription drugs included on the list attached at the end of this notice;

b. Your purchase(s) occurred at a CVS pharmacy in Arizona, California, Florida, Illinois, Massachusetts or New York;

c. Your purchase(s) occurred between November 9, 2008 and July 31, 2015;

d. You used insurance for your purchase(s) and your insurance plan was administered by one of the following pharmacy benefit managers: Caremark/PCS, Express Scripts, Medco, MedImpact, or Optum/Prescription Solutions (prior to January 29, 2015); and

e. Generally, you paid CVS an out-of-pocket payment of more than the price CVS charged for the same drug under the HSP program, which in general, for ninety-day prescriptions, was $9.99 between November 1, 2008 and December 31, 2010, or $11.99 between January 1, 2011 and July 31, 2015, for the purchase(s). **Please note**: depending on the specific drug and the quantity of the prescription (e.g., 90 tablets versus 120 tablets), the Health Savings Price could have been more than $9.99 or $11.99.

## RIGHTS AND OPTIONS FOR CLASS MEMBERS

**If you believe that you are a Class Member, you have to decide now whether to stay in the Class or ask to be excluded.**

| 6. | What happens if I do nothing at all? |

You do not have to do anything now. If you do nothing you will remain in the Classes. If you stay in the Classes and the Classes are awarded money or benefits, either as a result of a trial or a settlement, you will be notified about how to apply for a share of the benefits (or how to ask to be excluded from any settlement).

Keep in mind that if you are a Class Member and do nothing now, regardless of whether the Plaintiffs win or lose at trial, you will not be able to sue, or continue to sue, CVS separately—as part of any other lawsuit—over the claims at issue in this lawsuit. You will also be legally bound by all of the orders and judgments that the Court issues in this class action.

| 7. | Why would I ask to be excluded? |

If you exclude yourself from a Class—which is sometimes called "opting-out" of the Class—you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of a trial or settlement (which may or may not be reached) between the Plaintiffs and CVS. However, if you opt out, then you may be able to sue or continue to

4

sue CVS separately for the claims that are the subject of this lawsuit. If you exclude yourself, you will not be legally bound by the Court's judgments and orders in this class action.

If you bring your own lawsuit against CVS after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself from a Class so you can start or continue your own lawsuit against CVS, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

| **8.** | **How do I exclude myself from the Class?** |
|---|---|

To exclude yourself from a Class, you must complete an opt-out form online or send a letter saying that you want to be excluded. You may only exclude yourself: you cannot submit an exclusion request for or on behalf of any person or group of persons, other than yourself.

You may obtain and submit an exclusion request form at www.drugpricingclassaction.com. If you want to exclude yourself through the website you *must* do so by _____, 2020. If you want to exclude yourself by sending a letter, the letter *must* include the following information: (1) the name of the lawsuit (*Corcoran v. CVS Pharmacy, Inc.*, Case No. 15-cv-03504-YGR (N.D. Cal.)); (2) your full name and current address; (3) a clear statement of intention to exclude yourself, such as "I wish to be excluded from the Class;" and (4) your signature. Your letter *must be postmarked by* _____, *2020*, and sent to:

Class Action Opt-Outs
ATTN: Corcoran v. CVS Pharmacy, Inc.
PO BOX 58220
1500 John F Kennedy Blvd. Suite C31
Philadelphia, PA 19102

You cannot exclude yourself by telephone or by email.

## THE LAWYERS REPRESENTING THE CLASS

| **9.** | **Do the Classes have a lawyer in this case?** |
|---|---|

Yes. The Court appointed Hausfeld LLP; Stein Mitchell Beato & Missner LLP; and Pritzker Levine LLP as "Class Counsel" to represent the Plaintiffs and all Class Members.

If you believe that you are a Class Member and choose to remain in a Class, you do not need to hire your own lawyer because Class Counsel are working on your behalf. However, if you want to retain a different lawyer, you will be responsible for paying that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| **10.** | **How will Class Counsel be paid?** |
|---|---|

If Class Counsel obtains money or benefits for the Classes, they may ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Classes or paid separately by CVS.

## 11.  How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims in this litigation, including at a trial, if necessary. There is no guarantee that the Plaintiffs will win, or that they will secure any money for the Classes. The trial is scheduled to start on April 20, 2020 at 8:30 a.m.

## 12.  Do I have to come to trial?

No, you do not need to attend the trial. Class Counsel will present the case for the Class Members, and CVS will present its defenses. You are welcome to come at your own expense. If you wish to participate in the trial, you should contact Class Counsel.

## 13.  Will I get money after the trial?

If you believe that you are a Class Member and remain in a Class, and Class Counsel obtains money or benefits as a result of a trial or a settlement, you will be notified about how to request a share. We do not know how long this will take.

## GETTING MORE INFORMATION

This notice summarizes the class action. More details are available on the website, at www.drugpricingclassaction.com, where you will find the Court's Class Certification Order(s), the Plaintiffs' Class Action Complaint, CVS's Answer, and an Exclusion-Request Form.

If you have questions or want more information, you may call (___) _____, or you may also contact Class Counsel by email at info@drugpricingclassaction.com, or by writing to:

Corcoran v. CVS Pharmacy Inc.<br>
Notice Administrator<br>
1650 Arch Street, Suite 2210<br>
Philadelphia, PA 19103

**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.  THE COURT CANNOT ANSWER ANY QUESTIONS.**

**DATED:** December __, 2019

        **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**