United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER CORCORAN, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CVS PHARMACY, INC.,**<br><br>Defendant. | CASE NO. 15-cv-03504-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE TO PERMIT PLAINTIFFS TO SUBSTITUTE DR. JOEL W. HAY**<br><br>Re: Dkt. No. 468 |

The Court is in receipt of Plaintiffs' Motion for Relief from Case Management Schedule to Permit Plaintiffs to Substitute Expert Dr. Joel W. Hay. The matter is opposed and fully briefed. (Dkt. Nos. 468–470.) For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

On September 5, 2017, this Court found that Dr. Hay's opinion regarding a fundamental issue in this case, namely, how usual and customary prices are defined, lacked foundation under Federal Rule of Evidence 702 and was properly excluded. (Dkt. No. 327, pp. 16–18.) The Ninth Circuit disagreed and reversed finding:

> The district court found that Dr. Hay's testimony lacked foundation, it excluded his report on that basis, and it struck Dr. Hay's testimony that CVS's HSP prices are the U&C prices as defined in CVS's contracts. We disagree that Dr. Hay's opinion lacks foundation. Based on our review of Dr. Hay's disclosed report and the record before us, it is apparent that Dr. Hay formed his opinion regarding the U&C price based on *his experience, industry standards, and his review of the materials produced* by CVS (including transactional data) during the course of the litigation. Dr. Hay's review of these

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728–29 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing set for February 23, 2021.

> materials provides an adequate basis for his disclosed testimony.
>
> The district court also appears to have accepted CVS's argument that the conclusions that Dr. Hay disclosed in his report were not the product of sound or reliable methodology. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[T]he importance of Daubert's gatekeeping requirement . . . is to ensure the reliability and relevancy of expert testimony."). In part, this conclusion appears to be due to the fact that CVS's expert, Dr. Barlag, reviewed much of the same transaction level data as Dr. Hay and disagreed with Dr. Hay's analysis and conclusions. However, Dr. Barlag's analysis doesn't show Dr. Hay's analysis to be without foundation or the product of questionable or unreliable methodology; if credited, Dr. Barlag's testimony does little more than cast some doubt on Dr. Hay's conclusions. Resolving the conflict between these experts is a matter for the jury, not a basis to exclude one of them under Rule 702. *See Pyramid Tech., Inc.*, 752 F.3d at 813.

(Dkt. No. 362, pp. 7–8 (emphasis supplied).) This Court is bound by the Circuit Court's decision. Moreover, the fact that Dr. Hay's opinion is not based upon any particular industry methodology, but rather relies in substantial part on his own experience, means that he has put his own experience at issue in this litigation.

Having reviewed and considered Dr. Hay's Twitter postings over the course of the last year, the Court can understand plaintiffs' concern but that concern cannot extricate Dr. Hay from the opinions which he, through his experiences and personal evaluation, created, and on which plaintiffs have knowingly based their case. Nor can they retreat therefrom at the eleventh hour. In fact, some of these postings *pre-date* the continued trial date and may have been revealed last year had the trial not been continued. The Court is not in a position to evaluate whether other prior actions of Dr. Hay would have been revealed during the course of cross-examination. Further, it is not clear whether Dr. Hay has had other extreme views or whether his postings on Twitter are an aberration. In addition, the record reflects that the defense had prepared to identify at trial inconsistencies in Dr. Hay's declarations and reports which would have had bearing on his overall credibility.

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *See*, *e.g.*, *Navellier v. Sletten*, 262 F.3d 923, 941–42 (9th Cir. 2001) (imposing limits on the parties' presentation of evidence is within "the broad discretion that the district court

had to manage the trial"). Accordingly, balancing all the considerations, including the potential prejudice to both sides, the Court **ORDERS** as follows:

1. Plaintiffs may substitute Dr. Hay with Dr. Kenneth W. Schafermeyer. However, Dr. Schafermeyer may not issue a new report but may only adopt or reject opinions and/or statements in Dr. Hay's three prior declarations and two expert reports. Dr. Schafermeyer shall take such declarations and reports, and by using a strikethrough function, identify those statements/opinions with which he does not agree. Those documents shall be served, and filed, by **March 1, 2021**.

2. The Court will consider allowing counsel for the defense to identify any inconsistency statement/opinion regarding Dr. Hay's prior declarations/reports. Counsel shall serve such designations by **March 19, 2021**, along with the manner in which they would like to proffer the evidence. Counsel shall meet and confer on the topic. At trial, Dr. Hay's name may not be used. Instead, counsel would only be allowed to make a generic reference, such as to "a prior expert for plaintiffs."

3. Dr. Schafermeyer shall sit for deposition by **March 15, 2021**. Plaintiffs shall pay for the costs of the deposition excluding attorneys' fees.

4. The trial date will not be continued at this time. The Court is hopeful that civil jury trials will re-commence in the District by June 1, 2021, and that, given the age of this case, it will maintain its priority status among the other civil cases waiting to be tried.

**IT IS SO ORDERED.**

This Order terminates Docket Number 468.

Dated: February 11, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**