UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER CORCORAN, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CVS PHARMACY, INC.,**<br><br>Defendant. | CASE NO. 15-cv-03504-YGR<br><br>**PRETRIAL ORDER NO. 1 RE: MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 433, 438, 440 |

The Court, having considered the pending motions *in limine* submitted by plaintiffs and defendant CVS Pharmacy, Inc. ("CVS") **HEREBY ORDERS** as follows:

A.  **Plaintiffs' Motions *in Limine***

   1.  **Plaintiffs' Motion *in Limine* No. 1 is Denied.**

   Plaintiff moves for an order that defendant not elicit testimony from, or otherwise present evidence or argument regarding, six former pharmacy benefit manager ("PBM") employees (Joseph Zavalishin, Michael Reichardt, Franceen Spadaccino, William Strein, Cal Corum, and William Barre) and a current PBM employee (Amber Compton) regarding the "usual and customary" ("U&C") terms in the five CVS-PBM agreements at issue in this case (the "PBM agreements") and further that defendant not present evidence or argument that the PBMs "were not deceived" by CVS's failure to report its HSP prices as U&C.

   The motion is **DENIED**. The fundamental concern here relates to the foundation for any statements made by this group of individuals. The Federal Rules of Evidence apply and address the concerns which the Court will consider on a case-by-case basis. The proper foundation will need to be laid before the testimony is allowed. The parties may remind the Court prior to the testimony of any particular witness of any concerns so that the Court is prepared to address them.

//

**2. Plaintiffs' Motion *in Limine* No. 2 is Denied Without Prejudice.**

Plaintiffs move for an order excluding (i) evidence or argument about whether pharmacies, other than defendant, did or did not report membership cash discount prices as U&C prices and (ii) evidence or argument concerning federal or state governmental actors' positions on membership prices and U&C reporting, including regulations, litigation and enforcement actions. However, plaintiffs request the limitation not encompass evidence (*e.g.*, documents, depositions, or trial testimony) produced or generated in such lawsuits that is otherwise relevant and admissible in this case, and that, if such evidence is admitted, it be introduced without reference to the name or nature of the lawsuit in which it was originally adduced.

The motion is **DENIED WITHOUT PREJUDICE**. The Court's Standing Order re: Pretrial Instructions in Civil Cases Section 4.a ("Standing Order") warned parties not to "misuse motions *in limine* in an attempt to exclude broad categories of possible evidence [and advised that such] motions are routinely denied. Any motion *in limine* must specify the precise exhibits or proffered testimony the party seeks to exclude." Here, plaintiffs failed to heed the warning.

Evidence must be probative of some element of a claim or affirmative defense. The Court agrees that this case concerns the meaning of "usual and customary prices" as the term is used in the PBM agreements. Accordingly, the Court anticipates that there will be evidence beyond the contracts at issue and which will be probative of the meaning of "usual and customary prices." The Court cannot determine at this juncture what form such evidence will take. That said, the Court will not allow mini-trials of other actions to be tried here. The parties should plan accordingly.

**3. Plaintiffs' Motion *in Limine* No. 3 is Denied.**

Plaintiffs move for an order excluding defendant from presenting evidence or argument that Plaintiffs did make, or could have made, purchases of their relevant prescriptions at a pharmacy other than CVS during the class period.

This motion is **DENIED**. Plaintiffs' purchases of the same prescriptions at other pharmacies are relevant to elements of the asserted claims and defenses thereto. Plaintiffs' relevance objection is essentially an attack on the weight of this evidence, not its admissibility. Further,

plaintiffs have failed to show how the probative value of such evidence would be outweighed by a danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.

### 4. Plaintiffs' Motion *in Limine* No. 4 is Denied Without Prejudice.

Plaintiffs move for an order limiting defendant to only one expert on the grounds that the proffered testimony from its three expert witnesses (Pamela Wyett, John Jones, and Edward McGinley) is duplicative.

The fact that multiple witnesses may offer similar opinions is not in and of itself cumulative, particularly if the same topic is addressed from different perspectives. Further, the Court has imposed time limits to ensure that the parties are being efficient with the presentation of evidence. *See U.S. v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975) ("The district court has considerable discretion even with admittedly relevant evidence in rejecting that which is cumulative."). It would therefore be premature for the Court to conclude that the testimony is cumulative when such evidence has yet to be presented. The motion to exclude the other from introducing needlessly cumulative trial testimony and wasting the jury's time is **DENIED WITHOUT PREJUDICE** to reasserting at trial if warranted.

### 5. Plaintiffs' Motion *in Limine* No. 5 is Granted in Part and Denied in Part.

Plaintiffs move for an order prohibiting defendant from presenting evidence or argument (i) that this litigation is "lawyer-driven", (ii) as to the motivations or circumstances of how, when, or why the parties selected or hired counsel, or to any referral arrangements or other counsel the parties may have retained or consulted beyond their current counsel, or (iii) as to the parties' attorneys' fees arrangements, or how litigation expenses are paid or the amount of those expenses, in connection with this or any similar litigation.

With respect to subsection (i), the motion is **GRANTED**. Class actions are frequently driven by lawyers. Rule 23 and case law recognize that reality and, in fact, the rule exists in part to address conduct where the value of recovery to an individual would not justify the cost of suit. CVS can argue that prescription-drug industry participants hold a particular view about U&C prices without asserting that any contrary position is "an invention for litigation."

With respect to subsection (ii), the motion is **GRANTED IN PART AND DENIED IN PART**. Issues of concern regarding the adequacy and appropriateness of the class representatives should have been raised at the class certification stage. How plaintiffs came to be the class representatives does not have any tendency to make a fact relevant to the claims here more or less probable. CVS can adequately explore plaintiffs' damages without touching upon how they became to be involved in the case. Nor is this evidence relevant to their credibility as it does not tend to prove that they are biased or untrustworthy. However, for purposes of CVS's statute of limitations defense, evidence of *when* plaintiffs first learned of their injuries is permitted. Examination beyond this limited point regarding the circumstances of retaining counsel is not permitted.

With respect to subsection (iii) regarding attorneys' fees and expenses, the motion is **GRANTED** as unopposed.

**6. Plaintiffs' Motion *in Limine* No. 6 is Denied Without Prejudice.**

Plaintiffs move for an order prohibiting defendant from presenting evidence or argument of any potential class representative incentive awards that plaintiffs might receive as a result of a litigated judgment or settlement.

The motion is **DENIED WITHOUT PREJUDICE**. Plaintiffs' financial interest in the outcome of the case and any benefits they may receive by being class representatives are probative of their credibility. *See* Ninth Circuit Civil Jury Instructions (2017 Edition), 1.14 (credibility of witnesses), subsection (4) (the witness's interest in the outcome of the case). That said, an objection on Rule 403 grounds may be made at the time of trial if warranted.

**7. Plaintiffs' Motion *in Limine* No. 7 is Denied.**

Plaintiffs move for an order prohibiting defendant from presenting evidence or argument that the modest size of the individual plaintiffs' and class members' injuries or damages makes their claims inconsequential.

The motion is **DENIED**. The nature and extent of plaintiffs' damages are relevant to the materiality and reliance elements of certain of plaintiffs' claims. The relevance objection is merely an attack on the weight of the evidence, not its admissibility. Counsel may argue weight.

4

Further, plaintiffs have failed to show how the probative value of such evidence would be outweighed by a danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.

**8. Plaintiffs' Motion *in Limine* No. 8 is Granted in Part and Denied in Part.**

Plaintiffs move for an order prohibiting defendant from presenting evidence or argument as to the Defendant's supposed "good" corporate conduct such as philanthropic work, charitable donations, or other similar conduct unrelated to the conduct in this case.

The motion is **GRANTED** for the first phase of the trial which shall not consider punitive damages. Background information, including CVS's mission statement, does not fall within the purview of this Order. The motion is **DENIED** insofar as a limited amount of this evidence will be allowed during the second punitive-damages phase, if one occurs. The Order is **WITHOUT PREJUDICE** to lodging objections under Rule 403 if warranted.

**9. Plaintiffs' Motion *in Limine* No. 9 is Denied as Overbroad.**

Plaintiffs move for an order prohibiting defendant from presenting evidence or argument regarding experts retained or designated by plaintiffs but whose testimony – in whole or in part – has been excluded or is otherwise not proffered at trial.

Again, parties were warned not to "misuse motions *in limine* in an attempt to exclude broad categories of possible evidence." (Standing Order, Section 4.a.) Given the failure to provide any specificity, the motion is **DENIED**. Further, as noted in this Court's order regarding the substitution of Dr. Hay (Dkt. No. 471), the Court will consider allowing evidence from Dr. Hay as a means of addressing the prejudice from the eleventh-hour request to substitute him.

**10. Plaintiffs' Motion *in Limine* No. 10 is Granted in Part and Denied in Part.**

Plaintiffs move for an order prohibiting defendant from playing its deposition designations in plaintiffs' case-in-chief except when otherwise required for completeness; instead, defendant's designated deposition testimony will be played in defendant's case-in-chief (along with Plaintiffs' designations for completeness).

In general, the Court intends to make trial evidence as accessible to the jury as possible. Parties are admonished to avoid gamesmanship in this regard. The motion is **GRANTED** to the

extent that the Court will enforce the rule of completeness.  The motion is **DENIED** given that it is overbroad and therefore the Court is not ruling on any specific designation.

**B.  Defendant's Motions** *in Limine*

    **1.  Defendant's Motion** *in Limine* **No. 1 is Granted.**

Defendant seeks an order excluding evidence and argument of the following seven Health Savings Pass ("HSP")-related lawsuits and government investigations:  *United States ex rel. Winkelman v. CVS Caremark Corp.*, No. 11-11398-DJC (D. Mass.) (including pre-suit investigation); *Sheet Metal Workers Local No. 20 Welfare and Benefit Fund v. CVS Pharmacy, Inc.*, No. 1:16-cv-00046-WES-PAS (D.R.I.); *Plumbers Welfare Fund, Local 130 v. CVS Health Corp.*, 1:16-cv-00447-S (D.R.I); *State of Texas ex rel. Winkelman v. CVS Health Corp.*, No. D1-GV-14-00038 (353rd Dist. Ct. Travis Cnty. Tex.) (including pre-suit investigation); *State of California ex rel. Omlansky v. CVS Caremark Corp.*, No. 34-2013-00147458 (Sacramento Cty., Cal. Super. Ct.); *Mississippi v. CVS Health Corp.*, 17-cv-00030-CW (DeSoto Cty., Miss. Cir. Ct.); and Civil Investigative Demand, Connecticut Attorney General's Office (June 24, 2010).

With respect to evidence and argument related to *United States ex rel. Winkelman* (D. Mass.) and *State of Texas ex rel. Winkelman* (353rd Dist. Ct. Travis Cnty. Tex.), plaintiffs do not oppose.  The Court therefore **GRANTS** the motion as to the fact of these two proceedings.  However, plaintiffs seek to carve out "evidence adduced in the two *Winkelman* cases and any other case involving CVS's U&C pricing and HSP program, such as trial or deposition testimony, produced documents, etc., as long as such evidence is otherwise relevant and admissible."  This accommodation cannot be decided in a vacuum.  The Court will therefore consider specific objections regarding such evidence as they are proffered.

Plaintiff does not specifically address the motion as to the fact of the other proceedings/investigations brought by the states of California, Mississippi, and Connecticut.  The Court therefore **GRANTS** the motion as to these proceedings as well.

With respect to the private litigation involving third-party payors, *i.e.*, *Sheet Metal Worker* and *Plumbers*, both pending in the District of Rhode Island, plaintiffs argue that the fact of these proceedings is relevant "to establish CVS's knowledge that payors—looking at the same sort of

6

U&C definitions and pricing arrangements as in this case—evidently disagree with CVS on whether CVS's HSP pricing qualified as a U&C price" and therefore evidence of these private lawsuits should be admissible under Rule 404(b).

On the one hand, Rule 404(b) analysis cannot be made as globally as plaintiffs would like. However, as plaintiffs note, Rule 404(b) evidence may be admissible for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Given defendant's prior positions, it is reasonable that plaintiffs will be able to introduce the fact of lawsuits within the industry to challenge defendant's theories and show knowledge. Without a review of the actual evidence, the Court cannot make a proper ruling and, on this basis, the motion is **GRANTED WITHOUT PREJUDICE** as to these private actions. Counsel must first seek permission from the Court so that a more considered evaluation can be made. As previously indicated, the Court will not conduct mini-trials on matters tangential to this specific case.

### 2. Defendant's Motion *in Limine* No. 2 is Denied.

Defendant seeks an order excluding evidence and argument that the U&C definitions in the contracts between CVS and the PBMs are clear or unambiguous.

The motion is **DENIED**. Although the Court had rejected "[p]laintiff's argument that the contracts are clear and unambiguous [as] belied by the contractual language itself" (Dkt. No. 327 at 20), this finding does not support the motion here as defendant attempts to do. The Court's ruling merely expands the sources of evidence allowed at trial. The parties may have positions regarding the clarity, or lack thereof, of provisions in the contract, and the lawyers can ultimately argue the issue. However, the Court is not inclined to restrain those arguments artificially by limiting counsel's vocabulary. The jury will be instructed on the objective bases for evaluating lay opinions.

### 3. Defendant's Motion *in Limine* No. 3 is Granted Without Prejudice.

Defendant seeks an order excluding evidence and argument that CVS and the PBMs conspired or schemed that HSP prices are not U&C prices.

The Court construes this motion as narrowly focused on *nefarious or illegal activity* and therefore the motion is **GRANTED WITHOUT PREJUDICE**.  The word "conspire" means to "join in a secret agreement to do an unlawful or wrongful act or an act which becomes unlawful as a result of the secret agreement," and the word "scheme" includes a meaning such as "calculation of the end in view and may apply to a plan motivated by craftiness and self-interest."[1]  Without a good faith, evidentiary basis, counsel is prohibited from suggesting that CVS and the PBMs conspired or schemed toward an unlawful objective.  The inquiry shall not be made without first seeking Court approval so that the evidentiary basis can be evaluated.

That said, evidence of lawful contracts, statements regarding mutual understandings, and the like cannot reasonably be excluded given the nature of this case.  Moreover, the jury will be instructed that in evaluating the truth of a witness's testimony they may consider any biases or interest in the outcome of the case.  To the extent that CVS and the PBMs have ongoing business relations, counsel may explore potential bias.

**4. Defendant's Motion *in Limine* No. 4 is Denied.**

Defendant seeks an order excluding evidence and argument concerning the January 29, 2015 contract between CVS and OptumRx as a "subsequent remedial measure" and inadmissible under Rule 407 and outside the Class Period.

This motion is **DENIED**.  The Court recognizes the import of Rule 407 and the social policies underlying the provision to encourage subsequent remedial measures.  Here, however, the amended contract language is admissible to support competing interpretations of the disputed terms, as the Ninth Circuit observed in its decision.  *See Corcoran v. CVS Health Corp.*, 779 F. App'x 431, 433 (9th Cir. 2019) ("A jury could reasonably infer that subsequent modifications of the agreements indicate that the prior definitions of U & C included HSP prices.").  The evidence is especially probative in light of defendant's policies with respect to negotiating such provisions.  Further, whether such contract revision can even be considered a "subsequent remedial measure"

---

[1] *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/conspire; https://www.merriam-webster.com/dictionary/scheme (last visited February 18, 2021).

is debatable and, in any event, an insufficient showing has been made to warrant exclusion under Rule 403 grounds.

**5. Defendant's Motion *in Limine* No. 5 is Granted in Part and Denied in Part.**

Defendant seeks an order barring plaintiffs from arguing or implying that CVS's liability may arise from (a) a failure to disclose information to Class Members or (b) any affirmative representation to Class Members concerning the accuracy of their copayments.

This motion is **GRANTED IN PART AND DENIED IN PART**. The issue of a failure to disclose concerns a fine distinction between theory and fact. Defendant accurately recounts that plaintiffs:

> sued for fraudulent concealment premised on CVS's failure to inform customers, at the point of sale, about the HSP program, the HSP price, and CVS's practice of submitting a higher-than-HSP price as the U&C price. Plaintiffs argued that "a duty [existed] on the part of CVS to disclose information relevant to drug pricing." The Court dismissed that claim for lack of any authority to support such a duty to disclose. *Corcoran*, 169 F. Supp. 3d at 989. The Court "decline[d] Plaintiffs' invitation to impose a duty on pharmacists as a matter of law which encompasses matters of drug pricing." *Id.* Plaintiffs did not appeal that ruling when they appealed from the prior judgment.

CVS MIL #5 at 3. Thus, as no affirmative duty to disclose exists, plaintiffs are prohibited from suggesting otherwise.

That said, the *fact* of a non-disclosure is admissible evidence, nor is it prejudicial as it accurately reflects the evidence. Likewise, with respect to the issue of representations about the accuracy of copayments, plaintiffs may offer evidence of what occurred at the point of sale and may argue, based upon admissible evidence, that the copayments made at the point of sale were inflated. That is different from arguing a duty to disclose which plaintiffs may not argue. Counsel are cautioned **NOT** to confuse the jury which would then require a clarifying instruction from the Court.

**6. Defendant's Motion *in Limine* No. 6 is Denied.**

Defendant seeks an order excluding plaintiffs' expert opinions that: (a) "HSP prices themselves are the single most common cash prices appearing in the transaction data as many as 52 times more than the next most common cash prices," (b) "the HSP program was broadly

available to cash customers," and (c) "the HSP membership fee was nominal." Declaration of Grant Geyerman in Support of CVS's Motions *in Limine*, Ex. 24 ¶¶ 10, 47 (Hay Expert Report) (Dec. 9, 2016), Dkt. No. 435-12; Ex. 25 ¶¶ 20, 30–33 (Hay Rebuttal Report) (Jan. 27, 2017), Dkt. No. 435-13.

Defendant appears to concede that, in 2017, it moved this Court to exclude two different opinions, "not the three narrow opinions challenged here." (CVS MIL # 6 at 4.) This motion is therefore **DENIED** as these concerns were not timely raised before the Court. Motions *in limine* are not to be used as a backdoor attempt to get around the scheduling order's deadline for the filing of *Daubert* motions. Defendant's fundamental argument is that the opinions lack a sound basis "because they depend on irrelevant and misleading statistics." (*Id.* at 1.) In light of the Ninth Circuit's broad sweep in this case, the Court will not exclude these opinions if the new expert chooses to adopt them.

**7.  Defendant's Motion *in Limine* No. 7 is Granted.**

Defendant seeks an order barring plaintiffs' expert from opining specifically as to the definition of usual and customary in the PBM contracts or what CVS and the PBMs intended when including the defined term of U&C price in their contracts.

This motion is **GRANTED** as unopposed. It is undisputed that while experts may testify as to industry custom and practice and may testify generally about their experience in the industry, only persons who were engaged in the negotiation of contracts can testify from personal knowledge regarding their understanding of the terms at the time of the execution. *See Energy Oils, Inc. v. Mont. Power Co.*, 626 F.2d 731, 737 (9th Cir. 1980) (district court erred by "admitting testimony of expert witnesses concerning their opinions as to the legal effect of the agreements and also by permitting a witness to express the subjective intent of the parties in entering into the agreements").[2]

//

---

[2] In their response to this MIL, plaintiffs make reference to certain of CVS's experts but have not made a motion as to any specific opinions they seek to exclude in this regard. Accordingly, the Court will not attempt to make any ruling.

10

**8. Defendant's Motion *in Limine* No. 8 is Denied.**

Defendant seeks an order barring (a) examination of CVS's corporate representative on matters outside of the individual's personal knowledge and (b) calling in-house counsel Hillary Dudley as a live trial witness.

With respect to the examination of corporate representatives, the motion is **DENIED**. "The parties are correct that the case authority is split on the issue of whether a corporate designee may testify concerning matters outside of his or her personal knowledge at trial." *Lister v. Hyatt Corp.*, No. 18-CV-961 (JLR), 2020 WL 419454, at *2 (W.D. Wash. Jan. 24, 2020) (citing cases). "[N]o authoritative ruling from the Ninth Circuit" has issued on this matter. *Id.* Notwithstanding, a corporation is deemed to be a "person" and therefore can only testify through the embodiment of individuals. It is this Court's view that persons who have been designated to testify on behalf of the corporation may be examined on specifically articulated topics whether the representative obtained the information by personal experience or upon investigation in their corporate capacity.

With respect to the issue of Ms. Dudley, the motion is **DENIED WITHOUT PREJUDICE** as premature as the Court has not seen a witness list.

**IT IS SO ORDERED.**

This Order terminates Docket Numbers 433, 438, 440.[3]

Dated: February 18, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] For purposes of these motions, the Court need not rely on matters which were filed with a request to seal. Thus, while the Court **GRANTS** CVS's motion to seal (Dkt. No. 438), it does so only given the procedural context. The parties should not assume that the material will be sealed at trial.

11