UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER CORCORAN, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CVS PHARMACY, INC.,**<br><br>Defendant. | Case No.  4:15-CV-3504-YGR<br><br>**PRETRIAL ORDER NO. 3 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the pretrial conference held on March 31, 2021, for good cause shown, the Court enters the following orders.  Unless otherwise modified herein, the deadlines previously set by the Court in the Revised Pretrial Schedule (Dkt. No. 464) and Pretrial Order No. 2 (Dkt. No. 476) remain valid:

1. **Trial Date and Schedule:**   The Court is still preparing to proceed in person assuming the conditions in the Bay Area continue to improve at current rates which would have a majority of Bay Area counties in Minimal Tier 4 by April 27, 2021 and perhaps all by May 4, 2021.

2. For public health and safety reasons given COVID-19, the following protocols are ordered.

    a. Each party may have no more than ten (10) individuals in the courtroom.  Each may choose how to allocate those slots and must account for each's witness.  If the Court can accommodate more given public safety concerns, the parties will be so advised.

    b. Every person shall wear a mask while in the courthouse.  The Court will provide transparent masks for witnesses to use while testifying.

    c. The Oakland courthouse has an attorney lounge which is open and available.  This lounge is not monitored.  Two conference rooms exist which can be reserved by lawyers for any trial in the courthouse on a first-come, first-serve basis by contacting Odile_Hansen@cand.uscourts.gov.

3. The trial of this matter is confirmed to proceed in the federal courthouse in Oakland, California with the courtroom to be determined at a later date. Jury selection shall begin at beginning at **9:00 a.m.** on **Monday, June 7, 2021**. All remaining trial days shall begin at **8:30 a.m.** Opening statements will commence on **Tuesday, June 8, 2021**. Counsel shall arrive in court early enough to proceed promptly at **8:00 a.m**. Trial schedule will be Monday through Friday, from **8:30 a.m.** to **1:30 p.m.** with two fifteen-minute breaks. However, Thursday June 10 (and, if necessary, June 24) will be dark as that is the day designated for the Court's criminal calendar. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

4. The parties shall each be afforded 24 hours to present their case, including opening statements and closing arguments. Of the 24 hours, the Court shall reserve 1 hour and 20 minutes for each side for opening statements and closing arguments. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived.

5. Defendant's request for a continuance is **DENIED**. Given the backlog created by COVID-19 pandemic, the Court is working collaboratively with all other judges in the courthouse to bring cases to trial including criminal in-custody and out-of-custody. If the trial does not proceed on schedule, it is not clear when the Court will be able to reschedule the trial. Further, defense counsel has shown in the past to have a full trial calendar which necessitated repeated requests for continuances. The Court is not inclined to create uncertainty by continuing the trial date which was originally set to proceed in April 2020, then August 2020. The fact that defense counsel is in a bench trial on May 3, 2021 does not necessitate a continuance. The undersigned will be in a bench trial for much of the month of May as well.

6. **Standard Motions *in Limine*:** In addition to the orders issued in Pretrial Order No. 1 with respect to the filed *in limine* motions, the Court hereby orders that: (a) witnesses shall be

2

excluded until testimony is completed except for one corporate representative to be named by defendant by **April 7, 2021**; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

7. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

8. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference, namely those on Docket Numbers 482 and 483. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order. By **April 7, 2021**, defendant shall file a Notice with the actual names of any corporate representatives generically identified on its witness list. Failure to do so will result in the exclusion of that witness from trial.

9. **Exhibits and Exhibit Lists:** No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. The parties shall provide a proposed form of order with any requests to bring equipment into the courthouse. Otherwise, the U.S. Marshals will not allow such equipment.

11. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

12. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

3

13. **Jurors and Peremptory Challenges:**  The Court will seat a total of nine (9) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  The Court reviewed Docket Number 484 regarding the parties' request for additional questions on the juror survey questionnaire and will accommodate most of the requests.

14. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition).

15. **Opening Statements:**  Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial.  Any objections not resolved must be filed in writing by the Thursday before trial.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

16. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  Counsel shall lodge with the Court a copy of all expert disclosures, including any supplements, by **April 15, 2021**.

17. Offers of judgment made under Fed. R. Civ. P. 68 shall be lodged on the first day of trial with the Clerk of the Court.

18. **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

19. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.  The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each

4

transcript. Delivery of the transcripts shall occur no later than **April 15, 2021.**

20. The parties agree to exchange deposition designations for those witnesses who are anticipated to testify in person but subsequently can no longer attend.

21. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

22. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played. The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

23. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

24. The parties are advised that if a witness cannot travel due to health issues, the Court will consider a request to allow the person to testify virtually.

25. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

26. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

27. **Punitive Damages:**  If the jury will be asked to consider punitive damages, the following additional orders apply:

    a. Defendant shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

    c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

28. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** four weeks prior to the commencement of the trial, however, as soon as is known is best.  *See* https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

29. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.   Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

30. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  Counsel may approach their own non-hostile witnesses without permission.  During *voir dire* counsel will be allowed to use the bathrooms in the jury room so

6

that you do not share the facilities with the jurors.  Counsel may not linger in the jury room or use any exit door other than the one leading to the courtroom.

31. **Failure to Comply:**   Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

32. Defendant's proposal for adjudication of individualized issues (Dkt. No. 444-1) is **DENIED**. Defendant is not denied any constitutional rights by litigating the class claims with the individualized claims.  This Court has presided over numerous class action trials which address the issues simultaneously.  To do otherwise is inefficient.  Defense counsel, having never tried a class action, could identify no actual reason to the contrary.

33. The pretrial conference set for May 14, 2021 is **VACATED**.  The Court hereby sets a final pretrial conference for **Wednesday**, **June 2, 2021** at **9:00 a.m.** to discuss any remaining issues.  Should the parties require an earlier pretrial conference, they should contact chambers through email so that the Court can schedule a time for a conference.

This Order terminates Docket Number 444-1.

**IT IS SO ORDERED.**

Dated: April 1, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**