UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CORCORAN, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | CASE NO. 15-cv-03504-YGR<br><br>PRETRIAL ORDER NO. 6 RE: FINAL PRETRIAL CONFERENCE |

TO ALL PARTIES AND COUNSEL OF RECORD:

Having considered the filings to date and the arguments and other submissions at the final pretrial conference held on June 2, 2021, for good cause shown the Court enters the following orders:

1. **CVS'S EXPEDITED MOTION TO DECERTIFY THE FLORIDA AND NEW YORK CLASSES**:

The day prior to the final pretrial conference, CVS filed a motion seeking decertification of the Florida and New York classes "on the grounds that the class representatives for Florida (Debbie Barrett and Robert Jenks) and New York (Stephen Sullivan) no longer satisfy Federal Rule of Civil Procedure ("FRCP") 23(a)(4)'s 'adequacy' requirement" because they are unable and/or unwilling to testify in person or by remote means. (Dkt. No. 541.) The Court ordered plaintiffs to respond forthwith. In their opposition filed on the morning of the conference, plaintiffs contend that the representatives' medical unavailability does not provide a basis to decertify. (Dkt. No. 542.) Plaintiffs point to the representatives' deposition testimony taken in this case and Rule 32(a)(4)'s provision for the use of such testimony due to "trial absences for reasons of infirmity and illness." Plaintiffs also submit sworn declarations by Florida representative Debbie Barrett and New York representative Stephen Sullivan attesting to their serious medical circumstances. (Dkt. Nos. 542-2, 542-3.)

In light of the foregoing, the Court finds that Ms. Barrett and Mr. Sullivan are unavailable under FRCP 32(a)(4) and permits their deposition testimony for use at trial. Mr. Jenks has not provided an adequate explanation to the Court, and counsel for plaintiffs indicated at the conference that he could testify via Zoom if he must. The Court therefore finds that Mr. Jenks is available but permits his testimony at trial by remote means in light of the COVID-19 pandemic. Because the Court does not find that medical unavailability is a basis for decertification, CVS's motion to decertify the Florida and New York classes is **DENIED**.

2. **PLAINTIFFS' MOTION TO EXCLUDE DEPOSITION TESTIMONY OBTAINED BY CVS IN OTHER LITIGATION**

On April 16, 2021, plaintiffs filed a motion seeking an order excluding, *inter alia*, deposition testimony of Joseph Zavalishin on behalf of OptumRx obtained by CVS in *Sheet Metal Worker Local No. 20 Welfare and Benefit Fund v. CVS Pharmacy, Inc.*, No. 1:16-cv- 00046-WES-PAS (D.R.I.) ("*Sheet Metal*"). (Dkt. No. 496.) Plaintiffs contend that the designated excerpts from such testimony taken in April 2019 are inadmissible hearsay that do not qualify as an exception under Federal Rule of Evidence ("FRE") 804(b)(1) nor may be used at trial under FRCP 32(a)(8). The Court deferred ruling on the motion as to Mr. Zavalishin "until issues of availability are resolved either at the time of trial or by agreement." (Pretrial Order No. 4 at 9.) At the conference, the parties represented that they had agreed that OptumRx is unavailable for purposes of FRE 804(b)(1).

FRE 804(b)(1) provides a hearsay exception for former testimony:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1). CVS contends that the *Sheet Metal* plaintiffs are "predecessors in interest" of plaintiffs here in light of the subject matter of the two cases and their shared motives in cross-examining OptumRx. The Court agrees.

2

Under the FRE 804(b)(1), "predecessor in interest" is meant to be read generously where a former action involved a party with similar motives to cross-examine as the present party on similar issues. *See Culver v. Asbestos Defendants (BP),* No. 10-CV-3484 (SI), 2010 WL 5094698, at *4 (N.D. Cal. Dec. 8, 2010) (adopting interpretation of Third, Fourth, and Sixth Circuits that Rule 804's "predecessor in interest" limitation is meant to be read generously where former suit involved a party with similar motivation to cross-examine on similar issues as the present party); Wright & Miller, FED. PRAC. & PROC. EVID. § 7073 (2014 ed.) ("courts have interpreted the phrase predecessor in interest to extend beyond privity to encompass parties sharing a 'community of interest.'").

The *Sheet Metal* action was filed by third-party payors alleging that CVS and five pharmacy benefit mangers ("PBMs"), including OptumRx, engaged in a scheme to overcharge the third-party payors in violation of the Racketeer Influenced and Corrupt Organizations Act and various state laws. (*See Sheet Metal*, No. 16-CV-46 (WES) (D.R.I. filed May 4, 2016), First Amended Complaint, Dkt. No. 81.) Specifically, the *Sheet Metal* plaintiffs alleged that CVS defrauded and overcharged the health plans in failing to treat its Health Savings Pass membership prices as its Usual and Customary prices when reporting U&C prices to the PBMs. Accordingly, plaintiffs' contention that "the *Sheet Metal* plaintiffs have different legal theories and motives in questioning the PBMs" does not persuade. (Dkt. No. 496 at 6.)

Indeed, at the conference, plaintiffs' counsel appeared to concede that counsel for the *Sheet Metal* plaintiffs, who are members of a national well-respected plaintiffs firm, conducted a meaningful cross-examination of another PBM but for whatever reason "limited their cross examination [of Zavalishin] to a handful of questions that are not relevant to Plaintiffs' claims here." (*Id.*) The standard is not whether plaintiffs believe counsel for the *Sheet Metal* plaintiffs could have more effectively cross-examined the Mr. Zavalishin. Rather, the relevant question is whether the *Sheet Metal* plaintiffs "had an opportunity and similar motive to develop the testimony" in their case. The Court finds that they did and thereby concludes that Mr. Zavalishin's deposition testimony in the *Sheet Metal* case qualifies as a hearsay exception under FRE 804(b)(1). Accordingly, plaintiffs' motion to exclude this testimony is **DENIED**.

3

3. **DISPUTED DISCOVERY RESPONSE DESIGNATIONS**

The Court's Standing Order re: Pretrial Instructions in Civil Case explicitly advises parties that it "will not resolve more than six pages of disputed excerpts." The Order does not distinguish between "excerpts from depositions, from interrogatory answers, or from responses to requests for admission." Although the parties already submitted six pages of deposition designation objections on which the Court ruled, it has disregarded the Court's Standing Order by filing additional objections (this time, for discovery responses) for the Court to resolve.

Notwithstanding, the Court has reviewed the second set of disputes and makes the following rulings. The Court **OVERRULES** defendant's objections to its responses to requests for admissions on the grounds of vagueness. Defendant clarifies the ambiguity in its responses. However, to the extent used, the rule of completeness requires that the entire response to any request be used.

The Court **SUSTAINS** defendant's objections to its responses to requests for admissions to the extent that they imply that defendant has a duty to disclose. The Court has already ruled that "as no affirmative duty to disclose exists, plaintiffs are prohibited from suggesting otherwise." (Pretrial Order No. 1 at 9.) That said, the Court will evaluate the use of the evidence at the time of proffer.

The Court **SUSTAINS** defendant's hearsay objections to plaintiff Steven Sullivan's use of his own interrogatory responses as affirmative evidence. *See Avila v. Willits Envtl. Remediation Trust*, No. 99-CV-3941 (SI), 2008 WL 360858, at *19 (N.D. Cal. Feb. 6, 2008) ("To the extent plaintiffs have submitted these interrogatory responses for the truth of the matter asserted, the Court finds that the responses are hearsay."); *Polymer Plastics Corp. v. Hartford Casualty Ins. Co.*, No. 05-CV-143 (ECR), 2007 WL 9677059, at *4 (D. Nev. Aug. 27, 2007) ("To the extent that Polymer seeks to rely on the interrogatories as evidence of the truth of the matter asserted therein, the interrogatories are inadmissible hearsay. *See* Fed. R. Ev. 801. Hartford has not waived its objection to the admission of Polymer's interrogatory answers for the truth of the matter asserted therein.").

//

4. **TRIAL EXHIBITS**

The Court heard arguments concerning representative samples of exhibits submitted by the parties for discussion. Plaintiffs submitted documents regarding Caremark, ScriptSave, and state Medicaid. CVS submitted documents regarding the Texas investigation and litigation, Dr. Hay's 1st percentile opinion, and pre-HSP launch brainstorming/development. With respect to Dr. Hay's 1st percentile opinion, the analysis of which plaintiffs seek to use in establishing liability, the Court finds that such use would be highly prejudicial and, therefore, Dr. Hay's analysis in this regard shall be excluded. For all other categories of documents discussed at the conference, the Court will consider the exhibits on a case-by-case basis.

5. **JURY INSTRUCTIONS**

As discussed at the conference, the parties shall have until next week, that is, no later than **Thursday, June 10, 2021**, to submit a revised set of proposed jury instructions. As part of the revisions, the parties shall provide the Court with the pattern jury instructions for each state's consumer protection state without annotation by the parties.

6. **JURY SELECTION**

The Court received the parties' recommendations and stipulations to excuse potential jurors based on their responses to interrogatories. Having considered the parties' recommendations, and based on the Court's own evaluation, the Court excused jurors numbered 5, 8, 10, 11, 16, 17, 23, 32, 34, 37, 38, 45, 51, 54, 59, and 60. In addition, the Court is awaiting further information from juror numbered 6 to verify the hardship request.

Due to the COVID-19 protocols the Court has in place, jury selection will be conducted in waves of 20 prospective jurors. The Court previously ordered that each side will be afforded four peremptory challenges. (Pretrial Order No. 3.) Time permitting, challenges for cause must be made immediately after each wave. Once the Court is comfortable with the prospective pool, peremptory challenges and any additional hardship decision will be conducted outside the presence of the jury.

During *voir dire*, counsel will be allowed to use the bathrooms in the jury room so that they do not share the facilities with the jurors. Counsel may not linger in the jury room or use any

exit door other than the one leading to the courtroom.

**IT IS SO ORDERED.**

**This terminates Docket Number 541.**

Dated: June 3, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**