UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CORCORAN, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | CASE NO. 15-cv-03504-YGR<br><br>PRETRIAL ORDER NO. 7 RE: OBJECTIONS TO OPENING DEMONSTRATIVES |

TO ALL PARTIES AND COUNSEL OF RECORD:

Having considered the parties' objections to demonstratives intended to be used during opening statements, the Court makes the following rulings:

| PLAINTIFFS' OBJECTIONS[i] | RULING |
|---|---|
| Slide 16 | Overruled; evidence of the contracts is relevant as to the jury's evaluation of the defendant's conduct. |
| Slide 17 | Overruled; evidence of the contracts is relevant as to the jury's evaluation of the defendant's conduct. |
| Slide 18 | Overruled; evidence of the contracts is relevant as to the jury's evaluation of the defendant's conduct. |

| CVS'S OBJECTIONS[ii] | RULING |
|---|---|
| Slide 1 | Sustained. |
| Slide 5 | Sustained in part. If there is no evidence of "spread pricing," the reference shall be deleted. Plaintiffs may introduce evidence of the credibility of the PBMs whether or not they are parties. |
| Slide 11 | Overruled if the deposition testimony is designated regardless of whether it will be played in plaintiff's case-in-chief. If not designated, sustained. |
| Slide 26 | Overruled. The Court assumes the expert will testify to the numbers and, if so, the expert can lay the foundation for a table which can be marked and admitted. If such testimony is not anticipated, then sustained. |

| | |
|---|---|
| Slide 27 | Overruled. The Court assumes the expert will testify to the numbers and, if so, the expert can lay the foundation for a table which can be marked and admitted. If such testimony is not anticipated, then sustained. |
| Slide 28 | Overruled. The Court assumes the expert will testify to the numbers and, if so, the expert can lay the foundation for a table which can be marked and admitted. If such testimony is not anticipated, then sustained. |
| Slide 29 | Overruled. The Court assumes the expert will testify to the numbers and, if so, the expert can lay the foundation for a table which can be marked and admitted. If such testimony is not anticipated, then sustained. |
| Slide 30 | Sustained as to the "Admitted" stamp which is argument. |
| Slide 31 | Sustained as to the "Admitted" stamp which is argument. Otherwise, overruled. |
| Slide 32 | Overruled. The figure relates to impact primarily. |
| Slide 47 | Sustained. This is argument, not a presentation of anticipated evidence. |
| Slide 49 | Sustained. This is argument, not a presentation of anticipated evidence. |
| Slide 53 | Sustained. This is argument, not a presentation of anticipated evidence. |
| Slide 54 | Overruled. |
| Slide 60 | Sustained. Plaintiff can identify anticipated testimony but not transcript testimony which is not designated. |
| Slide 61 | Sustained. Plaintiff can identify anticipated testimony but not transcript testimony which is not designated. |
| Slide 62 | Sustained. Plaintiff can identify anticipated testimony but not transcript testimony which is not designated. |

**IT IS SO ORDERED.**

Dated: June 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[i] Plaintiffs submit the following:

The parties exchanged opening slides today, and Plaintiffs have one overarching objection to three of CVS's slides (attached). The slides excerpt certain third party beneficiary disclaimers from the CVS-PBM contracts. As the Court acknowledged at the hearing yesterday (June 2, 2021), being a

2

third party beneficiary is not a condition precedent for Plaintiffs' consumer protection claims, and thus, under Fed. R. Evid. 403, it is confusing and prejudicial to include them and the titles that "Plaintiffs Are Not Third-Party Beneficiaries" in CVS's opening slides.

Email to Chambers dated June 3, 2021, from Plaintiffs' Counsel.

[ii] CVS submits the following:

CVS has the following objections to Plaintiffs' opening demonstratives. Plaintiffs have not agreed to fix the issues giving rise to these objections.

Slide 1 – The reference to CVS's alleged revenues violates the Court's rule bifurcating to Phase II evidence concerning punitive damages. In addition, the 10-K SEC filing cited as the source of the revenue number is not CVS Pharmacy, Inc.'s 10-K (the defendant), but the 10-K of a non-party (CVS Health Corporation). Further, the $111,748,410,000 figure is not one we see in the CVS Health Corporation 10-K.

Slide 5 – The reference to spread pricing is inappropriate. It is inappropriate in light of the Court's rule on CVS MIL #3 prohibiting references or allusions to conspiracy, as well as unfairly prejudicial. The defendant in this case is CVS, not a PBM. Moreover, Plaintiffs do not have evidence that the PBMs decision-making was influenced by spread pricing.

Slides 11, 60, 61, 62 – Quoting these depositions is not appropriate. Plaintiffs are not calling Tom Gibbons at trial. And Plaintiffs are not playing deposition testimony from Beth Wingate or Sue Colbert, who are testifying live. The depositions are also hearsay.

Slide 26, 27, 28, and 29 – The tables excerpted from expert reports are hearsay. They cannot be shown to the jury.

Slides 30 & 31 – Your titles to those slides misrepresent the statements CVS made in its answers. In addition, your "Admitted" stamp is incomplete, as it omits CVS's answer. We admitted some propositions and deny another proposition.

Slide 32 – This slide violates the prohibition on punitive damages-related evidence being admissible only in Phase II.

Slides 47 & 49 – The slides violate CVS MIL #3 prohibiting references or allusions to a CVS-PBM conspiracy. It does so by displaying a hand shake. There is also no record support that the PBMs' decision-making was motived by financial interests.

Slide 53 – The language "Never To Pay More" has no evidentiary foundation. It should be removed.

Slide 54 – The slide is an inaccurate and incomplete representation of the consumer protection laws applicable in this case. It fails to acknowledge the differences in the various states' laws, among other things.

Email to Chambers dated June 3, 2021, from CVS's Counsel. In addition, CVS adds:

CVS also objects to Slide 31 as violating CVS MIL #5, which prohibits suggesting CVS had a duty to disclose.

Follow-up Email to Chambers dated June 3, 2021, from CVS's Counsel.